UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> L. MICHAEL CLARK, *et al.*, <br><br> Defendants. <br> _____/ | No. C-13-0228 EMC <br><br> **ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER; AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> (Docket No. 26) |

Currently pending before the Court is Plaintiffs' ex parte motion for a temporary restraining order. Plaintiffs' main request for relief is a request that this Court enjoin enforcement of state court orders denying Roda Hiramanek the ability to make appearances by telephone. Plaintiffs' request for relief is hereby **DENIED**.

As a preliminary matter, the Court notes that only Ms. Hiramanek – and not her son Adil Hiramanek – has standing to seek the relief requested. To the extent Ms. Hiramanek seeks relief, the request is denied for several reasons.

First, Ms. Hiramanek is asking this Court to take action with respect to ongoing state court proceedings (a family law case and a civil case). *Younger* abstention is thus implicated. Under the *Younger* abstention doctrine, a federal court may not interfere with a pending state civil proceeding where the state civil proceeding is (1) ongoing, (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal questions. *See Potrero Hills Landfill, Inc. v.*

1 *County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011). Each of these factors has been meet. The state civil proceedings are clearly ongoing; important state interests are implicated because Ms. Hiramanek is essentially asking this Court to interfere with the state court's management of its cases, *see id.* at 883 (noting that "[t]he key to determining whether comity concerns are implicated in an ongoing state proceeding – and thus whether the second *Younger* requirement is met – is to ask whether federal court adjudication would interfere with the state's ability to carry out its basic executive, judicial, or legislative functions"); and there is nothing to suggest that Ms. Hiramanek cannot raise federal questions such as those related to the ADA before the state court. Indeed, the evidence submitted by Ms. Hiramanek indicates that requests for accommodations may be made by persons with disabilities.

Second, even if *Younger* abstention was not a bar, Ms. Hiramanek's request for relief is problematic on the merits. For example, for the state civil case, a letter from the state court's ADA coordinator, dated May 8, 2013, specifically notes that Ms. Hiramanek is allowed to make telephonic appearances for many pretrial proceedings, including case management and status conferences and hearings on law and motion (except motions in limine). *See* Mot., Ex. L. It is not clear that Ms. Hiramanek is likely to suffer irreparable injury absent an injunction from this Court. *See Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (stating that "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest'").

Furthermore, for the state family law case, it is not clear that Ms. Hiramanek ever explained to the state court the specific change in circumstances regarding her medical condition. *Compare* Mot. at 11 n.5 (asserting that Ms. Hiramanek "suffered a major medical set back . . . causing her to be completely dependent on externally assisted pressurized oxygen via a heavy concentrator unit"), *with* Mot., Ex. F ████████████████████████████████████
████████████████████████████████████
████████████████

Finally, the Court notes that Ms. Hiramanek's delay in seeking relief from this Court also weighs against her request for relief. *See Oakland Trib., Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (stating that "[p]laintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (stating that "[a] delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"). Here, Ms. Hiramanek admits that she had knowledge of the state court's order (in the family law case) on May 2, 2013, but she did not seek any relief from this Court until more than three weeks later (on May 27, 2013) – this in spite of the fact that she knew back in early April that there was a family law hearing scheduled for May 29, 2013.[1]

To the extent Ms. Hiramanek seeks additional relief, she runs into the same *Younger* abstention problem. Moreover, on the merits her arguments are not persuasive. For example, to the extent Ms. Hiramanek asks this Court to order the state court to allow Mr. Hiramanek to keep his phone on silent mode when he is in the courtroom and away from her, there is no evidence to support her claim that she "is not familiar with, or able to contact anyone else, in case of a medical emergency." Mot. at 15. To the extent Ms. Hiramanek challenges the state court's denial of her request for Mr. Hiramanek to explain to her legal repercussions and argue for her in court (in the civil case), *see* Mot. at 16 & Ex. K, the Court sees no error with the state court's ruling because, as the state court noted, he is not a licensed attorney and cannot act as an attorney on her behalf. Ms. Hiramanek's citation to 28 C.F.R. § 35.160 is unavailing. That regulation says nothing about the appointment of a companion for a person with disabilities. *See, e.g.*, 28 C.F.R. § 35.160(b)(1) (simply providing that "[a] public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity"). Finally, to the extent Ms. Hiramanek challenges the state

---

[1] The Court notes that the only "urgency" claimed by Ms. Hiramanek is with respect to the family law case, which has a hearing scheduled for May 29, 2013. There does not appear to be any urgency at all with respect to the civil case. Thus, for the civil case at least, there is another basis for dismissal for lack of urgency.

3

court's denial of her request to allow Mr. Hiramanek to interpret for her (in the civil case), see Mot. at 16 & Ex. K, the state court did not actually foreclose the possibility that Mr. Hiramanek could serve as an interpreter. See Mot., Ex. K (although stating that the request was denied as an ADA accommodation, "you may discuss with Judge Overton your request for your son to interpret for you[;] [s]he will determine whether interpretation would be helpful and whether your son is the appropriate person to provide interpretation services").[2]

Accordingly, Ms. Hiramanek's motion for temporary injunctive relief is denied.

As for Ms. Hiramanek's request to file under seal, it is **GRANTED** in part and **DENIED** in part. Exhibits E and F may be filed under seal. All other exhibits cited in the request to file under seal shall be publicly filed as they do not disclose any specific medical information. The Court notes for Ms. Hiramanek, however, that this ruling does not mean that all of her medical information will necessarily be subject to filing under seal given that she has brought a claim for disability discrimination before this Court.

This order disposes of Docket No. 8.

IT IS SO ORDERED.

Dated: May 28, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[2] In the family law case, the state court stated that Mr. Hiramanek "may act as a support person and for language assistance if necessary." Mot., Ex. G.

4