UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIL HIRAMANEK, *et al.*,

    Plaintiffs,

v.

L. MICHAEL CLARK, *et al.*,

    Defendants.
_____/

No. C-13-0228 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**

**(Docket No. 40)**

    Plaintiff Roda Hiramanek, proceeding pro se, has filed an ex parte motion for an "immediate temporary Preliminary Injunction" or a temporary restraining order against Defendant the Superior Court of California (County of Santa Clara). Having reviewed the papers filed, and all other evidence of record, the Court hereby **DENIES** the request for relief.[1]

## I. DISCUSSION

A. Notice

    As a preliminary matter, the Court notes that it is troubled by Ms. Hiramanek's decision to pursue relief on an ex parte basis.[2] Ms. Hiramanek has not provided any reason as to why it was

---

[1] The Court notes that its order of September 3, 2013, precluded Ms. Hiramanek from filing any motion until after the Superior Court and Judge Clark have made an appearance in this case and the case management conference is held on November 21, 2013. *See* Docket No. 39 (Order at 12). Although Ms. Hiramanek has violated the Court's order by filing the pending motion, the Court shall not reject the motion on that basis – although it could, particularly given the lack of substantive merit to the motion.

[2] Several days after she filed her motion, Ms. Hiramanek filed a certificate of service in which her son claims that he delivered a copy of the motion to the Superior Court. *See* Docket No. 42 (certificate of service). The motion, however, was simply directed "Superior Court of California,

necessary for her to proceed on such a basis. Nor can the Court divine of any such reason. Accordingly, the Court would well be within its right to deny Ms. Hiramanek's motion on the basis that ex parte relief is not justified.

B. <u>Delay</u>

Aside from the notice problem, Ms. Hiramanek's request for relief is problematic because she delayed in seeking relief. *See Oakland Trib., Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (stating that "[p]laintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (stating that "[a] delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"). Here, the allegedly wrongful conduct identified by Ms. Hiramanek took place at a state court hearing on August 16, 2013. *See* Docket No. 40 (Hiramanek Decl., Ex. D). However, she did not seek any relief from this Court until almost a month later.

Ms. Hiramanek argues that she did not delay because she filed the motion with this Court within two court days of her receiving a transcript of the August 16 hearing. *See* Mot. at 2. But that argument is unconvincing because she has failed to demonstrate that it was not possible for her to seek relief from this Court without having a copy of the transcript. Notably, all that the transcript reflects is that Ms. Hiramanek argued to the state court that she did not appear in person because she is disabled. Ms. Hiramanek could easily have submitted that evidence to the Court through her own declaration.

C. <u>Merits of Request for Relief</u>

Ms. Hiramanek's motion for relief is also flawed on the merits.[3]

---

Court Services." Mr. Hiramanek also claims that he e-mailed a copy of the motion to the Superior Court at "sscivilinfo@scscourt.org." This does not appear to constitute valid service and thus the motion is still considered ex parte.

[3] For purposes of this opinion, the Court assumes that *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), is not applicable. Previously, Ms. Hiramanek sought similar preliminary injunctive relief, but the Court denied the relief based on *Younger* abstention (among other independent grounds). *See* Docket No. 29 (Order at 1-2). Here, Ms. Hiramanek is essentially asking the Court to reconsider its *Younger* abstention ruling.

First, contrary to what she suggests, what she is seeking is really a mandatory injunction and not a prohibitory one because, essentially, what she seeks from this Court is an order instructing the state court to allow her to make telephonic appearances.[4]

Second, she has failed to show a likelihood of success on the merits or even serious questions going to the merits. *See Conservation Cong. v. United States Forest Serv.*, 720 F.3d 1048, — (9th Cir. 2013) (stating that "[a] preliminary injunction is an 'extraordinary remedy' that requires the movant to show [*inter alia*] it is likely to succeed on the merits"). Although Ms. Hiramanek claims that Judge Manoukian of the Superior Court discriminated against her on the basis of her disability, there is no real evidence to support that claim.

For example, there is no evidence that, prior to the August 16 hearing, Ms. Hiramanek asked Judge Manoukian permission to appear telephonically at the hearing because of her disability.[5] While Ms. Hiramanek did bring up her disability with Judge Manoukian on the actual day of the hearing, at that late point in time, it was not unfair or unreasonable for Judge Manoukian to cut her off. Ms. Hiramanek could have raised the issue of her disability with Judge Manoukian earlier, but she did not.[6]

---

The Court assumes that *Younger* abstention is not a bar for purposes of this motion because Ms. Hiramanek has raised at least one argument that may have some merit – *i.e.*, that the second *Younger* factor (*i.e.*, that the state court proceeding implicates important state interests) cannot be met here. *See Portrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 886 (9th Cir. 2011) (stating that, "[t]o establish a vital interest in the state's judicial functions, an abstention proponent must assert more than a state's generic interest in the resolution of an individual case or in the enforcement of a single state court judgment"; "[r]ather, the interest at stake must go to the core of the administration of a State's judicial system, and its importance must be measured by considering its significance broadly") (internal quotation marks omitted).

[4] In her proposed order, Ms. Hiramanek has tried to draft an injunction that is prohibitory in nature but that attempt falls flat for the reason discussed above. Moreover, Ms. Hiramanek's proposed injunction is problematic because it is, in effect, an obey-the-law injunction. Such injunctions are generally disfavored. *See EEOC v. Autozone, Inc.*, No. 12-1017, 707 F.3d 824, 2013 U.S. App. LEXIS 3311, at *38-39 (7th Cir. Feb. 15, 2013).

[5] For purposes of this opinion, the Court assumes that Ms. Hiramanek is disabled. Ms. Hiramanek has submitted at least some evidence to support her claim of disability. *See* Docket No. 28-2 (sealed document).

[6] Even though, in the past, Ms. Hiramanek's request for a telephonic appearance as an accommodation had been denied, *see, e.g.*, Hiramanek Decl., Ex. C (response to request for accommodation, dated February 15, 2013) (stating "you failed to provide sufficient information as to why you are not able to appear in person" but noting that "parties are allowed to appear by phone for

To the extent Ms. Hiramanek argues that she had brought up the issue of her disability with Judge Manoukian previously, that is not clear from the record. The exhibit she submits reflects that the request for an accommodation was made to a different judge (Carol Overton). *See* Hiramanek Decl., Ex. H (request for accommodation). Furthermore, that was a request for an accommodation made months earlier (in June 2013) and in conjunction with a completely different event (*i.e.*, a deposition and not a court hearing). Finally, even if the request was given to Judge Manoukian, Ms. Hiramanek states in her declaration that Judge Manoukian referred the request to another person in the Superior Court, *see* Hiramanek Decl., Ex. E (Hiramanek Decl. ¶ 2), which suggests that (1) he did not look into any evidence supporting her claim of disability and that (2) he was therefore unaware of the nature of her disability when Ms. Hiramanek referenced it at the August 16 hearing.

As for Ms. Hiramanek's point that, under the California Rules of Court, a party may make a telephonic appearance for certain kinds of hearings, including discovery hearings, regardless of whether the party is disabled, that is true. *See generally* Cal. R. of Court 3.670. However, a specific procedure must be followed in order to make a telephonic appearance, and Ms. Hiramanek has not made an adequate showing that she followed that process. For example, there is no evidence that Ms. Hiramanek gave notice to Judge Manoukian that she would be appearing telephonically for the August 16 hearing. *See* Cal. R. of Court 3.670(g) (providing that a party choosing to appear by telephone must either place the phrase "Telephone Appearance" below the title of the moving, opposing, or reply papers or, at least three days before the appearance, notify the court and all other parties of the intent to appear by telephone, either orally or in writing); Hiramanek Decl., Ex. E (Hiramanek Decl. ¶ 3) (simply stating that she "scheduled a Court-Call appearance for Aug. 16, 2013 hearing"). And even if Ms. Hiramanek did give proper notice, that fact did not preclude Judge Manoukian from requiring her personal appearance, *see* Cal. R. of Court 3.670(e)(2), which he did, *i.e.*, through the tentative order, stating that "Plaintiff Roda Hiramanek is to appear." Hiramanek Decl., Ex. A (tentative order).

---

[certain] proceedings . . . as a regular court process"), that does not mean that a request would necessarily be denied in the future, particularly if there were new facts in support.

To the extent Ms. Hiramanek suggests that she was not given sufficient notice of the personal appearance requirement, the record is inconclusive. Although Ms. Hiramanek claims at one point in her papers that the tentative was issued only "a few hours before the hearing time," Hiramanek Decl., Ex. E (Hiramanek Decl. ¶ 5), she states at another point that the tentative came out the day before. *See* Hiramanek Decl., Ex. E (Decl. ¶ 8). The latter is consistent with the state court's order, which states that the tentative was posted on the afternoon of August 15. *See* Hiramanek Decl., Ex. G (Order at 1). Because the hearing was not until the following morning, Ms. Hiramanek did have time to contact the Superior Court to ask for relief from the personal appearance requirement prior to the hearing. *Cf.* Cal. R. of Court 3.670(h) (indicating that one day's notice can be reasonable in certain circumstances). And in any event, the provision in the California Rules of Court that a party be given reasonable notice of a personal appearance requirement applies only where a party has followed the notice procedure as specified in California Rule of Court 3.670(g), *see* Cal. R. of Court 3.670(h) (stating that, "[a]fter a party has requested a telephone appearance under (g), if the court requires the personal appearance of the party, the court must give reasonable notice"), and, as noted above, Ms. Hiramanek has failed to provide sufficient evidence that she complied with that procedure.

Third, even if Judge Manoukian had discriminated against Ms. Hiramanek on the basis of her disability, that does not mean that she automatically has standing to pursue injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (stating that "'[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects'"). There must be a "real and immediate" threat of repeat conduct by Judge Manoukian or the Superior Court. *Id.* at 105. Here, Ms. Hiramanek has failed to make such a showing. The mere fact that she is scheduled to appear before Judge Manoukian again in the future, *see* Hiramanek Decl. ¶ 13, is not enough. It is not clear, for example, whether Judge Manoukian will in fact require Ms. Hiramanek to appear personally again if she requests a telephonic appearance pursuant to California Rule of Court 3.670. And it is not clear that the relief that she seeks would necessarily be denied if, *e.g.*, she asks for a telephonic appearance as an accommodation based on her disability which is supported by competent evidence.

## II. <u>CONCLUSION</u>

For each of the foregoing reasons, Ms. Hiramanek's request for relief is denied.

The Court reiterates its prior ruling that both Plaintiffs are barred from filing any motion until after the Superior Court and Judge Clark have made an appearance in this case and the case management conference is held on November 21, 2013. *See* Docket No. 39 (Order at 12).

This order disposes of Docket No. 40.

IT IS SO ORDERED.

Dated: September 13, 2013

_____
EDWARD M. CHEN
United States District Judge