UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>L. MICHAEL CLARK, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-0228 EMC<br><br>**ORDER RE PLAINTIFFS' MOTION FOR CLARIFICATION** |

The Court has received an e-mail (see attached) from Plaintiff Adil Hiramanek which it construes as a motion for clarification.

Previously, the Court ordered the U.S. Marshal to serve the amended complaint filed by Mr. Hiramanek and his mother, Roda Hiramanek, on the Superior Court and Judge Clark. The Court also instructed Plaintiffs not to file any motion, including a motion for leave to file a second amended complaint, until after the Superior Court and Judge Clark made an appearance in the case and the case management conference was held on November 21, 2013. *See* Docket No. 39 (Order at 12). The case management conference has now been rescheduled for December 12, 2013. *See* Docket No. 52 (clerk's notice). Mr. Hiramanek now seeks clarification as to whether he is barred from filing a motion for leave to file a second amended complaint now that the Superior Court and Judge Clark have filed a motion to dismiss.

The Court hereby clarifies that both Mr. Hiramanek and Ms. Hiramanek are barred from filing a motion for leave to file a second amended complaint until after the case management conference is held on December 12, 2013. To the extent Mr. Hiramanek suggests he is allowed to

amend his complaint because the Superior Court and Judge Clark have filed a motion to dismiss, the Court does not agree. Federal Rule of Civil Procedure 15 allows for a *single* amendment as a matter of course. Plaintiffs have effectively been given that amendment when the Court dismissed the original complaint filed by Plaintiffs and allowed them to file an amended complaint.

To the extent Mr. Hiramanek contends that the Court's order barring him and his mother from filing a motion for leave to amend prejudices him or his mother,[1] he has not made out a sufficient showing of prejudice. Mr. Hiramanek suggests that, if Plaintiffs cannot amend, then their new claim or claims will be barred by the statute of limitations, but he points to no specific claims that Plaintiffs wish to add and that may be time barred unless the Court lifts the bar against them.

Accordingly, the Court reaffirms its prior ruling. The Court also notes that, at the hearing on the Superior Court and Judge Clark's motion to dismiss (which is also set for December 12, 2013), Plaintiffs are free to make any argument as why they should be given leave to amend, should the Court be inclined to grant the motion to dismiss.

IT IS SO ORDERED.

Dated: November 13, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] Technically, Mr. Hiramanek does not have standing to make any argument on behalf of Ms. Hiramanek, his mother. Furthermore, Mr. Hiramanek is not an attorney and therefore cannot make arguments on her behalf in a representative capacity.

2