United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIL HIRAMANEK, *et al.*,

Plaintiffs,

v.

L. MICHAEL CLARK, *et al.*,

Defendants.
___________________________________/

No. C-13-0228 EMC

**ORDER GRANTING PLAINTIFFS LEAVE TO FILE A MOTION TO AMEND**

The Court held a further case management conference on January 23, 2014. During that conference, the Court indicated that it needed to review the procedural history in the case to determine how best to proceed. Having reviewed the record, the Court hereby gives Plaintiffs leave to file a motion to amend their complaint.

The Court further instructs or advises Plaintiffs as follows:

(1) Plaintiffs should attach to their motion to amend a copy of their proposed amended complaint. The proposed amended complaint should contain only "a *short and plain* statement of the claim showing that [Plaintiffs are] entitled to relief."[1] Fed. R. Civ. P. 8(a)(2)

---

[1] Of course, this does not mean that Plaintiffs should allege facts in a conclusory fashion. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint need not contain *detailed* factual allegations [but] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (emphasis added); *see also Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (stating that "[p]lausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action'").

United States District Court
For the Northern District of California

(emphasis added). Plaintiffs' prior pleadings – more than 60 and 50 pages respectively – were not appropriate given the relative lack of complexity in this case.

(2) Plaintiffs should not include any claim in the proposed amended complaint that the Court has already dismissed with prejudice. The amended complaint shall only include those claims for which this Court has denied a motion to dismiss plus those which are new (which the Court has not addressed). Further, Plaintiffs should not include any claim in the proposed amended complaint if it is not viable based on the Court's analysis in its prior orders (*e.g.*, suing Ms. Ku in her individual capacity for a Title II ADA violation). *See* Docket No. 75 (Order at 2 n.4).

(3) Because Plaintiffs continue to assert IFP status, the Court will conduct a review pursuant to 28 U.S.C. § 1915 prior to ordering service and any response to the proposed amended complaint.

The case management conference set for February 6, 2014, at 9:30 a.m., is hereby rescheduled for March 6, 2014, at 9:30 a.m. The parties shall file a joint case management conference statement shall be filed by February 27, 2014.

IT IS SO ORDERED.

Dated: January 28, 2014

EDWARD M. CHEN
United States District Judge