UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIL HIRAMANEK, *et al.*,

        Plaintiffs,

    v.

L. MICHAEL CLARK, *et al.*,

        Defendants.

_____/

No. C-13-0228 EMC

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

**(Docket No. 79)**

    Plaintiffs have moved for leave to file a motion for reconsideration. Having considered Plaintiffs' brief, as well as all other evidence of record, the Court hereby **DENIES** the motion.

    Plaintiffs have failed to meet the standard set out in Civil Local Rule 7-9(b). *See, e.g.*, Civ. L.R. 7-9(b)(3) (providing that a party seeking leave to file a motion to reconsider must show, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

    Moreover, on the merits, Plaintiffs' position lacks merit. For example:

- Plaintiffs contend that the Court erred in dismissing Ms. Hiramanek's California Civil Code § 51 claim because they have evidence that she did comply with the California Tort Claims Act ("CTCA") by filing a written claim for damages on a form supplied by the Superior Court. *See* Docket No. 71-1 (RJN, Ex. B) (completed form). However, Plaintiffs never alleged such in their operative complaint; moreover, in their opposition to Defendants' motion to dismiss and at the hearing on the motion to dismiss, they never asserted that Ms. Hiramanek filed a written claim for damages on a form supplied by the Superior Court. The first time that Plaintiffs brought up the form was in a post-hearing supplemental brief. *See*

Docket No. 71 (Pls.' Supp. Br. at 6).  But Plaintiffs were not permitted to provide a post-hearing supplemental brief on the issue of Ms. Hiramanek's compliance with the California Tort Claims Act.  *See* Docket No. 75 (Order at 2) ("strik[ing] all pages of Plaintiffs' supplemental brief except for those pages related to the ADA issue *(related to Ms. Ku)* for which the Court requested supplemental briefing").

- Plaintiffs argue that the Court erred in holding that, where an individual has judicial or quasi-judicial immunity, that immunity should extend to the Superior Court – at least immunity from damages, but not for prospective injunctive relief.  *See* Docket No. 75 (Order at 10). But contrary to what Plaintiffs suggest, *Tennessee v. Lane*, 541 U.S. 509 (2004), did not address this issue, addressing instead the issue of whether Title II of the ADA (which abrogated state sovereign immunity) was a valid exercise of Congress's enforcement power under § 5 of the Fourteenth Amendment.  *Lane* did not foreclose the possibility that the state could invoke the benefit of other immunities, including immunities typically claimed by persons in their individual capacities.  Similarly, *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2011), did not address the precise issue herein.

- To the extent Plaintiffs argue that this Court implicitly ruled that Ms. Ku cannot be held individually liable under § 1983, the Court made no such ruling, explicitly or implicitly. Indeed, the Court's order specifically noted that the only claims that Ms. Hiramanek was asserting were claims pursuant to the ADA and § 51.  *See* Docket No. 75 (Order at 1 & n.4) (also stating that "Ms. Ku could not be sued in her individual capacity for a violation of Title II").

- As for Plaintiffs' contention that the Court has given preferential treatment to Defendants by, *e.g.*, not foreclosing them from filing a motion to dismiss on the basis that Ms. Hiramanek failed to exhaust remedies or allowing them to make arguments for the first time on reply, that is completely without merit.  Notably, the Court did take into account Plaintiffs' criticism of the *Huminski* case which Defendants cited in their reply.  *See* Docket No. 75 (Order at 18) (stating that, "[a]lthough the Court has stricken Plaintiffs' objection, it has taken into account their criticism of *Huminski*").

- Contrary to what Plaintiffs assert, the Court never made a dispositive ruling in its September 3, 2013, order that it was a question of fact whether Judge Clark would have judicial immunity for his actions. The Court simply said that "*arguably*" the issue was a question of fact such that Plaintiffs could withstand § 1915 review. Docket No. 39 (Order at 5) (emphasis added). The Court specifically stated that its ruling would not preclude Judge Clark from moving to dismiss on judicial immunity grounds. *See* Docket No. 39 (Order at 9). Furthermore, although Plaintiffs claimed in their opposition brief that Judge Clark's actions were not related to any case pending before him, *see, e.g.*, Docket No. 55 (Opp'n at 17, 21), that claim was made in conclusory terms only without any substantiating factual allegations.

- Finally, Plaintiffs suggest that they have been deprived of the opportunity to amend – *i.e.*, to cure deficiencies in their pleadings. However, the Court has assessed the record and does not find this argument meritorious. For example, after the Court's § 1915 review of Plaintiffs' original complaint, it did dismiss certain claims with prejudice but only because of futility (*e.g.*, judicial immunity, *Rooker-Feldman*, no private right of action). Moreover, Plaintiffs subsequently asked the Court to reconsider its ruling, which the Court did on the merits. *See* Docket No. 36 (order).

Accordingly, Plaintiffs' motion for leave to file a motion to reconsider is denied. This order disposes of Docket No. 79.

IT IS SO ORDERED.

Dated: February 27, 2014

_____
EDWARD M. CHEN
United States District Judge