UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>        Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>        Defendants. | Case No. 13-00228<br><br>**ORDER GRANTING IN PART MOTION TO AMEND**<br><br>[Re Docket No. 83] |

Plaintiffs Roda and Adil Hiramanek—mother and son, respectively—have filed suit against multiple defendants, including the Santa Clara Superior Court, its judges, and other court employees, asserting that their civil rights were violated. In proceedings before Judge Edward M. Chen, plaintiffs were granted in forma pauperis status, and their complaint was subjected to 28 U.S.C. § 1915(e) review. Dkt. No. 19. After several amendments and reviews, Judge Chen granted plaintiff's leave to file an amended complaint and instructed plaintiffs to file a **short and plain statement** of their claims, emphasizing that plaintiff's prior pleadings were more than 60 pages in length which was "not appropriate given the relative lack of complexity in this case." Dkt. No. 78. In response, plaintiff filed a complaint extending over 250 pages with over 25 claims, including

numerous claims that are clearly barred by the court's prior Orders on § 1915(e) review. *See* Dkt. Nos. 19, 36, 39, and 75.

The court could dismiss this action because plaintiffs have failed to comply with Judge Chen's order to file a "short and plain" statement of their claims, however in an effort to move this case forward, the court reviews plaintiff's "Revised Second Amended Complaint," ("RSAC") Dkt. No. 94-1. The RSAC includes numbered claims 2, 10, 17, and 19-48. Plaintiffs removed numbered claims 1, 3-9, 11-16 and 18 because those claims were previously struck by Judge Chen.

The court strikes various claims as detailed below, and subjects the remaining claim to 28 U.S.C. § 1915(e) review.

### A. Section 1915(e)(2) Review

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "[W]hen a plaintiff seeks in forma pauperis status to pursue a complaint containing both [e.g.] a non-frivolous claim as well as a frivolous claim (within the meaning of § 1915[(e)(2)]), . . . [a] court may dismiss that part of the claim that it finds frivolous and allow the plaintiff to proceed to litigation in forma pauperis on the meritorious part of the claim." *House v. Belford*, 956 F.2d 711, 719 (7th Cir. 1992).

### B. Claims struck from the Revised Second Amended Complaint

#### 1. Claims that are duplicative of claims previously dismissed

Judge Chen previously dismissed the Hiramanek's § 1983 and related claims against all state court judges and state court employees. Dkt. No. 19 at 3-4; Dkt. No. 75 at 21. The RSAC includes numerous § 1983 claims against judges and other defendants affiliated with the Santa Clara Superior Court. Specifically:

- Claim 10: Unreasonable Searches And Seizures/Unlawful Detention and Use of Excessive Force and Abusive Treatment against County
- Claim 17: Unlawful Interrogation without Advice of Rights; Right to Counsel; Entrapment against County
- Claim 19: Obstruction and Perverting The Course of Justice, against Judge Clark, and other court personnel.

- Claim 20: Failure to Perform Administrative Ministerial Duties, against the state courts and court employees.
- Claim 21: Violation of Civil Rights-Threats, Retaliation, Other Unconstitutional Acts, against state court judges.
- Claim 23: Violation of Civil Rights-Perjury, Obstruction of Justice, against Judge Overton.
- Claim 24: Violation of Civil Rights-Perjury, Obstruction of Justice, against Judges Stoelker and McKenney.
- Claim 28: Violation of Civil Rights- Threats, Retaliation, Deprivation of Property, against Judges Mills, Clark, and Takaichi.
- Claim 29: Violation of Civil Rights-Threats, Retaliation, Conspiracy to deprive, against state court officials involved in Adil's child custody proceedings.
- Claim 30: Conspiracy to Violate Civil Rights, against Judge Clark.
- Claim 32: Violation of Civil Rights-Prosecutorial Acts and Legal Advice, against Judge Clark.
- Claim 34: Violation of Civil Rights-Unconstitutional Child Removal Without Hearing, against judges and court officials related to Adil's child custody proceedings.
- Claim 38: Violation of Civil Rights-Malicious Prosecution and Prosecutorial Interference, against Judge Clark and County.
- Claim 40: Retaliation to Petition/Right To Redress Grievance, against Judges Clark, Arand, Manoukian, McKenney, Overton, Takaichi, and court personnel.
- Claim 41: Violation of Civil Rights, Termination of Parental Rights, against court personnel and persons involved in Adil's child custody proceedings.
- Claim 42: Violation of Civil Rights Due Process and Inadequacy of Post-Deprivation Remedies, against court personnel, State Court and Appellate Court.
- Claim 44: Violation of Civil Rights, Use of Excessive Force While Making Arrest and Cruel and Unusual Punishment against Judges Clark and Arand.
- Claim 48: Free Exercise of Religion, against judges and court employees.

Although these claim may allege new facts or circumstances, they are essentially the same legal claims previously dismissed with prejudice. All claims relate to decisions or actions taken by judges or court employees in connection with ongoing litigation by plaintiffs before the state courts.

As Judge Chen explained in his first § 1915(e) review, Dkt. No. 19, all state court judges and state court employees who are sued for judicial or quasi-judicial acts are immune from suit for money damages. *See Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (in § 1983 case, noting that there is judicial immunity from damages for judicial acts, i.e., functions normally performed by a judge); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (noting that clerk of a district court "performed quasi-judicial functions as to which he was entitled to absolute immunity"). These same individuals also have immunity from injunctive relief pursuant to the express terms of § 1983. See 42 U.S.C. § 1983 (providing that, "in any action brought against a

ORDER
Case No. 13-CV-00228-RMW LM
- 3 -

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). And, the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising jurisdiction over a suit that is a 'de facto appeal from a state court judgment.'" *Khanna v. State Bar of California*, 505 F. Supp. 2d 633, 640-41 (N.D. Cal. 2007).

Similarly, Judge Chen also dismissed plaintiff's RICO claims in his first § 1915(e) review. Dkt. No. 19 at 6-7. Plaintiffs reallege RICO violations in claim 31 of the RSAC.

Accordingly, all claims listed above are struck from the RSAC.

### C. Claims that fail Section 1915(e) review

The court now turns to the claims that are substantively new to the RSAC. The following claims fail § 1915(e) review and are dismissed with prejudice.

- Claim 22: Violation of Civil Rights, Threats, Discrimination, Retaliation against Judges Clark and Takaichi, and Trustee Loftus.

In claim 22 Plaintiff Adil alleges that Judge Takaichi and Trustee Loftus prevented him from joining the board of a public library, at the behest of Judge Clark. Plaintiff has failed to allege a § 1983 or similar claim because he has no protected right to be a member of the library board, and the trustees were not acting under color of state law when Adil was not selected to join the board. Accordingly, this claim is dismissed with prejudice.

- Claim 25: Violation of Civil Rights Threats, Discrimination, Corruption, Nepotism, Unconstitutional State Statute, against defendants associated with the Commission on Judicial Performance

In claim 25 Plaintiffs jointly allege that the individuals related to the California Commission on Judicial Performance ("CJP") ignored their complaints of judicial misconduct. The complaints were similar to those raised in this lawsuit. The CJP responded by letter to the complaints, stating "the Commission on Judicial Performance determined not to take further action with respect to your complaint." *See, e.g.* ¶¶ 425, 428.

The CJP is a state agency. *See Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (affirming dismissal of State of California and Judicial Council of California because given the role

of the Judicial Council, it is clearly a state agency). The Eleventh Amendment thus bars suits against it in federal court. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir.2003) (11th Amendment bars suit against state superior court and its employees). To the extent plaintiffs allege that individual members of the CJP violated their federally protected rights, plaintiff is suing the defendants in their official capacity as members of the CJP, they are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the CJP's Eleventh Amendment immunity extends to injunctive relief against the individuals. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Accordingly, this claim is dismissed with prejudice.

- Claim 26: Violation of Civil Rights-Second Amendment, against the Chair and Administrative Director of the Judicial Council

In this claim, Adil alleges that certain parts of the California Family Code are unconstitutional. Adil's claim is that the state court entered a temporary restraining order against him which prohibited him from "own[ing], possess[ing], purchase[ing], or receive[ing] a firearm or ammunition while that protective order is in effect." Cal. Fam. Code § 6389(a). This is essentially an appeal of the State Court's issuance of a protective order, which is barred under *Rooker-Feldman*. The appropriate avenue to challenge this decision is a direct appeal. Accordingly, this claim is dismissed with prejudice.

- Claim 27: Violation of Civil Rights, Equal Protection of Law, Discrimination, against the Chair and Administrative Director of the Judicial Council

In this claim, Adil alleges that California's vexatious litigation statute is unconstitutional. These arguments have been rejected by the Ninth Circuit. *See Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007). Accordingly, this claim is dismissed with prejudice.

- Claim 30: Conspiracy to Violate Civil Rights against Starnes and Baugh

In claim 30, Adil alleges that his therapist Starnes conspired with Judge Clark and his attorney Baugh to deprive him of access to his children. Plaintiff cannot maintain a claim against

private individuals under § 1983. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The complaint suggests that Mr. Baugh and Ms. Starnes should be deemed state actors because they conspired with state actors such as the state court judges. But the allegations of conspiracy or joint action are either conclusory or speculative and thus fail to satisfy the pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The claims are also barred by *Rooker-Feldman* beecase alleged wrongdoing is intimately intertwined with alleged wrongdoing by state court judges and employees. *See* Dkt. No. 19 at 5. Accordingly, this claim is dismissed with prejudice.

- Claim 33: Violation of Civil Rights, Equal Protection of Law, Discrimination, against defendants associated with the California State Bar.

In claim 33, plaintiff allege that the California State Bar ("Bar") ignored their attorney misconduct complaints. Similarly to claim 25, the California State Bar is a state agency. *See Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995). The Eleventh Amendment thus bars suits against it in federal court. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir.2003) (11th Amendment bars suit against state superior court and its employees). To the extent plaintiffs allege that individual members of the Bar violated their federally protected rights, plaintiff is suing the defendants in their official capacity as members of the Bar, they are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the Bar's Eleventh Amendment immunity extends to injunctive relief against the individuals. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Accordingly, this claim is dismissed with prejudice.

- Claim 36: Violation of Civil Rights and Lanham Act against all defendants

In this claim plaintiffs allege that statements on state court websites violate the Lanham Act and California's Unfair Competition Law because they are false. The statements say things like the "primary function of the Courts of Appeal is to ensure that the law is interpreted and applied correctly." RSAC ¶ 818. Lanham Act claims may not be brought in federal court against a state

entity because of Eleventh Amendment immunity. *See College Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 690 (1999). Nor may public entities be sued as "persons" under the UCL. *See* Cal. Bus. & Prof. Code § 17201; *People for the Ethical Treatment of Animals, Inc. v. Cal. Milk Producers Advisory Bd.*, 125 Cal. App .4th 871, 879 (2005). Accordingly, this claim is dismissed with prejudice.

- Claim 37: Violation of Civil And Federal Rights By Defendants Receiving Federal Assistance, against all "non-individual defendants"

In this claim plaintiffs allege that non-individual defendants receive Federal funds and are sued under 29 U.S.C § 794 (Section 504 of the Rehabilitation Act), 42 U.S.C. § 1601 (the Age Discrimination Act), and title VI of the Civil Rights Act. Plaintiff's general allegation that Santa Clara County received money from federal agencies and that the United States Department of Justice allocated $2,932,300,000 for State and Local Law Enforcement Assistance, RSAC ¶ 834, is insufficient to show that agencies are recipients of federal financial assistance as required by the statutes at issue. Accordingly, this claim is dismissed with prejudice.

- Claim 39: Violation of Civil Rights, Intentional Tort of Spoliation of Evidence

In this claim Adil alleges that essentially all defendants conspired to destroy evidence related to Roda's ADA claim, including by deleting pictures from Adil's mobile phone. Adil also alleges that he "learned" other evidence was "tampered with, and or destroyed." RSAC ¶ 872. This allegation is conclusory and speculative and thus fail to satisfy the pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). It is also unclear from the complaint who allegedly deleted the photos. Additionally, Adil has not alleged any federal right that was violated nor any private of action he seeks to enforce. For example, he cites to California Penal Code § 135, which does not have a private right of action. Accordingly, this claim is dismissed with prejudice.

- Claim 43: Violation of Civil Rights-By Reason of Prejudice, Passion, Neglect, Intolerance, Malicious, Systemic, Impermissible Animus, against all defendants

In this claim plaintiff allege a "gang rape" of their federal rights, essentially realleging all prior claims. This claim is dismissed with prejudice as duplicative.

- Claim 45: Violation of False Claims Act, against various defendants

In this claim plaintiffs allege that various judges and court officials violated the False Claims Act when they signed false salary affidavits. The federal False Claims Act only applies claims made to federal agencies. Plaintiffs also allege violation of the California False Claims Act (CFCA). Cal. Gov't Code § 12650 *et seq*. The CFCA excludes claims related to the payment of salary. *Id.* at § 12650(b)(2). Accordingly, this claim is dismissed with prejudice.

- Claim 46: Ineffective Assistance of Counsel against the County

In this claim Adil alleges that the County provided inadequate assistance of counsel in connection with a criminal charge of forgery. It does not appear that Adil was convicted of any crime, and therefore any ineffectiveness of counsel was harmless. This claim is dismissed with prejudice.

- Claim 47: Retaliation to Federal Action; Terrorism against all defendants

In this claim plaintiffs reallege all constitutional allegations above and allege that this constitutes "terrorism." RSAC ¶ 1109. Plaintiffs may not sue for violation of criminal statutes, as Judge Chen has already instructed them. *See* Dkt. No. 19 at 6. Accordingly, this claim is dismissed with prejudice.

**D. Claims that at least partially pass Section 1915(e) review**
- Claim 10: Unreasonable Searches And Seizures/Unlawful Detention and Use of Excessive Force and Abusive Treatment against Officers McChristian, Plett and Polombo

Adil alleges that individual court security officers subjected him to an unreasonable search, unlawful detention, and use of excessive force when he passed through court security on several

ORDER
Case No. 13-CV-00228-RMW LM
- 8 -

occasions.[1] First, the officers may not be sued in their official capacity because it would amount to a suit against the state, which is barred by the Eleventh Amendment. *See Rojas v. Sonoma County*, No. C-11-1358 EMC, ECF No. 26 at 6 (N.D. Cal. Oct. 21, 2011). Second, Adil only alleges specific acts by Officers Polombo and Plett, and not by Officer McChristian. Therefore, the claim may proceed against Officers Polombo and Plett in their individual capacity only.

- Claim 17: Unlawful Interrogation without Advice of Rights; Right to Counsel; Entrapment against Officers McChristian and Plett

Adil alleges that individual court security officers detained him and interrogated him.[2] As above, the officers may not be sued in their official capacity because it would amount to a suit against the state, which is barred by the Eleventh Amendment. *See Rojas v. Sonoma County*, No. C-11-1358 EMC, ECF No. 26 at 6 (N.D. Cal. Oct. 21, 2011). Therefore, the claim may proceed against Officers McChristian and Plett in their individual capacity only for plaintiffs alleged detention for interrogation.

- Claim 35: Violation of Federal And Civil Rights, Racial Discrimination, against court officials and County.

Plaintiffs allege that Miller, the Clerk of Court, denied Adil access to the court bathroom because plaintiffs are not white. Plaintiff also alleges that Miller conspired with others to "frame criminal charges against Adil." This claim may proceed only against Miller in his individual capacity for denial of access to the restroom based upon race. The remainder of the claim is inadequately pled, as to both the conspiracy and the liability of the county.

- Claim 44: Violation of Civil Rights, Use of Excessive Force While Making Arrest and Cruel and Unusual Punishment, against McChristian, Plett, and Polombo; Judge Arand; and County

In this claim Adil alleges that Judge Arand called him to appear in court the day after a root canal surgery, and that when he appeared he was arrested by Officers Plett and McChristian with

---

[1] The court previously dismissed similar claims against Judge Clark based on judicial immunity. Dkt. No. 75.
[2] The court previously dismissed similar claims against Judge Clark based on judicial immunity. Dkt. No. 75.

ORDER
Case No. 13-CV-00228-RMW
LM

- 9 -

undue force. Adil does not allege that Officer Polumbo had any part in this incident. For the reasons explained above, this claim may go forward against Officers McChristian and Plett in their individual capacities only.

### E. Claim 2: Equal Opportunity For Individuals With Disabilities

Judge Chen originally allowed plaintiffs to go proceed on three claims: an ADA claim by Roda, and two § 1983 claims by Adil. Dkt. No. 19. The § 1983 claims were dismissed under Rule 12(b)(6) on the basis of judicial immunity. Dkt. No. 75. Judge Chen allowed Roda's ADA claim against the Superior Court for prospective injunctive relief only. Judge Chen also found that Roda's ADA claim for injunctive relief against Ms. Ku, the court's ADA Coordinator, could survive a motion to dismiss, although it was possible that Ms. Ku was entitled to quasi-judicial immunity. *Id.*

In the RSAC, plaintiffs include Roda and Adil's ADA claims against the State Court and Judicial Council of California ("JCC"). RSAC ¶ 78 ("Count II-A"). Plaintiffs also include an ADA claim against Ku and Juarez, the Superior Court's ADA administrators. RSAC ¶ 94 ("Count II-B"). Roda's ADA claim is well summarized in Judge Chen's prior Order. Dkt. No. 75 at 3. In essence, Roda alleges that the Superior Court denied her requests for accommodations including a hearing aid, language interpreters, and requests for telephonic appearance. Roda also complains that she was required to make repeated ADA accommodations requests instead of one request for all future hearings. Adil alleges that he suffers from gout and asthma. RSAC ¶ 46. Similarly to Roda, Adil alleges that the Superior Court and Ms. Ku denied his ADA accommodation requests. RSAC page 14-16. Plaintiffs also allege that they filed complaints with the Superior Court in an effort to comply with the California Tort Claims Act ("CTCA"). RSAC ¶ 60; Cal. Gov't Code § 905 (requiring presentation of a claim against a local public entity); id. § 905.7 (requiring claim presentation where claim is against a judicial branch entity); id. § 945.4 (providing that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity").

Plaintiffs' discrimination/retaliation claim is pursuant to the ADA and California Civil Code § 51. The ADA provides that, "[s]ubject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

ORDER
Case No. 13-CV-00228-RMW
LM

- 10 -

benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. It also provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." *Id.* § 12203(a). As for California Civil Code § 51, it provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

As to plaintiffs' claim against the Superior Court and JCC, Count II-A, both are immune to suits for damages to the extent the ADA denials were based on the actions of a judge, but not immune to suits for prospective injunctive relief. Dkt. No. 75 at 10. In contrast to 42 U.S.C. § 1983, there is no provision in the ADA that bars injunctive relief with respect to judicial officers. If the Superior Court's denials were based on the actions of Ku and Juarez, it is not clear at this juncture whether she was acting in a quasi-judicial capacity, and therefore, the Court cannot say at this point in the proceedings that she is entitled to quasi-judicial immunity, which would then extend to the Superior Court. However, even if she were to have such immunity, that would only be immunity from damages, and not from prospective injunctive relief, as discussed above. Accordingly, Count II-A may go forward.

As to Count II-B, individuals cannot be sued in their individual capacities under the ADA. *See Holcomb v. Ramar*, No. 1:13-CV-1102 AWI SKO, 2013 U.S. Dist. LEXIS 157833, at *16-17 (E.D. Cal. Nov. 4, 2013) (citing cases where "courts have held that there is no individual capacity liability under [42 U.S.C.] § 12132"). Accordingly, Count II-B is dismissed with prejudice.

As to plaintiff's § 51 claim, plaintiffs have still failed to allege compliance with the CTCA. In Paragraph 60 plaintiff's list complaints made regarding ADA denials, but they do not satisfy the CTCA for several reasons. This was already explained by Judge Chen is dismissing their § 51 claim with prejudice. Dkt. No. 75 at 14-16. For example, nothing indicates that the Hiramanek's complaints were (1) making a claim for money damages specifically and (2) would bring suit if her claim were not satisfied. *See Gines v. San Diego Metropolitan Transit System*, No. 09cv2866

JM(POR), 2010 U.S. Dist. LEXIS 14167, at *11 (S.D. Cal. Feb. 18, 2010) (holding that a complaint form and letter submitted were inadequate because the documents "did not request monetary relief and failed to put [the local public entity] on notice that there was in fact (1) any claim to settle, (2) any claim that could impact [its] fiscal planning; and (3) any claim requiring [entity] action to avoid similar liability in the future"); *Green v. State Ctr. Comm. Coll. Dist.*, 34 Cal. App. 4th 1348, 1358 (1995) (stating that claim must "make it readily discernible . . . that the intended purpose [of the communication] is to convey the assertion of a compensable claim against the [public] entity which, if not otherwise satisfied, will result in litigation").

## ORDER

For the reasons explained above, **only the following claims may go forward:**

- Claim II-A against the Superior Court, based on a denial of accommodations by Ku.
- Claim 10 against Officers Polumbo and Plett in their individual capacities.
- Claim 17 against Officers McChristian and Plett in their individual capacities.
- Claim 35 against Miller in his individual capacity for denial of access to the restroom.
- Claim 44 again Officers McChristian and Plett in their individual capacities.

In addition, the Court denies Plaintiff's Request to Strike Defendants' May 27, 2014 Objections, Dkt. No. 96, as moot.

**No further amendments to plaintiff's complaint may be filed absent further order by this court.**

**The Court orders the U.S. Marshal to serve the following documents on the Superior Court, Daryl McChristian, Defendant Plett (Badge No. 2011), Defendant Poloumbo, and Defendant Beth Miller: the original complaint (Docket No. 1), the Court's order granting Plaintiffs' in forma pauperis application (Docket No. 19), Court's order granting in part Defendant's Motion to Dismiss (Docket No. 75), and this order.**

Dated: June 20, 2014

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge