UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>            Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>            Defendants. | Case No. 13-00228<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re Docket No. 107] |

Plaintiffs have moved for leave to file a motion for reconsideration of the court's Order Granting In Part Leave to Amend ("Order"), Dkt. No. 98. Having considered Plaintiffs' brief, as well as all other evidence of record, the Court hereby DENIES the motion.

Plaintiffs have failed to meet the standard set out in Civil Local Rule 7-9(b). *See, e.g.*, Civ. L.R. 7-9(b)(3) (providing that a party seeking leave to file a motion to reconsider must show, e.g., "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

Moreover, Plaintiffs' positions lack merit. The court specifically addresses certain arguments below.

**Claim 2 (Disability claims 2A and 2B):** Plaintiffs first complain that the court dismissed their California Torts Claims Act claim under 2A. It is true that Plaintiffs, for the first time, attached evidence of their compliance with the CTCA's presentment requirements. *See* Cal. Gov't Code §§ 905, 945.4; Exs. A-D. Nonetheless, judicial immunity to damages applies under the CTCA so any claim for damages necessarily fails. *See Fisher v. Pickens*, 225 Cal. App. 3d 708, 717-18 (1990) (explaining that common law judicial immunity applies to CTCA claims). As to Claim 2B, the court was correct in dismissing this claim. The only allegations in Claim 2B are violations of the ADA, and "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

**Claims 10, 17, 19, 20, 21, 23, 24, 28, 29, 30, 32, 34, 38, 40, 41, 42, 44, and 48**: Plaintiffs argue that the court erred in dismissing claims not addressed by Judge Chen's prior Orders. The court recognized that the prior claims were not explicitly addressed by Judge Chen, but were duplicative of those claims and were dismissed for the same legal errors. Order at 3 ("Although these claim may allege new facts or circumstances, they are essentially the same legal claims previously dismissed with prejudice.") Judge Chen has already explained in detail the doctrine of judicial immunity, *see* Dkt. No. 36 (pages 3-9 detail judicial immunity doctrine).

Furthermore, although some claims name non-judge defendants, all of the acts relate to plaintiffs' litigations before the state court. For example, claim 20 complains of "failure to perform administrative ministerial duties" and blames various court employees for actions taken on plaintiffs' filings, including a denial of a pre-filing request and an alleged failure to file a cross-complaint in a civil litigation involving Roda. *See, e.g.,* ¶¶ 267-287. A review of the records in that case, 1-13-CV-239828, reveals the clerk of court advised Roda the cross-complaint would not be filed, and that same day Judge Arand denied the filing of the cross-complaint. This is clearly a judicial act. Again, Judge Chen has explained to plaintiffs that these claims are either barred by judicial immunity or the *Rooker-Feldman* doctrine. Dkt. No. 19 at 4 (citing *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (noting that clerk of a district court "performed quasi-judicial

functions as to which he was entitled to absolute immunity") and *Khanna v. State Bar of California*, 505 F. Supp. 2d 633, 640-41 (N.D. Cal. 2007)).

The court's dismissal of claim 48 is based on *Rooker-Feldman*, because it is essentially an appeal of a state court order.

**Claim 19 against McChristian, Plett, and Polumbo**: Plaintiffs argue that claim 19 should not have been dismissed against non-judicial defendants McChristian, Plett, and Polumbo. First, the claim only lists actions taken by Plett and Judge Clark. The only actions Plett allegedly took were deleting photos from Adil's cell phone. ¶¶ 235, 237. These claims against Plett are duplicative of claim 10, which the court allowed (e.g. ¶ 116 copies ¶ 237; ¶ 118 contains the same allegations as ¶ 235). The court did not err in dismissing Claim 19 because it is primarily barred by judicial immunity, as already extensively explained by Judge Chen, Dkt. No. 75, and because the court may strike redundant claims. Fed. R. Civ. Pro. 12(f)(1).

**Claim 22:** This claim relates to Adil's desire to be elected to the board of a public library. He attempts to set out a First Amendment retaliation claim, but fails to do so. Plaintiffs does not allege that his protected First Amendment rights ("complaining/petitioning for grieveance(s) against [Judge] Clark and State Court", Dkt. No. 107 at 6; *see also* ¶ 327) were chilled by defendants' actions. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Indeed, his actions before this court indicate exactly the opposite. Claim 22 is frivolous and the court did not err in dismissing it with prejudice. 28 U.S.C. § 1915(e)(2).

**Claim 25 and Claim 33:** Claims 25 and 33 assert claims against members of the Commission on Judicial Performance and members of the California State Bar. Plaintiffs argue that they are suing the members in their individual capacity, but this is not included in the complaint. Claim 25 states that plaintiffs are suing members of the Commission "in their *administrative* capacity." ¶ 411 (emphasis added). Claim 33 merely asserts that the defendants are persons under § 1983. This is not sufficient to plead a claim against a defendant in his or her personal capacity. Furthermore, a suit against an official for actions taken in his or her personal capacity must be based on actions actually taken by that official. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The complaint only alleges acts generally taken by an unnamed member of the State Bar.

**Claim 26:** Here, Adil argues that he asserts a facial challenge to a section of the California Family Code. This is not borne out by the complaint. The complaint references specific terms of Adil's restraining order (i.e. that it extends for 50 years). *See also* ¶ 537b (requesting that the court declare the family code "unconstitutional on its face **as applied** to Adil" (emphasis added)). Again, the appropriate forum for this issue is a direct appeal of the order in state court.

**Claim 27:** The court maintains that this claim has already been decided under *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), and also directs plaintiffs to Judge Chen's prior order dismissing similar claims, Dkt. No. 36 at 3-4, explaining that declaring someone a vexatious litigant is a judicial act entitled to immunity. Plaintiffs' other arguments are without merit.

**Count 30**: The court again directs plaintiffs to Judge Chen's prior order dismissing claims against Baugh. The claims alleged here against Baugh (an attorney) and Starnes (a therapist) are essentially the same as previously dismissed with prejudice by Judge Chen. Dkt. No. 19 at 4-5.

**Claim 31:** Plaintiffs have not added any legally relevant RICO allegations. Plaintiffs have not alleged any plausible conspiracy. The paragraphs of the complaint cited in plaintiffs' motion detail alleged wrongdoings by Judge Clark, but do not contain evidence of any conspiracy, and relate directly to Adil's child custody and divorce proceedings.

**Claim 36:** Plaintiffs believe that Congress abrogated sovereign immunity under a section of the Lanham Act, 15 U.S.C. § 1122(b). That statute was found unconstitutional in *College Savings Bank*, cited by plaintiffs. 527 U.S.C. 666 (1999). Plaintiffs' arguments to the contrary are unpersuasive.

**Claims 37 and 45:** Plaintiffs' allegations of receipt of federal funding are too general to support any waiver of Eleventh Amendment immunity.

**Claims 38 and 46:** These claims relate to Adil's criminal forgery prosecution. Adil for the first time informs that court that he pled no contest to the charges. Dkt. No. 107 at 25. Indeed, his complaint indicated otherwise, stating that "ADIL is a law abiding citizen with no criminal convictions." ¶ 323. Adil cannot maintain any § 1983 or similar complaint related to the forgery charges until the criminal conviction is invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, the court did not err in dismissing these claims with prejudice. For the same reason, plaintiffs' request to add a new defendant (Burgess) to claims relating to forgery is denied.

**Claim 39:** Plaintiffs still fail to identify a federal claim with a private right of action. Moreover, the only specific actions complained of in claim 39 are duplicative of claim 10, which the court allowed. The remaining allegations in claim 39 are vague and speculative and were properly dismissed with prejudice.

**Claim 43:** Plaintiffs allege that they are seeking "removal" due to the defendant's "gang rape" of his civil rights. A removal action must be based on an underlying state court action and filed as a separate removal action. Moreover, this claim is frivolous.

**Claim 47:** Plaintiffs assert that they are seeking a civil remedy under the Patriot Act. Their complaint only seeks damages for "terrorism." ¶ 1109. There is no civil remedy for "terrorism" in the Patriot Act.

## I.  ORDER

The court orders the U.S. Marshal Service to serve the operative revised second amended complaint, Dkt. No. 94-1,[1] on any defendants **who have not yet been served**. The Superior Court of California has already answered the "Revised Second Amended Complaint" and there is no need to re-serve them.

**Additionally, the court orders plaintiffs to show cause why claims 10, 17, and 44 should not be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiffs must file a brief, NOT TO EXCEED 5 PAGES, by August 1, 2014.**

Dated: July 21, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

---

[1] The court notes that plaintiffs request service of their "Revised-Version 2 Second Amended Complaint", Dkt. No. 96-1. Plaintiffs did not have permission to file this complaint and the amendments within that complaint were not approved of by the Court. In fact, that filing was the second revision filed by the plaintiffs while the original motion to amend was pending. *See* Dkt. No. 83-1 (first proposed amended complaint); Dkt. No. 94-1 (second proposed amended complaint); Dkt. No. 96-1 (third proposed amended complaint). As expressly stated in the Court's Order, the Court considered Dkt. No. 94-1, over the objection of defendants, Dkt. No. 95. Dkt. No. 98, Order at 2.