1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10         SAN JOSE DIVISION

11

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>                    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>                    Defendants. | Case No. 13-00228<br><br>**ORDER DENYING DEFENDANT BETH MILLER'S MOTION TO DISMISS**<br><br>[Re Docket No. 133] |

12

13

14

15

16

17

18

19          Defendant Beth Miller moves to dismiss plaintiffs' complaint or in the alternative for a more

20  definite statement. Dkt. No. 133. For the reasons explained below, the court denies the motion to

21  dismiss. [1]

22                          **I.  Background**

23          The only claim pending against Ms. Miller is a claim for "denial of access to the restroom

24  based upon race" in Ms. Miller's individual capacity. Dkt. No. 98 at 9. The legal basis for the claim

25

26  _____

[1] Plaintiffs also filed a "Request for Judicial Notice." Dkt. No. 148 The Request asks the court to
27  take judicial notice "of established precedence case law in support of opposition to defendant
Miller's motion." *Id.* The court did not consider the Request for Judicial Notice, which was
28  improperly filed after briefing on the motion to dismiss was complete and did not contain materials
appropriate for judicial notice, but only additional argument  and citations to case law from 1995 in
support of plaintiffs' opposition. *See* Civil Local Rule 7-3(d).

United States District Court
For the Northern District of California

is a violation of the 14th Amendment right to equal protection through a § 1983 cause of action.[2] The factual basis for the claim is alleged in plaintiff's operative Revised Second Amended Complaint (RSAC) as claim 35, captioned "Violation of Federal and Civil Rights, Racial Discrimation." Dkt. No. 94-1 at 172. The facts relevant to this claim, as alleged in the RSAC, are that "around mid 2012" plaintiffs requested access to a locked bathroom at the Appellate Court by "requesting a designated key." *Id.* at ¶ 795. Ms. Miller "discriminately stated that PLAINTIFFS cannot avail of the APPELLATE COURT restroom facilities due to their racial and ethnic background." *Id.* at ¶ 796. The restroom facility was offered to every white public member. *Id.* at ¶ 799.

At the hearing on the motion to dismiss, plaintiffs confirmed that their allegation is that Ms. Miller actually used discriminatory language when denying them access to the restroom.

## II.  Analysis

### A.  Legal standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 1964-65 (internal quotation marks and citations omitted). Rather, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

"To state a claim under [Section 1983] for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose

---

[2] Although the caption of the claim includes other statutory bases, the only properly pled claim is a § 1983 claim. For example, plaintiffs argue that they alleged an ADA claim, but the RSAC states that they were denied access to the restroom "solely on racial and ethnic grounds." RSAC at ¶ 796.

to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

### B.  The complaint contains sufficient factual support for a § 1983 equal protection claim

Ms. Miller moves to dismiss because plaintiffs did not allege that they are members of a protected class, it is not clear that plaintiff Adil was actually denied access to the restroom, and the claim lacks sufficient factual bases. Dkt. No. 133 (Motion to Dismiss).

First, plaintiffs' opposition states that plaintiffs are of Asian Indian origin.  Dkt. No. 138 at 8. Although the plaintiffs would normally be required to allege this in the complaint, the complaint itself alleges that plaintiffs belong to a racial minority. RSAC at ¶ 1023.

Second, the complaint alleges that both Adil and Roda asked for the restroom key. RSAC at ¶ 796.

Finally, the RSAC does contain sufficient factual allegations to assert at § 1983 equal protection claim. The RSAC alleges that Ms. Miller denied plaintiffs access to the bathroom, and that the basis for that denial was plaintiffs' racial and ethnic background. RSAC at ¶ 796. Although the complaint could be read as Ms. Miller "stated that plaintiffs cannot avail of the appellate court restroom" and plaintiffs then unilaterally concluded that the basis for the denial was their race, at the hearing plaintiffs confirmed that they allege Ms. Miller actually said that the basis for the denial of access was racial discrimination. This is a fair reading of ¶ 796 of the RSAC.

The court also notes that at the hearing plaintiffs confirmed that they were only seeking damages, and possibly attorney's fees (should they secure an attorney), for the § 1983 claim.

Because plaintiffs have pled a § 1983 equal protection claim against Ms. Miller, the court denies the motion to dismiss the claim and the alternative motion for a more definite statement.

## III.  Order

For the reasons explained above, the court denies the motion to dismiss and the alternative motion for a more definite statement. The only claim pending against Ms. Miller is a § 1983 claim for violation of equal protection, and plaintiffs only seek damages and attorney's fees.

Dated:  September 26, 2014

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

United States District Court
For the Northern District of California

ORDER
Case No. 13-CV-00228-RMW
LM

- 4 -