UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>          Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>          Defendants. | Case No. 13-00228<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE ANSWER OF SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**<br><br>[Re Docket No. 109] |

Plaintiffs move to strike the answer filed by defendant Superior Court of California, County of Santa Clara. Dkt. No. 109 (Motion to strike); Dkt. No. 108 (Answer). The Answer includes 34 affirmative defenses. Plaintiffs' claim against the Superior Court is limited to the same ADA and Rehabilitation Act claim that Judge Chen found survived a motion to dismiss, the only difference being that in the currently operative complaint Adil has also alleged ADA violations. Dkt. No. 75 at 21; Dkt. No. 98 at 11.[1]

---

[1] The defendant's suggestion that plaintiffs be required to file a revised complaint containing only the claims remaining in the case is not likely to move the case forward, as shown by plaintiffs already numerous filings.

ORDER
Case No. 13-CV-00228-RMW
LM

- 1 -

### A. The *Twombly/Iqbal* standard applies to affirmative defenses

Although the Ninth Circuit and other circuit courts have yet to rule on the issue, this Court has joined the majority of other district courts in applying the heightened pleading standard set forth in *Twombly* and *Iqbal*[2] to affirmative defenses. *See Spears v. First Am. eAppraiseIt*, 5-08-CV-00868-RMW, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013).

Applying the standards set forth in *Twombly* and *Iqbal* to affirmative defenses requires that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, 11-CV-03323-LHK, 2012 WL 1029425 at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation marks omitted)). A defense may be insufficient "as a matter of pleading or a matter of law." *Scott v. Fed. Bond & Collection Serv., Inc.,* No. 10–2825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

"If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Id.* When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir.1979).

### B. Application of *Twombly/Iqbal* to specific defenses

**First Affirmative defense (failure to state a cause of action)**: Courts in this district agree that "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal.2010); *see also J & J Sports Prods., Inc. v. Mendoza–Govan*, No. 10–5123, 2011 WL 1544886, at *3 (N.D.Cal. Apr. 25, 2011).

Accordingly, the Court GRANTS Plaintiff's Motions to Strike the affirmative defense for failure to state a cause of action. The Court grants Plaintiff's Motions with respect to this defense

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

with prejudice because failure to state a cause of action is not an affirmative defense. However, Defendants may still assert this claim as an ordinary defense to liability. *See Hernandez v. Dutch Goose, Inc.*, No. 13–3537, 2013 WL 5781476, at *7 (N.D.Cal. Oct. 25, 2013) ("Although struck with prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from arguing, in a motion or at trial, that [Plaintiff] has failed to state a claim."); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**"Conclusory Affirmative Defenses":** Plaintiffs move to strike the 2nd, 3rd, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, 15th, 17th, 18th, 19th, 21st, 26th, 30th, 33rd, defenses as conclusory. For example, Defense 13 states "[t]he Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part by laches, estoppel, res judicata, and/or unclean hands." Dkt. No. 108 at 9. The court agrees that this defense is conclusory. A review of the other affirmative defenses listed above shows that they also lack any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts. To the extent that plaintiffs argue these defenses are not applicable to their claim, the court is not prepared to determine at this time whether certain specific defenses are unavailable as a matter of law.

**Sixth, Twenty-third, and Thirty-fourth Affirmative Defenses (immunity):** As the complaint recognizes, some of the defendants sued are state court judges and employees. In Count II-A, a state court employee is sued. These defenses are appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of the defendants.

**Eleventh Affirmative Defense (plaintiffs are not disabled):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**Twelfth Affirmative Defense (complaint vague and ambiguous):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080,

1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**Sixteenth Affirmative Defense (no injury in fact):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**Twentieth Affirmative Defense (Statute of Limitations)**: The defense does not allege the applicable statute of limitations. The opposition to the motion to dismiss identifies the statute of limitations as two years, citing *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135-36 (9th Cir. 2001) (en banc). The defendant should identify the appropriate statute of limitations in the answer. The motion to strike the twentieth affirmative defense is granted without prejudice.

**Twenty-second Affirmative Defense (failure to comply with California Government Claims Act); Twenty-seventh Affirmative Defense (relief would constitute gift of public funds); Twenty-ninth Affirmative Defense (Cal. Gov't. Code § 818):** These defenses are stricken with prejudice because plaintiffs have no state law claims.

**Twenty-fourth and twenty-fifth Affirmative Defense (attorney's fees):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**Twenty-eighth Affirmative Defense (punitive damages not available):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**Thirty-first Affirmative Defense (Roda's claim barred by 28 U.S.C. § 1654):** This defense is appropriate and sufficiently pled. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661 (9th Cir. 2008). The motion to strike is denied.

**Thirty-second Affirmative Defense (complaint contains vague and conclusory allegations):** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal.*

*Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

### C. Other issues

The answer does not seek affirmative relief. Although the answer seeks an award of costs, the recovery of costs is not a request for affirmative relief. *Oster v. Standard Life Ins. Co.*, No. C 09-00851 SBA, 2009 WL 1260174, at *2 (N.D. Cal. May 6, 2009).

The denials in the answer are proper. The paragraphs of the complaint that defendant denies include vague language, terms of degree, legal conclusions, and other phrases that make them ambiguous. Accordingly, a general denial is proper.

## II. Order

For the reasons explained above, the court orders as follows:

- The 1st, 11th, 12th, 16th, 22nd, 24th, 25th, 27th, 28th, 29th, and 32nd affirmative defenses are stricken with prejudice;
- The 2nd, 3rd, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, 15th, 17th, 18th, 19th, 20th, 21st, 26th, 30th, and 33rd Affirmative defenses are stuck without prejudice; and
- The 6th, 23rd, 31st, and 34th Affirmative defenses are not struck.

Defendant Superior Court may file an amended answer by November 14, 2014.

Dated: October 16, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge