UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK, <br><br>              Plaintiffs, <br><br> v. <br><br> L. MICHAEL CLARK, et al., <br><br>              Defendants. | Case No. 13-00228 <br><br> **ORDER DENYING LEAVE TO AMEND; ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> [Re Docket Nos. 145, 146] |

The court finds both the motion for leave to amend and motion for preliminary injunction suitable for decision without oral argument and vacates the hearing on the motions. Civil Local Rule 7-1(b).

**1. Motion for Leave to Amend**

Plaintiffs move for leave to amend their complaint to add two additional claims, 49 and 50, and make other amendments. Although titled the "Third Amended Complaint" this would in fact be the seventh complaint filed by plaintiffs in this case. *See* Dkt. Nos. 1, 24, 37, 83, 94, 96. The additional claims are yet another instance of plaintiffs raising challenges arising out of Adil's state court divorce proceedings. As explained numerous times, this court does not review state court rulings that are more appropriately challenged on direct appeal. *See Dist. of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The relief plaintiffs' seek in claims 49 and 50 includes altering state court judgments related to Adil's divorce.

The court also notes the Judge Chen has already explained why *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006) does not save plaintiffs' claims from the *Rooker-Feldman* doctrine. Dkt. No. 36. Continuing to raise legal issues that have previously been rejected by the court may subject plaintiffs' to sanctions under 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The amendments to Count II-A, the ADA claim, are also futile because the claim, even as amended, does not assert any denial of access by the Appellate Court.

Because plaintiffs' amendment would be futile, and would only serve to further delay this litigation, the motion for leave to file an amended complaint is denied.

## 2. Motion for Preliminary Injunction

Plaintiffs also move for a preliminary injunction based on the new claims raised in the "Third Amended Complaint." Dkt. No. 145 (Motion for Preliminary Injunction). Because the court denies leave to amend, as explained above, there is no basis in the operative complaint for the injunction, and the motion is denied. Furthermore, plaintiffs would be unlikely to succeed on the merits because they are challenging the division of property in Adil's divorce proceedings.

Dated: October 16, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge