UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>  Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>  Defendants. | Case No. 13-00228<br><br>**ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b); DENYING MOTION TO CERTIFY ISSUES FOR EXPEDITED APPEAL**<br><br>[Re Docket No. 129] |

Plaintiffs move for an entry of final judgment under Federal Rule of Civil Procedure 54(b) as to all claims fully dismissed, and to certify issues for appeal as to claims that have been partially dismissed. Dkt. No. 129. The motion is denied.

**I.  Analysis**

**A.  Federal Rule of Civil Procedure 54(b)**

> Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, ... the court may direct entry of final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Supreme Court set out a framework for applying this rule in *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427 (1956), which it repeated more recently in *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7-10 (1980).

ORDER
Case No. 13-CV-00228-RMW
LM

- 1 -

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is " 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright,* 446 U.S. at 7 (quoting *Mackey,* 351 U.S. at 436). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " *Id.* at 8 (quoting *Mackey,* 351 U.S. at 437). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (quoting *Mackey,* 351 U.S. at 438).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-78 (9th Cir. 2005).

Here, the court has entered a final judgment dismissing certain claims with prejudice. Dkt. No. 98. Some of the claims are interrelated with claims currently pending before the court. For example, claims 10, 17, and 44 may involve some issues related to dismissed claim 39. Those claims all involve court security officers' interactions with plaintiffs. Similarly, claims 2-A and 2-B may involve overlapping issues related to disability accommodation. Allowing an appeal now under Rule 54(b) is likely to result in the appellate court being forced to review plaintiffs' claims more than once when the case "should be reviewed only as [a] single unit[]." *Curtiss-Wright*, 446 U.S. at 10. Additionally, some defendants would be forced to litigate both an appeal and further proceedings in this court at the same time. Accordingly, the court in its discretion denies the motion for an entry of final judgment under Rule 54(b).

### B. Interlocutory Appeals

Plaintiffs also ask this court to certify certain issues related to claims dismissed in part for interlocutory review. A non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, there no controlling questions of law with substantial grounds for difference of opinion. None of the issues on which plaintiffs' claims were partially dismissed are new or novel, and most involve governmental immunities that have been clearly established by the Ninth Circuit or United States Supreme Court. Furthermore, an interlocutory

appeal is likely to only delay the case. The plaintiffs' "constitutional right to appeal" is not denied, only delayed until the final resolution of all claims plaintiffs elected to pursue in this case. Dkt. No. 142 at 1. Accordingly, the motion to certify certain issues for interlocutory appeal is denied.

## II.  Order

For the reasons explained above, the court denies the motion for entry of final judgment under Rule 54(b) and denies the motion to certify issues for appeal.

Dated: October 16, 2014



Ronald M. Whyte
United States District Judge