UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL K HIRAMANEK and RODA K HIRAMANEK,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>　　　　　　Defendants. | Case No. 13-00228<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE ANSWER OF McCHRISTIAN, PLETT, AND POLUMBUS**<br><br>[Re Docket No. 143] |

Plaintiff Adil Hiramanek moves to strike the answer filed by defendants Daryll McChristian, Polumbus (erroneously sued as "Polumbo"), and Plett (collectively "Officers"). Dkt. No. 143 (Motion to strike); Dkt. No. 130 (Answer). All three are allegedly court security officers at the Santa Clara County Superior Court who interacted with Hiramanek when he went through court security and at other times in the courthouse. For the reasons explained below, the court grants in part and denies in part the motion to strike.

## I.  Background

This court allowed Hiramanek to proceed against the Officers on claims 10 (against Polumbus and Plett), 17 (against McChristian and Plett), and 44 (against McChristian and Plett) in their individual capacities only. Dkt. No. 98 at 12. The claims are:

**Claim 10:** Section 1983 claim based on alleged violation of Adil's Fourth Amendment rights, including "unreasonable and invasive bodily search, search of his property, seizure of his property, including mobile phone, deleting information/writing" and "unreasonabl[e] [detention] for unreasonably long periods of time." Dkt. No. 94-1 at ¶¶ 108-110, 116-119, Revised Second Amended Complaint (RSAC).

**Claim 17:** Section 1983 claim based on alleged violations of Adil's Fourth and Fifth Amendment rights, when McChristian and Plett allegedly detained, interrogated, and confined Adil at the Santa Clara County Superior Courthouse. RSAC at ¶¶ 183, 188, 195, 201-203.

**Claim 44:** Section 1983 claim based on alleged violations of Adil's Fourth and Fifth Amendment rights, when McChristian and Plett allegedly used excessive force against Adil when arresting him. RSAC at ¶¶ 1070-1072.

After being served with the RSAC, Officers filed an answer, Dkt. No. 130, and plaintiff moved to strike, Dkt. No. 143. Before Officers filed an opposition to the motion to strike, this court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Strike the Answer of Superior Court of California, County of Santa Clara. Dkt. No. 163. After receiving the Order relating to the Superior Court's answer, Officers filed their opposition, Dkt. No. 174, acknowledging that some defenses included in their answer were improper negative defenses based on the court's prior Order. Dkt. No. 174 at 2-3. Plaintiff then filed a reply. Dkt. No. 176.

## II. Analysis

### A. The *Twombly/Iqbal* standard applies to affirmative defenses

Although the Ninth Circuit and other circuit courts have yet to rule on the issue, this Court has joined the majority of other district courts in applying the heightened pleading standard set forth in *Twombly* and *Iqbal*[1] to affirmative defenses. *See Spears v. First Am. eAppraiseIt*, 5-08-CV-00868-RMW, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013).

Applying the standards set forth in *Twombly* and *Iqbal* to affirmative defenses requires that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law*

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

ORDER
Case No. 13-CV-00228-RMW LM
- 2 -

*Grp., P.C.*, 11-CV-03323-LHK, 2012 WL 1029425 at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation marks omitted)). A defense may be insufficient "as a matter of pleading or a matter of law." *Scott v. Fed. Bond & Collection Serv., Inc.,* No. 10–2825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

"If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Id.* When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir.1979).

### B.  Application of *Twombly/Iqbal* to specific defenses

1) **Allegations not reflected in the complaint:** Officers agree to remove this affirmative defense because it does not apply to § 1983 claims. Dkt. No. 174 at 3.

2) **Failure to state claim:** Officers agree to remove this affirmative defense, which is an improper negative defense. Dkt. No. 174 at 2. However, Defendants may still assert this argument as an ordinary defenses to liability. *See Hernandez v. Dutch Goose, Inc.*, No. 13–3537, 2013 WL 5781476, at *7 (N.D.Cal. Oct. 25, 2013) ("Although struck with prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from arguing, in a motion or at trial, that [Plaintiff] has failed to state a claim.").

3) **Comparative fault—Plaintiff:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

4) **Comparative fault of third persons:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

5) **Actual cause:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

6) **Proximate cause:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

7) **Control of third persons:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

8) **Good faith (immunity):** As the complaint recognizes, the defendant Officers sued are state court employees or officers. This defense is appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of the defendants.

9) **Discretionary immunity:** As the complaint recognizes, the defendant Officers sued are state court employees or officers. This defense is appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of the defendants.

10) **No violation of rights:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

11) **Malicious intent:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

12) **Consent:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

13) **Failure to mitigate:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

14) **Estoppel:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

15) **Waiver:** This defense is not relevant to the § 1983 claims at issue.

16) **Assumption of risk:** This defense is not relevant to the § 1983 claims at issue.

17) **Frivolous, vexatious:** This is not an affirmative defense and is stricken with prejudice. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

18) **Unclean hands:** The court agrees that this defense is conclusory. The defense lacks any supporting facts or explanation as to how the defense applies to this case. The motion to strike is granted without prejudice to allow defendants to allege sufficient facts.

19) **Mandatory duties (immunity):** As the complaint recognizes, the defendant Officers sued are state court employees or officers. This defense is appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of the defendants.

20) **Immunity—lack of federal right:** As the complaint recognizes, the defendant Officers sued are state court employees or officers. This defense is appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of the defendants.

21) **Policy, custom, or practice:** Officers agree to remove this affirmative defense because there is no *Monell* claim. Dkt. No. 174 at 2.

22) **Exhaustion of administrative remedies:** Officers agree to remove this affirmative defense because it does not apply to § 1983 claims. Dkt. No. 174 at 3.

23) **No injunctive relief:** Officers agree to remove this affirmative defense because it does not apply to § 1983 claims. Dkt. No. 174 at 3.

24) **Standard of care—medical:** Officers agree to remove this affirmative defense because medical care is not at issue "if plaintiffs [sic] stipulate that medical care is not at issue in this litigation." Dkt. No. 174 at 2-3. In reply, plaintiff agrees that this defense is not applicable to his § 1983 claim. Dkt. No. 176 at 2-3.

25) **Assumption of the risk—medical injury:** Officers agree to remove this affirmative defense because medical care is not at issue "if plaintiffs [sic] stipulate that medical care is not at issue in this litigation." Dkt. No. 174 at 2-3. In reply, plaintiff agrees that this defense is not applicable to his § 1983 claim. Dkt. No. 176 at 2-3.

26) **Informed consent:** This defense is not relevant to the § 1983 claims at issue.

### C. Other issues

The answer does not seek affirmative relief. Although the answer seeks an award of costs, the recovery of costs is not a request for affirmative relief. *Oster v. Standard Life Ins. Co.*, No. C 09-00851 SBA, 2009 WL 1260174, at *2 (N.D. Cal. May 6, 2009).

Defendants agree to provide further answers to allegations in ¶¶ 106, 207, 208, and 115. Dkt. No. 174 at 4. The remaining denials in the answer are proper. The paragraphs of the complaint that defendants deny include vague language, terms of degree, legal conclusions, and other phrases that make them ambiguous. Accordingly, a general denial is proper.

Plaintiffs request for sanctions under Rule 11 or 28 U.S.C. § 1927 is both improperly made within the reply brief and is denied.

## III. Order

For the reasons explained above, the court orders as follows:

- Affirmative defenses 1, 2, 5, 6, 7, 10, 12, 15, 16, 17, 21, 22, 23, 24, 25, and 26 are struck with prejudice;
- Affirmative defenses 3, 4, 11, 13, 14, and 18 are stuck without prejudice; and
- Affirmative defenses 8, 9, 19, and 20 are not struck.

Defendant Officers may file an amended answer by March 11, 2015.

Dated: February 18, 2015

Ronald M. Whyte
United States District Judge