UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL K HIRAMANEK, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>L MICHAEL CLARK, et al.,<br><br>  Defendants. | Case No. 13-cv-00228-RMW<br><br>**ORDER DENYING MOTION TO STRIKE AMENDED ANSWER OF BETH MILLER**<br><br>Re: Dkt. No. 180 |

Plaintiffs move to strike the amended answer of defendant Beth Miller. Dkt. No. 180 (Motion); Dkt. No. 177 (Answer).[1] Plaintiffs' claim against Ms. Miller is a claim for "denial of access to the restroom based upon race" in Ms. Miller's individual capacity under 42 U.S.C. § 1983. *See* Dkt. No. 153 (Order on Motion to Dismiss) at 1-2. The answer includes nine affirmative defenses. Plaintiffs argue that the answer does not meet the *Twombly* and *Iqbal*[2] standard applied to affirmative defenses. The court does not find this persuasive. The first through fourth affirmative defenses are essentially immunity defenses. These defenses are appropriate and sufficiently pled when read in light of the facts alleged in the complaint and the identity of Ms. Miller, a state employee. The fifth through seventh affirmative defenses adequately explain the basis for Ms. Miller's defenses (i.e., failure to mitigate, plaintiffs at fault,

---

[1] Plaintiffs belief that Ms. Miller is in default is noted and is not persuasive.
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1  and lack of standing to seek an injunction) against plaintiffs' prayer for relief.  The eighth (statute

2  of limitations) and ninth (28 U.S.C. § 1654) affirmative defenses are sufficiently pled.  *See* Dkt.

3  No. 163 (Order granting in part motion to strike answer of Superior Court) at 4.  Accordingly,

4  plaintiffs' motion to strike is DENIED.

5  **IT IS SO ORDERED**.

6  Dated: February 18, 2015

7  _____
8  Ronald M. Whyte
   United States District Judge