UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL K HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>L MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE** |

Following the case management conference held on March 13, 2015, the Court received an email from plaintiffs requesting further clarification on issues raised at the case management conference. *See* Exhibit 1 to this Order. This order addresses those issues:

The Court set the following dates, which were agreed to by the parties:

| Scheduled Event | Date |
|---|---|
| Parties Complete Initial Disclosures | May 15, 2015 |
| Fact Discovery Cutoff | October 31, 2015 |
| Disclosure of Experts | October 31, 2015 |
| Expert Discovery Cutoff | December 15, 2015 |
| Last Day to Hear Dispositive Motions | February 5, 2016 at 9:00 a.m. |
| Joint Pretrial Statement | February 26, 2016 |

5:13-cv-00228-RMW
ORDER FOLLOWING CASE MANAGEMENT CONFERENCE
1

| Last Day for Settlement Conference before Judge Grewal | March 3, 2016 |
| --- | --- |
| Pretrial Conference | March 3, 2016 at 2:00 p.m. |
| Jury Trial | March 14, 2016 at 1:30 p.m. |

The Court set the following discovery limits:

- Depositions: 10 per side
- Interrogatories: 25 per party
- Requests for Admissions: 10 per party
- Document Requests: no numerical limit, but all requests must be narrowly tailored

The Court referred the parties to Magistrate Judge Grewal for any discovery disputes. A party requesting to amend the discovery limits may bring a noticed motion.

For purposes of discovery, only the following claims are at issue in the case:

- **Claim II-A:** ADA and Rehabilitation Act claim against the Superior Court of California, County of Santa Clara. This claim is brought by both plaintiffs. *See* Dkt. Nos. 163 at 1, 75 at 21, 98 at 11. Plaintiffs are seeking both damages and prospective injunctive relief. Dkt. No. 98 at 11. The availability of damages may depend in part on issues of quasi-judicial immunity. *Id.*

- **Claim 10:** Section 1983 claim against Polumbo and Plett in their individual capacities, based on alleged violation of Adil's Fourth Amendment rights, including "unreasonable and invasive bodily search, search of his property, seizure of his property, including mobile phone, deleting information/writing" and "unreasonabl[e] [detention] for unreasonably long periods of time." Dkt. No. 94-1 at ¶¶ 108-110, 116-119, Revised Second Amended Complaint (RSAC). This claim is brought by Adil only.

- **Claim 17:** Section 1983 claim against McChristian and Plett in their individual capacities, based on alleged violations of Adil's Fourth and Fifth Amendment rights, when McChristian and Plett allegedly detained, interrogated, and confined Adil at the Santa Clara County Superior Courthouse. RSAC at ¶¶ 183, 188, 195,

201-203. This claim is brought by Adil only.

- **Claim 35:** Section 1983 claim against defendant Beth Miller in her individual capacity, for violation of equal protection, based on denial of access to the restroom. This claim is brought by both plaintiffs and seeks damages and attorney's fees. *See* Dkt. No. 153.

- **Claim 44:** Section 1983 claim against McChristian and Plett in their individual capacities, based on alleged violations of Adil's Fourth and Fifth Amendment rights, when McChristian and Plett allegedly used excessive force against Adil when arresting him. RSAC at ¶¶ 1070-1072. This claim is brought by Adil only.

Both parties should preserve evidence related to other claims that Judge Chen previously ordered be maintained.

Plaintiff Adil Hiramanek raised numerous potential motions. The Court acknowledged that plaintiffs may file noticed motions on issues they believe have merit. However, plaintiffs should not bring motions that raise issues that were previously decided. For example, plaintiffs sought permission to bring a motion under Rule 54(b). Plaintiffs have already filed one such motion, Dkt. No. 129, which was denied, Dkt. No. 166. Plaintiff Adil raised the possibility of a "*Mitchum v Foster*" motion, a motion to bifurcate issues, and a motion to add Burgess as a defendant. Should plaintiffs file a motion to add Burgess as a defendant, the motion must set forth the specific facts to be asserted against Burgess.

Finally, plaintiff requested that the proceedings be recorded. As noted in the case management order, the proceedings were reported by the court reporter. Dkt. No. 200. Plaintiff may order a transcript of the proceedings.

**IT IS SO ORDERED**.

Dated: March 16, 2015

_____
Ronald M. Whyte
United States District Judge

5:13-cv-00228-RMW
ORDER FOLLOWING CASE MANAGEMENT CONFERENCE
3

**Exhibit 1**

----- Forwarded by Jackie Garcia/CAND/09/USCOURTS on 03/16/2015 09:20 AM -----

| | |
|---|---|
| From: | H <hiramane2@yahoo.com> |
| To: | "Jackie_Garcia@cand.uscourts.gov" <jackie_garcia@cand.uscourts.gov> |
| Date: | 03/15/2015 08:01 AM |
| Subject: | 13-0228 |

Hi Ms. Garcia,

The minute order [Docket #200] of the last Friday's [3/13/15] CMC, presumably prepared by you, is incomplete.

Along with Burgess matter, I raised the following issues:

1. Claims dismissed at district court level but which may not be addressed 4-5 years from the date of claims due to length of case time and Plaintiff Roda's 85 year age. I suggested, and the Judge agreed, that I could file a motion now to certify those issues/claims for appeal

2. I raised Defendants conflict of interest and sabotaging of the federal case, and proposed a "Mitchum v. Foster" motion, which the Judge said I could file the motion for his consideration

3. I raised bifurcation of issues, which the Judge agreed upon, but stated that he will consider it on motion, or down the road. I gave the example of there would be no need for counsel Mark Bernal to be present in a deposition or trial on ADA issues, which are being defended, now by counsel Tara Clancy

4. I objected to the small quota/limits on depositions, interrogatories and requests for admission. The Judge stated that these are initial limits, and if the need arises, a party may request for the limits to be relaxed

5. I asked that for the benefit of absent Plaintiff Roda, and even due to her poor language skills if the court proceedings could be recorded, so that the proceedings could be played back at a speed and repeated for her to understand at her 85 years of age, with hearing and language impairment. I believe the Judge was amenable to it.

6. The judge also said that the previous court orders on point, except lifting of stay on discovery, remain in place. This included Judge Chen's prior court orders on preserving discovery on claims dismissed that may come back to the district court after appeal.

Please incorporate the above events of the CMC in the minute order, and revised Docket #200

Thank you

Sincerely,

Adil Hiramanek

_____

This email transmission contains confidential information which is legally privileged and constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. CIRCULATION OF THIS EMAIL TO

ANYONE IS STRICTLY PROHIBITED. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication. If you are not the intended recipient, TAKE NOTICE any disclosure, copying, distribution or the taking or not taking of any action in reliance on the content of the information is STRICTLY PROHIBITED
------------------------------------------------------------------------