UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL K HIRAMANEK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD LOFTUS, et al.,<br><br>Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER DENYING EX PARTE MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 205 |

Plaintiff Adil Hiramanek moves ex parte for a preliminary injunction enjoining the Defendant Superior Court of California from taking various actions allegedly in violation of the Americans with Disabilities Act (ADA).  Dkt. No. 205.  Although the proposed injunction is worded extremely broadly, and would enjoin the Superior Court from taking any action that is a violation of the ADA, Hiramanek's request is based on alleged denials of access to the Court-Call telephonic appearance service by the Superior Court.  Dkt. No. 205-2.

First, the court notes that Judge Chen has previously denied similar injunction requests in this case.  *See* Dkt. Nos. 29, 40.  Judge Chen's denials were summarily affirmed by the Ninth Circuit.  *See* Dkt. No. 74.  Judge Chen denied the requests for several reasons this court also finds persuasive.  First, the proposed injunction is problematic because it is, in effect, an obey-the-law injunction.  Such injunctions are generally disfavored.  *See EEOC v. Autozone, Inc.*, 707 F.3d 824

5:13-cv-00228-RMW
Order Denying Preliminary Injunction           1

1   (7th Cir. 2013). Second, there is no showing that Hiramanek will be denied the use of Court Call

2   in the future, suggesting that he does not have standing to pursue injunctive relief. *See City of Los*

3   *Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (stating that "'[past] exposure to illegal conduct does

4   not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by

5   any continuing present adverse effects'"). Third, *Younger* abstention may apply, as Hiramanek is

6   essentially asking this court to direct the state court's management of its cases. *See Potrero Hills*

7   *Landfill, Inc. v. City of Solano,* 657 F.3d 876, 882 (9th Cir. 2011). *Younger* concerns are

8   especially strong at this point, because it appears that Hiramanek is seeking to force the Superior

9   Court to hold hearings, and allow him to appear by phone, in all of his litigations. Hiramanek has

10  been declared a vexatious litigation in state court, and directing the Superior Court to hold

11  hearings in connection with his various filings may conflict with the Superior Court's prior

12  vexatiousness determination. *See* Cal. Code Civ. Proc. § 391.7.

13  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

14  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

15  balance of equities tips in his favor, and that an injunction is in the public interest.'" *Alliance for*

16  *the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter v. Natural Res.*

17  *Def. Council*, 555 U.S. 7, 20 (2008)).

18  Here, Hiramanek has not shown that he is likely to suffer irreparable harm in the absence

19  of preliminary relief. Nothing in Hiramanek's papers suggests that he has actually been denied an

20  appearance at a hearing. For example, Hiramanek contends that the Superior Court "made adverse

21  rulings against me, even though I had previously scheduled a 'Court-Call' appearance, which was

22  rendered moot." Dkt. No. 205-1. Similarly, Hiramanek complains that "On or about Mar. 4,

23  2015, Defendant made adverse rulings against me, while my pleas to appear by phone were

24  ignored." *Id.* There is no mention of any hearings taking place. Furthermore, the statement that

25  Hiramanek had "previously scheduled" a Court-Call appearance suggests that he is actually *not*

26  being denied access to telephonic appearances, when the Superior Court has a hearing. Courts

27  routinely decide matters without a hearing, and it is not a violation of the ADA to do so.

28  5:13-cv-00228-RMW
    Order Denying Preliminary Injunction     2

United States District Court
Northern District of California

Hiramanek, in a supplemental declaration, also contends that the Superior Court did not accommodate another member of the public. Dkt. No. 206. Hiramanek does not have standing to bring ADA claims, or seek an injunction, on behalf of other people. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

Furthermore, it does not appear from the record in this case that Hiramanek actually has any trouble appearing at the Santa Clara County Superior Courthouse. In his motion he notes filing papers in person and observing others at the courthouse. Most of his allegations in his complaint relate to events that took place while he was present at the courthouse.

Finally, there is no basis for plaintiff to proceed *ex parte*. Plaintiff argues that the court should issue a temporary restraining order without notice to the Superior Court under Federal Rule of Civil Procedure 65(b). Under Rule 65(b), a "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Here, as explained above, no such showing has been made.

Accordingly, because Hiramanek has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief, the motion for an *ex parte* preliminary injunction is DENIED.

**IT IS SO ORDERED**.

Dated: April 24, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

5:13-cv-00228-RMW
Order Denying Preliminary Injunction            3