UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIL K HIRAMANEK, et al.,

    Plaintiffs,

v.

RICHARD LOFTUS, et al.,

    Defendants.

Case No. 5:13-cv-00228-RMW

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Re: Dkt. No. 203

In plaintiffs' motion for reconsideration of this court's Order Granting in Part Leave to Amend, Dkt. No. 107, plaintiff Adil Hiramanek sought leave to add defendant Caitlin Burgess to claims 38 and 46, which related to a criminal forgery prosecution. *See* Dkt. No. 115 at 4-5. In addition, "on counts passing review [#10, #17, #44]" Hiramanek sought "leave to correct a typo error to add Defendant Burgess, a private party, conspiring with state actor, McChristian, on false forgery claim." Dkt. No. 107 at 25. At that point, it was not clear that the criminal forgery prosecution was concluded, or the outcome of that prosecution. The court therefore required plaintiff to address whether his § 1983 claims arising out of the forgery prosecution were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff later explained to the court that the forgery prosecution was "dismissed/withdrawn," and therefore *Heck* was not a barrier to his § 1983

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR LEAVE TO AMEND

1

claims. Dkt. No. 125.[1] Plaintiff now seeks leave to add Burgess as a defendant to twelve of his claims, including nine claims previously dismissed with prejudice. Dkt. No. 203. The only issue the court will consider is whether Burgess should be added to claims 10, 17, 38, 44 and 46, per Hiramanek's original request for reconsideration.[2] For the reasons explained below, the court DENIES the motion for leave to amend.

Burgess is a private attorney who represented Hiramanek in various state court proceedings. Hiramanek now seeks to assert 42 U.S.C. § 1983 claims against Burgess. Because Burgess is not a state actor, Hiramanek must allege sufficient facts to plausibly suggest that Burgess "conspired or entered joint action with a state actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Hiramanek alleges that Burgess entered into a conspiracy with state actors, including a judge and court security officers, to "frame" plaintiff in a criminal forgery prosecution. Dkt. No.

---

[1] The court notes that it is still unclear as to the outcome of the criminal forgery charges. Hiramanek states "Adil *has no conviction* on any forgery charge," Dkt. No. 125 at 2, but previously stated that he was forced to enter a plea, Dkt. No. 107 at 22.
[2] Claim 38, in Hirmanek's words, "pertains to Defendant Clark and County maliciously and doggedly continuing to pursue criminal prosecutorial acts against Plaintiff Adil, even after discovering exculpatory evidence that Plaintiff Adil did not commit alleged forgery." Dkt. No. 107 at 22. Claim 46 relates to ineffective assistance of counsel. *Id.* at 25.

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR LEAVE TO AMEND
2

125. Hiramanek's theory is that Burgess was receiving adverse rulings in a child custody dispute and that in order to win the favor of the presiding judge, she agreed to frame Hiramanek at the judge's request. Dkt. No. 125 at 3. Although Hiramanek's papers are lengthy, his factual support for such a claim is lacking. The facts actually put forth in the motion do not support a plausible conspiracy.

The facts, read in the light most favorable to Hiramanek, simply recite the details of the criminal forgery investigation and prosecution and do not suggest a conspiracy. Most of the facts are not even relevant to a conspiracy between Burgess and a state actor, but rather to an alleged conspiracy amongst the judge and other court personnel. The court previously dismissed such allegations with prejudice. *See* Dkt. No. 98. The facts relating to Burgess suggest that Burgess (1) spoke with a court security officer about Hiramanek, (2) referred investigators to other attorneys that Hiramanek had worked with, and (3) testified when required to during the forgery prosecution. *See, e.g,* Dkt. No. 125 at 8 (alleging that Burgess "conspired" with McChristian (an officer) to have the latter approach Reynolds (another attorney)); *id.* at 9. It is not a "conspiracy" to cooperate with an investigation. Conspiracy requires "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir. 1989).

Other than Hiramanek's speculation, no facts support a finding of a conspiracy sufficient to convert  Burgess into a state actor for purposes of § 1983. *See Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (court cannot rely on "unwarranted deductions of fact, or unreasonable inferences."). The closest Hiramanek comes is his allegation that "while waiting in a small courtroom in the audience section, during a break session, much to Plaintiff's shock and surprise, Plaintiff, sitting nearby, could overhear Defendant McChristian [a court security officer] and Burgess, planning and asking each other to fabricate, and corruptly conspire with each other to ensure that Plaintiff is held to the forgery criminal allegation." Dkt. No. 203 at 10-11. This allegation is not supported by any specific statements between Burgess and McChristian that could lead to the plausible conclusion

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR LEAVE TO AMEND
3

that they were conspiring to violate plaintiff's constitutional rights. It is entirely plausible from this allegation that plaintiff simply overheard Burgess and McChristian discussing the investigation, which is not a violation of plaintiff's constitutional rights. Considering that plaintiff's motion is rife with purported "direct quotes" from various defendants, it is suspicious that this allegation contains no supporting facts.

The unreasonable inferences and deductions that plaintiff draws from the facts the alleges further supports the court's conclusion that plaintiff's conclusory allegation of a conspiracy are not sufficient to raise a plausible claim. For example, plaintiff draws a conclusion that "Burgess [was] corruptly conspiring with 'Defendants' to frame Plaintiff with false forgery allegation" based on a declaration that states "Burgess related to me [a third party] words to the effect that she had had an appellate case client, and lamented that she had no experience in appellate work, and had wanted to get out of that case." *Id.* at 13. How that statement supports a conspiracy between Burgess and McChristian is not explained.

The circumstantial evidence plaintiff cites in support of a conspiracy is also not plausible. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). For example, plaintiff submits that Burgess "was petrified" at a court appearance, and "only a guilty person, who has participated in a false conspiracy to frame someone, can feel uncomfortable, or nervous, simply at the sight of ordinary people." Dkt. No. 203 at 10. This sort of logic is not sufficient to support a conspiracy allegation.

Finally, there are no facts supporting the conclusion that Burgess was involved in any of the actions that are the basis for claims for which plaintiff originally sought leave to amend. *See* Dkt. No. 201 (claims II-A, 10, 17, 35 and 44). Accordingly, the motion for leave to amend is DENIED.

**IT IS SO ORDERED**.

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR LEAVE TO AMEND
4

Dated: April 24, 2015

_____
Ronald M. Whyte
United States District Judge