UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al., | Case No. 5:13-cv-00228-RMW |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER** |
| v. | |
| L. MICHAEL CLARK, et al., | **(Re: Docket No. 218)** |
| Defendants. | |

Defendant Superior Court of California seeks an order quashing the 19 subpoenas Plaintiffs Adil Hiramanek and Roda Hiramanek have served on various court officers, staff and others.[1] SCCA also seeks a protective order requiring Plaintiffs to seek leave of court before issuing any further subpoenas.[2] Plaintiffs oppose.

Pursuant to Fed. R. Civ. P. 45(d)(3), SCCA argues that (1) Plaintiffs may not depose or seek records from a non-party judicial officer on acts and thought processes made in his or her

---

[1] The subpoenas for testimony and records target: Hon. Socrates Manoukian, Hon. L. Michael Clark, Hon. William Elfving. The subpoenas for records target: David Yamasaki, Georgia Ku, Hon. L. Michael Clark, Hon. Drew Takaichi, Edward Mills, Hon. William Elfving, Pam Juarez, Hon. Socrates Peter Manoukian, Hon. Carol Overton, Hon. Rise Pichon, Hon. Brian Walsh, Hon. James Stoelker, Hon. Mary Arand, Defendant Beth Miller, Hon. Eugene Premo and Hon. Conrad Rushing.

[2] Defendants McChristian, Plett and Polombus join Defendant Superior Court of California's motion and adopt the same reasoning. *See* Docket No. 219. Along the same lines, these Defendants move to quash identical subpoenas that target: Defendant Daryll McChristian, Defendant Plett, Defendant Polombus, LeMond Davis, Susan Taylor, Daniel Enright, Helen Camua, Duane Spade and Deputy Low.

1

Case No. 5:13-cv-00228-RMW
ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

official capacity; (2) the subpoenas are overbroad in that they exceed the scope of permissible discovery outlined by the presiding judge;[3] (3) if any witness has information relevant to Plaintiffs' limited claims, Plaintiffs can obtain such information through less intrusive means such as through party document requests pursuant to Fed. R. Civ. P. 34 and (4) the requests are vague, ambiguous and overbroad.

Plaintiffs' subpoena requests read as follows:

> "All 'Documents', 'Emails', incl. 'Writing', 'Recording', 'Photograph', defined by Rule 1001, Federal Rules of Evidence, & Rule 34 FRCP, in your possession, custody , or control, associated with Plaintiffs Adil Hiramanek and Roda Hiramanek from 1/1/2011 to date.  'Associated' means connected to, related with, or concerning."

The subpoenas were served on parties and non-parties alike, many of whom are not connected in any way to the five remaining claims in the case.  Further, these subpoenas seek information that is exclusively within the possession, custody, and control of SCCA.  Plaintiffs put forth no evidence that might suggest that the subpoenaed individuals have any information above and beyond that housed at the SCCA itself.  And Plaintiffs have already sought such information through comprehensive and lengthy Rule 34 requests.

Under Fed. R. Civ. P. 45(d)(1), a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena."  Plaintiffs have not shown good cause to justify imposing such a burden on the witnesses—many of whom are members of the state judiciary.  Sitting judges "may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated [them] in the performance of [their] official duties."[4]  Nor may a judge be compelled to testify regarding official matters unless "there exists a sufficient basis to conclude that the judge 'possess[es] factual knowledge . . . and [is] the only possible source of testimony on that knowledge.'"[5]  None of these factors are satisfied here.

---

[3] *See* Docket No. 201 (permitting discovery only on claims II-A, 10, 17, 35 and 44).

[4] *United States v. Roth*, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004); *see United States v. Morgan*, 313 U.S. 409, 422 (1941).

[5] *Bliss v. Fisher*, 714 F. Supp. 2d 223, 223-24 (D. Mass. 2010) (quoting *United States v. Frankenthal*, 582 F.2d 1102, 1108 (7th Cir. 1978)).

2
Case No. 5:13-cv-00228-RMW
ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

Parties must be particularly cautious when the judges and others targeted are nonparties.[6] Here, the vast majority of subpoenas target members who are not parties to the litigation and are unlikely to have any new information that party-witnesses could not tender. Such subpoenas are improper.

As to those subpoenas against individuals who are not judges—David Yamasaki, Georgia Ku, Edward Mills, Pam Juarez and Defendant Beth Miller—these individuals are all employed by SCCA. To the extent these individuals might have any information, it would be within the custody, possession or control of SCCA and subject to discovery requests already served. Because these subpoenas are duplicative, they present an unnecessary burden.[7]

Plaintiffs' primary argument in opposition challenges SCCA's standing to quash subpoenas on behalf of nonparties. While the plain language of Rule 45 supports such an argument, courts have consistently held that a party can move to quash a subpoena where the party has a personal right or privilege in the information sought to be disclosed.[8] As the employer of the subpoenaed non-parties, there is no doubt that SCCA has such an interest and that the acts of its judges and staff are attributable to it. Finding SCCA's standing proper, the motion to quash is GRANTED.

Finally, Defendants properly rely on Fed. R. Civ. P. 26(c)(1) to seek a protective order preventing Plaintiffs from serving further subpoenas absent leave of the court. Under Rule 26, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." In fashioning such relief, a court may issue an order forbidding

---

[6] *See United States v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party. . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party.").

[7] The same reasoning applies to Defendant McChristian, Defendant Plett, Defendant Polombus, LeMond Davis, Susan Taylor, Daniel Enright, Helen Camua, Duane Spade and Deputy Low. These individuals are employed by the Office of the Santa Clara County Sheriff. To the extent these individuals might have relevant information, it is within the possession, custody or control of the Office. Counsel for Defendants McChristian, Plett and Polombus offered to accept service on behalf of the Office, but Plaintiffs have not acted on that offer. Subpoenas as to these individuals similarly are quashed.

[8] *See, e.g.*, *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, Case No. 13-cv-01395, 2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014); *Chevron Corp. v. Donziger*, Case No. 12-mc-80237, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013).

certain types of discovery, prescribing a discovery method other than the one selected by the party seeking discovery or limiting the scope of discovery, among other remedies.[9] In light of Plaintiffs' history of broadly and indiscriminately serving subpoenas on non-parties without any substantial basis, the court finds it proper to limit the manner in which Plaintiffs may avail themselves of Rule 45.[10] The motion for protective order is GRANTED. From this point forward, if Plaintiffs wish to serve subpoenas on any non-parties, Plaintiffs must first seek leave of the court and show good cause for serving any such subpoena.

**SO ORDERED.**

Dated: August 20, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[9] See Fed. R. Civ. P. 26(c).

[10] See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980) (noting that discovery should be more limited to protect third parties from harassment or inconvenience).

4

Case No. 5:13-cv-00228-RMW
ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER