UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL K HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 251)**<br><br>Re: Dkt. Nos. 263, 264 |

On September 2, 2015, Plaintiffs Adil and Roda Hiramanek filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. Dkt. No. 263. Plaintiffs' motion, filed pursuant to Fed. R. Civ. P. 72(a), recites twenty-seven objections to the magistrate judge's Order Granting Defendants' Motion to Quash Subpoenas and for Protective Order, Dkt. No. 251. The magistrate judge's order quashed nineteen of Plaintiffs' subpoenas aimed at various court officers, staff, and others. Dkt. No. 251 at 1. "In light of Plaintiffs' history of broadly and indiscriminately serving subpoenas on non-parties without any substantial basis," the magistrate judge ordered that "[f]rom this point forward, if Plaintiffs wish to serve subpoenas on any non-parties, Plaintiffs must first seek leave of the court and show good cause." *Id.* at 4.

Later on September 2, 2015, Plaintiffs filed a separate motion that recited the same twenty-seven objections but purported to apply the legal standard of Fed. R. Civ. P. 72(b), which applies

to the review of "dispositive motions."[1] Dkt. No. 264. As the court's prior orders have made clear, consent to magistrate judge jurisdiction is not required for discovery matters, and discovery orders such as the one at issue here are not considered "dispositive." Dkt. Nos. 240, 265; 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72. Plaintiffs' "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge," Dkt. No. 264, thus applies an incorrect legal standard and is duplicative of their earlier motion, Dkt. No. 263. Accordingly, the "Motion for De Novo Determination," Dkt. No. 264, is **DENIED**.

Turning to the earlier-filed Motion for Relief, Dkt. No. 263, Plaintiffs acknowledge that their thirteen-page motion fails to comply with Civil Local Rule 72-2, which limits a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge to five pages. Dkt. No. 263 at i n.1 (requesting "administrative relief to file this slightly oversized motion"). The court disagrees that Plaintiffs' motion is "slightly" oversized. On its face, the motion is nearly three times the length permitted by the local rules, and that does not include Plaintiffs' 28-page "declaration" in support of the motion, Dkt. No. 263-1, which overflows with arguments and citations. *See* Civ. L.R. 7-5(b) ("An affidavit or declarations may contain only facts . . . and must avoid conclusions and argument."). Future failure to follow the court's procedural rules may result in appropriate sanctions, including a refusal to review pages of motions exceeding the applicable limits. *See* Civ. L.R. 1-4.

With regard to the substance of Plaintiffs' objections, the magistrate judge's order provided multiple, independent reasons for quashing Plaintiffs' subpoenas and granting a protective order. The court finds no portion of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Accordingly, the magistrate judge's order is **AFFIRMED**.

Dated: September 16, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

---

[1] Plaintiffs' motion "maintains that Magistrate Judge lacks jurisdiction, but involuntarily follow[s] Civil L.R. 72-[2/3]." Dkt. No. 263 at i n.1; Dkt. No. 264 at i n.1.