UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL K HIRAMANEK, et al., <br><br>    Plaintiffs, <br><br> v. <br><br> L. MICHAEL CLARK, et al., <br><br>    Defendants. | Case No.  5:13-cv-00228-RMW <br><br> **ORDER DENYING MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 269)** <br><br> Re: Dkt. Nos. 275, 276 |

On September 15, 2015, Plaintiffs Roda and Adil Hiramanek each filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge *and* Motion for De Novo Determination. Dkt. Nos. 275-276. Both motions object to the magistrate judge's September 9, 2015 Order Granting-in-Part Plaintiffs' Motions to Compel production from Defendants the Superior Court of California, County of Santa Clara, and Beth Miller, Dkt. No. 269. That order granted Plaintiffs' motions to compel with respect to a subset of Plaintiffs' document requests but denied Plaintiffs' other requests for relief. Dkt. No. 269 at 3.

The magistrate judge's order is reviewed pursuant to Fed. R. Civ. P. 72(a).[1] For the reasons stated below, Plaintiffs' motions are DENIED.

---

[1] "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. Cir. Civ. P. 72(a).

1
5:13-cv-00228-RMW
ORDER DENYING MOTIONS FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE
RS

## I.      RODA HIRAMANEK'S MOTION (DKT. NO. 275)

The thrust of Ms. Hiramanek's motion is that because Defendants mailed a single set of discovery responses and objections addressed to both Adil Hiramanek and his mother Roda Hiramanek (rather than sending two sets of responses), the court should have disregarded Defendants' objections. *See* Dkt. No. 275 at 4. The magistrate judge's order notes: "As Hiramanek admitted to the court, he and his mother reside at the same address and share the same mailing address." Dkt. No. 269 at 2. Ms. Hiramanek has also filed papers in this court indicating that they come from "Roda Hiramanek c/o Adil Hiramanek." *E.g.* Dkt. Nos. 252, 254. On these facts, the magistrate judge's conclusion that Defendants' service on Plaintiffs was proper, Dkt. No. 269 at 2, is neither clearly erroneous nor contrary to law.

## II.     ADIL HIRAMANEK'S MOTION (DKT. NO. 276)

Mr. Hiramanek's motion recites eleven objections including, among others, issues with Defendants' service of their discovery responses, Dkt. No. 276 at 2-6, issues with Defendants' objections to requests for production, *id.* at 6-10, and issues with Defendants' alleged failure to sufficiently meet and confer, *id.* at 14-17.

The court notes that Mr. Hiramanek has again failed to comply with Civil Local Rule 72-2, which limits a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge to five pages. Mr. Hiramanek's motion, Dkt. No. 276, is seventeen pages long. While the court prefers decide disputes on their merits, since September 1, 2015, Plaintiff has filed four motions that exceed the limits of Civ. L.R. 72-2.[2] The court has warned Plaintiff that "failure to follow the court's procedural rules may result in appropriate sanctions, including a refusal to review pages of motions exceeding the applicable limits." Dkt. No. 280 at 2. In the future, if Plaintiff believes he can justify using additional pages, he may request leave from the court in advance of a filing deadline. The court notes, however, that Plaintiff's conclusory assertion that "[g]iven the # of objections/errors it is impossible to fit within the page limit," Dkt. No. 276 at i n.1, is insufficient. This is particularly true where, as here, portions of Plaintiff's motion simply repeat arguments that

---

[2] Dkt. Nos. 263 (thirteen pages), 264 (sixteen pages), 266 (ten pages), and 276 (seventeen pages).

the court has already rejected.[3]

Despite its length, Plaintiff's motion largely ignores the magistrate judge's explanation that "[a]ll other relief requested is DENIED because the discovery sought either is not relevant to the claims at issue in this case, is not reasonably calculated to lead to admissible evidence, or is not sufficiently relevant or reasonably calculated to justify the burden of their production." Dkt. No. 269 at 3. While Plaintiff takes issue with the form of Defendants' responses and Defendants' alleged failure to adequately meet and confer, he does little to explain why the magistrate judge was incorrect to find that Plaintiffs' discovery requests were improper in the first instance.

Thirteen pages into his motion, Mr. Hiramanek argues that the magistrate judge erred in not compelling production in response to Plaintiff's Request for Production No. 22 to Miller, which sought "[a]ny and all document, pertaining to Beth Miller's racial origin, national origin, color, religious following." Dkt. No. 276 at 13 n.35. Even assuming that some of the information sought is relevant to Plaintiff's discrimination claims, the magistrate judge could reasonably conclude that Plaintiff's request for "any and all documents" was not reasonably calculated to justify the burden of production. The magistrate judge's refusal to compel production in response to RFP 22 was not clearly erroneous or contrary to law.

Hiramanek also argues that the magistrate judge erred in not compelling production in response to Plaintiff's Request for Production No. 23 to Defendant Superior Court, which sought documents supporting Defendant's position that Plaintiff did not incur damages. Dkt. No. 276 at 13. Defendants' papers indicate that Defendants agreed to supplement their response, Dkt. No. 250 at 10, and Plaintiff's papers do not articulate any objection to Defendants' *supplemental* response, Dkt. No. 276 at 14 (citing Dkt. Nos. 231, 256). Accordingly, the magistrate judge's refusal to compel production in response to RFP 23 was not clearly erroneous or contrary to law.

---

[3] *See* Dkt. No. 276 at 1-2 (requesting both review for clear error *and* de novo review of the order). As stated in this court's prior orders, the parties are not entitled to de novo determination of discovery orders by the magistrate judge. Dkt. No. 280 at 2.

### III. ORDER

For the reasons explained above, the magistrate judge's order is **AFFIRMED**.

Dated: September 25, 2015

_____
Ronald M. Whyte
United States District Judge