UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>L. MICHAEL CLARK, et al.,<br><br>  Defendants. | Case No. 13-cv-00228-RMW<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY**<br><br>**(Re: Docket No. 307, 316)** |

Before the court are two ex parte motions by Plaintiff Adil Hiramanek for leave to conduct third-party discovery.[1] Earlier in this case, "[i]n light of Plaintiffs' history of broadly and indiscriminately serving subpoenas on non-parties without any substantial basis," the court ordered Plaintiffs to seek leave of the court and show good cause before serving any further third-party discovery.[2] Because the court finds that Hiramanek has shown good cause for some, but not all, of the third-party discovery he seeks, the court GRANTS-IN-PART Hiramanek's motions as set forth below.

*First*, Hiramanek seeks leave to conduct discovery related to Claims 10, 17 and 44 of Plaintiffs' Second Amended Complaint.[3] Each of these claims alleges violations of Hiramanek's civil rights by various court security officers at the Santa Clara County Superior Courthouse, and

---

[1] *See* Docket Nos. 307, 316.

[2] Docket No. 251 at 4.

[3] *See* Docket No. 307 at 1; *see also* Docket No. 201 at 2-3.

1

Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY

Judge Whyte has ordered that Hiramanek may seek discovery in connection to these claims.[4] Through this discovery, Hiramanek has learned that third party Ed Yearman, a sheriff's deputy, recommended that the sheriff's office take certain precautions when Hiramanek went to county buildings. Hiramanek therefore seeks depositions and document production from Yearman and the Santa Clara County Sheriff.

Hiramanek may serve his proposed deposition subpoena on Yearman in his individual capacity.[5] The court notes that, in taking this individual third-party deposition, Hiramanek need not—and may not—specify particular topics on which Yearman is to testify.

Hiramanek's other subpoenas, however, are deficient. Hiramanek seeks to depose a representative of the Santa Clara County Sheriff under Fed. R. Civ. P. 30(b)(6) about "[a]ll matters related to Claims # 10, #17, #35, #44, of Docket #201 to this case."[6] But Claim 35—against Defendant Beth Miller in her individual capacity for allegedly discriminating against Plaintiffs by denying them access to the restroom[7]—has nothing to do with the Sheriff. More importantly, Rule 30(b)(6) commands that the subpoena must "describe with reasonable particularity the matters for examination." This subpoena is far too broad to satisfy this requirement.

Similarly, Hiramanek's requests for documents seek "[a]ll [documents] . . . associated with Claims # 10, #17, #35, #44 of Docket #201 of this case" from each of Yearman and the Sheriff.[8] A request for documents must "describe with reasonable particularity each item or category of items" to be produced.[9] As above, Hiramanek's requests fail to do so.

---

[4] *See* Docket No. 201 at 2-3.

[5] *See* Docket No. 307-1 at Ex. D.

[6] *Id.* at Ex. E.

[7] *See* Docket No. 201 at 3.

[8] *See* Docket No. 307-1 at Exs. H, I.

[9] Fed. R. Civ. P. 34(b)(1)(A).

2
Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY

***Second***, Hiramanek seeks leave to conduct discovery related to Claim II-A of Plaintiffs' Second Amended Complaint, which alleges that Defendant Superior Court of California improperly denied Plaintiffs' requests for disability accommodations.[10]  SCCA admits that it denied certain of Plaintiffs' requests for telephone appearances through third-party vendor CourtCall and for e-filing through third-party vendor Glotrans.[11]

However, SCCA raises several affirmative defenses that Hiramanek argues he cannot explore effectively without discovery from these third parties.  For instance, SCCA claims that "the relief sought by Plaintiffs would constitute or result in an undue financial or administrative burden."[12]  SCCA also raises affirmative defenses that Plaintiffs' requests for telephonic appearance might "fundamentally alter the manner in which court proceedings operate" and that "the relief sought by Plaintiffs is technically infeasible."[13]  Finally, SCCA claims that Plaintiffs' complaint "is barred in whole or in part because Plaintiffs' injury or injuries, if any, were caused by third parties acting outside the scope of agency, employment or control of Defendant."[14]

In light of these affirmative defenses, Hiramanek asks for permission to depose representatives of CourtCall and Glotrans.[15]  He also moves for leave to request documents regarding whether these vendors' services "would cause an undue burden, or fundamental alteration of the nature of program or services at Santa Clara County California Superior Court, and whether such [services are] technically infeasible."[16]

---

[10] *See* Docket No. 316; *see also* Docket No. 201 at 2.

[11] *See* Docket No. 178 at ¶ 23.

[12] *Id.* at 6-7.

[13] *Id.* at 7-8.

[14] *Id.* at 9.

[15] *See* Docket No. 316 at Exs. C, D.

[16] *Id.*

3
Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY

1  Hiramanek may serve his proposed subpoenas to CourtCall and Glotrans. These
2 subpoenas "describe with reasonable particularity" the discovery he seeks,[17] and that discovery is
3 tied to a viable claim.

**SO ORDERED.**

Dated: October 14, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[17] Fed. R. Civ. P. 30(b)(6); Fed. R. Civ. P. 34(b)(1)(A).

4

Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY