UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No. 13-cv-00228-RMW<br><br>**ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION FOR MISCELLANEOUS RELIEF**<br><br>**(Re:  Docket Nos. 272, 278, 306)** |

Before the court is a motion for a protective order by Defendants Superior Court of California, County of Santa Clara and Beth Miller.[1] Defendants claim that Plaintiff Adil Hiramanek repeatedly has pursued irrelevant personal information in both written discovery and in depositions. They also argue that Hiramanek has failed to comply with Fed. R. Civ. P. 30 when taking depositions. Hiramanek opposes Defendants' motion[2] and moves for his own miscellaneous relief related to purported discovery misdeeds by Defendants.[3] For the reasons set forth below, Defendants' motion is GRANTED-IN-PART, and Hiramanek's motion is DENIED.

*First*, the personal information that Hiramanek has sought is not relevant to his claims. He points out, correctly, that the broad scope of discovery in federal cases may lead to the disclosure of private information. But the scope of discovery is not infinite: Hiramanek may issue a request

---

[1] *See* Docket No. 272. The remaining Defendants later moved to join this motion. *See* Docket No. 278. The motion to join is GRANTED.

[2] *See* Docket No. 313.

[3] *See* Docket No. 306.

1

Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION FOR MISCELLANEOUS RELIEF

1   only if it "appears reasonably calculated to lead to the discovery of admissible evidence."[4]

2   Further, Judge Whyte has ordered that "all requests must be narrowly tailored."[5]

3   Hiramanek's requests for production related to Miller's biographical information, educational background and residence addresses exceed the scope of permissible discovery. Hiramanek now attempts to tie these requests to his discrimination claim—he says that he only sought information on Miller's discrimination training and that he wanted to find out whether she had engaged in discriminatory practices in her neighborhood. But the requests are broad and personal, and these supposed links to the claim are tenuous at best. Similarly unjustifiable are Hiramanek's requests for the blueprints of the courthouse, for all documents related to SCCA's phone records and for an admission of the genuineness of photographs purporting to show Miller with a young child.[6] Defendants need not respond to these requests.

The same logic applies to depositions. Even assuming that Caitlin Burgess—the only deponent thus far in this case—could provide any testimony about the claims at issue, Hiramanek went well beyond those claims in asking her about her family law case, personal finances and previous representation of Hiramanek. He may not go so far afield in any further depositions. Hiramanek must tailor all of his questioning narrowly to the claims still pending.

***Second***, other aspects of Hiramanek's conduct in depositions also warrant a protective order. Pro se parties must obey the rules of procedure,[7] but Hiramanek has flouted them repeatedly. At the first day of the Burgess deposition on July 13, Hiramanek showed exhibits from his laptop without identifying them, interrupted responses from the witness and interjected

---

[4] Fed. R. Civ. P. 26(b)(1).

[5] Docket No. 201 at 2.

[6] Hiramanek has since withdrawn this last request because he believes that Miller's counsel admitted that the photograph was genuine. *See* Docket No. 313 at 11-13.

[7] *See Green v. Dorrell*, 969 F.2d 915, 917 (9th Cir. 1992).

2

Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION FOR MISCELLANEOUS RELIEF

when Defendants' counsel tried to make objections for the record.[8]

Any new depositions that Hiramanek takes must comply with the Federal Rules of Civil Procedure. Hiramanek must identify and mark all exhibits provided to witnesses, and he must provide copies to counsel.[9] He argues that an exhibit used to frame a standalone question need not be marked or published, but the Rules say otherwise. Hiramanek must allow witnesses to complete their answers. He complains that he only interrupted Burgess because Defendants' counsel were tampering with her testimony, but he provides no proof to support this serious claim. As for speaking objections, Hiramanek accuses Defendants' counsel of abusing them to eat up deposition time. All parties should avoid speaking objections. Moreover, Defendants' counsel should instruct deponents not to answer only when permitted by Rule 30(d)(1). But Hiramanek must allow Defendants' counsel to state any necessary objections on the record and let them instruct witnesses not to answer when justified.

When the deposition continued on August 14, Hiramanek was unable to secure a stenographer, so a notary public administered the oath to Burgess and then left. Hiramanek recorded the deposition himself and has not provided the recording to Defendants' counsel.[10] In the process, as Defendants point out, Hiramanek violated several procedural rules applicable to depositions that are not recorded by a stenographer. Rule 30(c)(1) requires that the deposition officer—in this case, the notary—or an agent of the officer personally record witness testimony. Rule 30(b)(5)(B) requires that the officer repeat certain statements at the beginning of each unit of the recording medium. Rule 30(b)(5)(C) requires that the officer state on the record that the deposition is complete and set out any stipulations. And Rule 30(f)(3) requires that the officer keep a copy of the recording and furnish that copy to any party. The manner of recording for all future depositions must comport with each of the Rules cited above.

---

[8] *See* Docket No. 272-1 at ¶ 2; Docket No. 313-1 at Ex. T.

[9] *See* Fed. R. Civ. P. 30(f)(2).

[10] *See* Docket No. 272-1 at Ex. E.

3

Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION FOR MISCELLANEOUS RELIEF

However, some of what Defendants seek goes too far.  Barring all further discovery without a court order is a drastic remedy, and Defendants have not made a plausible case for it.  Hiramanek need not travel to Defendants' offices or the courthouse to take depositions, because none of the issues above relates to the venue.  Finally, a discovery referee would be costly and excessive.  If necessary, the parties can seek the court's intervention under Civ. L.R. 37-1(b).

***Third***, much of the relief that Hiramanek asks for in his motion may now be moot.  The communications that Hiramanek has presented seem to indicate that Defendants' delay in complying with discovery requests arose from their unwillingness to continue until the court had set ground rules for the scope of discovery and the conduct of depositions.[11]  The court has now done exactly that.  If Defendants still fail to meet their discovery obligations, Hiramanek may file a noticed motion to compel or for sanctions—and not an ex parte motion for miscellaneous relief.

The court denies the remainder of Hiramanek's requests.  Hiramanek accuses Defendants' counsel of tampering with stenographic reporters and third-party witnesses, but he provides no proof whatsoever that they have done so.  Hiramanek asks the court to order that oral meet and confer calls be recorded to prevent mischaracterizations.  But the parties appear perfectly capable of meeting and conferring by email, as evidenced by the vast quantities of these communications posted on the court's docket.  Finally, as the court has previously indicated, Defendants need not serve separate copies of documents on both Plaintiffs in this action, given that they are mother and son and live at the same address.

**SO ORDERED.**

Dated: October 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[11] Defendants also represent that Hiramanek set the deposition date unilaterally without consulting with opposing counsel as required by Civ. L.R. 30-1.  This alone excuses what Hiramanek characterizes as Defendants' failure to appear.

4
Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION FOR MISCELLANEOUS RELIEF