UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>      Defendants. | Case No. 13-cv-00228-RMW<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY**<br><br>**(Re: Docket No. 318, 319, 324, 325)** |

Before the court is another pair of ex parte motions by Plaintiff Adil Hiramanek for leave to conduct third-party discovery.[1] Earlier in this case, "[i]n light of Plaintiffs' history of broadly and indiscriminately serving subpoenas on non-parties without any substantial basis," the court ordered Plaintiffs to seek leave of the court and show good cause before serving any further third-party discovery.[2] Defendants Superior Court of California and Plett, McChristian and Polumbus—security officers at a Superior Court of California, County of Santa Clara courthouse—oppose.[3] Because the court finds that Hiramanek has shown good cause for only a limited portion of the third-party discovery he seeks, the court GRANTS-IN-PART Hiramanek's motions as set forth below.[4]

---

[1] *See* Docket Nos. 318, 324. Plaintiff Roda Hiramanek has joined in each of these motions. *See* Docket Nos. 319, 325.

[2] Docket No. 251 at 4.

[3] *See* Docket Nos 321, 326, 339.

[4] Hiramanek demands an oral hearing for each of his motions. Under Civ. L.R. 7-1(b), the court has the discretion to determine motions without oral argument. The court finds these motions

1

*First*, Hiramanek seeks leave to conduct further discovery related to Claims 10, 17 and 44 of Plaintiffs' Second Amended Complaint.[5] Each of these claims alleges violations of Hiramanek's civil rights by court security officers, and Judge Whyte has ordered that Hiramanek may pursue discovery in connection to these claims.[6] Accordingly, Hiramanek now asks for leave to issue three deposition and document production subpoenas.

Hiramanek directs the first of these subpoenas to the Santa Clara County Sheriff.[7] He seeks to depose a representative of the Sheriff under Fed. R. Civ. P. 30(b)(6) about "SC County Deputies' unreasonable & invasive body search; search and seizure of Adil's property; unlawful interrogation, confinement, use of excessive force, & cruel & unusual punishment on Adil, at County Courthouses during 2010-2013."[8] He also seeks the production of all documents, writings, recordings and photographs related to the above.[9] The officers object that the subpoena is still too broad. They also point out that the subpoena commands the deponent to appear at the office of the officers' counsel, but Hiramanek has not asked for permission to use that space.

This first subpoena "describe[s] with reasonable particularity" the matters for examination and the items to be produced.[10] The topics are broad, but they are restricted to deputies' interactions with Hiramanek.[11] Given the limited set of claims still at issue in this case, preparing

---

suitable for disposition without oral argument, so it exercises its discretion to do so.

[5] *See* Docket No. 318 at 1; *see also* Docket No. 201 at 2-3.

[6] *See* Docket No. 201 at 2-3.

[7] The court previously denied Hiramanek's ex parte motion to seek discovery from the Sheriff because his requests were too broad. *See* Docket No. 317 at 2.

[8] Docket No. 318 at Ex. A. Hiramanek has offered to modify the phrase "SC County Deputies'" to "Defendants'." *See* Docket No. 332 at 1 n.1.

[9] *See id.*

[10] Fed. R. Civ. P. 30(b)(6); Fed. R. Civ. P. 34(b)(1)(A).

[11] One of Hiramanek's topics for discovery is "SC County Deputies' unreasonable & invasive

a witness to testify to these topics and producing documents related to them will not impose an undue burden on the Sheriff. Hiramanek must obtain permission, however, to use the office of the officers' counsel for the deposition. If he cannot, he must choose a different venue.

On the other hand, Hiramanek's subpoena to Hon. L. Michael Clark[12]—a sitting judge of the Santa Clara County Superior Court—cannot be issued. Hiramanek argues that recent discovery confirms that the alleged civil rights violations underlying these claims were "in part or whole, directed by" Judge Clark. This is not a new allegation. Hiramanek has made similar claims in at least three of his previous complaints, and Judge Chen and Judge Whyte have dismissed the claims against Judge Clark each time.[13] Both Judge Chen and Judge Whyte found that judicial immunity applies because Hiramanek has not shown that Judge Clark was acting in anything but his official capacity.[14]

Therefore, Judge Clark may not be compelled to testify unless "there exists a sufficient basis to conclude that the judge possesses factual knowledge . . . and is the only possible source of testimony on that knowledge."[15] The court already has quashed a similar subpoena because Judge

---

body search," Docket No. 318 at Ex. A, which in isolation could be interpreted to encompass all such searches and not just those of Hiramanek. In context, however, it is clear that the topic is restricted to searches of Hiramanek.

[12] *See* Docket No. 318 at Ex. D.

[13] *See* Docket No. 19 at 11-12; Docket No. 75 at 17-21; Docket No. 98 at 3-4.

[14] *See* Docket No. 75 at 17-21; Docket No. 98 at 3-4. Hiramanek continues to argue that Judge Clark allegedly acted against him in a prosecutorial and not a judicial capacity. *See* Docket No. 318 at 5-6; Docket No. 332 at 8-9. Hiramanek misinterprets the previous rulings in this case. In determining whether an alleged act was judicial or non-judicial in nature, Judge Chen found that the "critical . . . factors in the instant case are (1) whether the precise act is a normal judicial function and (2) whether the controversy centers around a case then pending before the judge." Docket No. 75 at 18 (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)). Applying these factors, Judge Chen decided that all of Judge Clark's alleged actions were judicial in nature because they related to Hiramanek's pending case before him. *See id.* at 19-20.

[15] *See* Docket No. 251 at 2 (quoting *Bliss v. Fisher*, 714 F. Supp. 2d 223, 223-24 (D. Mass. 2010)).

Clark was not the only possible source of testimony on his conversations with the officers.[16] That has not changed.[17] Hiramanek can depose the officers, and they can testify to whether and how Judge Clark was involved in their alleged wrongdoings.

*Second*, Hiramanek seeks leave to conduct discovery related to Claim II-A of Plaintiffs' Second Amended Complaint, which alleges that SCCA improperly denied Plaintiffs' requests for disability accommodations.[18] In particular, he asks to compel Hon. Drew Takaichi, another judge of the Santa Clara County Superior Court, to appear for a deposition and produce documents about his denials of Hiramanek's applications for certain disability accommodations. Like Judge Clark, Judge Takaichi was acting in his official—judicial—capacity when he denied these requests.[19] "[A] judge may not be compelled to testify concerning . . . the reasons that motivated him in the performance of his official duties."[20]

Hiramanek protests that he cannot carry his burden of proving that these denials were unjustified without deposing Judge Takaichi. But whether a particular denial was unjustified depends not on the reasoning behind the denial but on whether the requested accommodation was objectively reasonable.[21] Hiramanek can gather evidence on reasonableness through written discovery and depositions on SCCA employees. Hiramanek's request to serve a subpoena on

---

[16] *See id.* at 2-3.

[17] None of Hiramanek's evidence is relevant to this analysis. The reports from the officers describe meetings with Judge Clark while he was acting in his judicial capacity. The testimony from Caitlin Burgess shows only that she had a family court matter before Judge Clark.

[18] *See* Docket No. 318 at 6; *see also* Docket No. 201 at 2.

[19] *See Duvall*, 260 F.3d at 1133 (holding that a judge "was acting in a judicial capacity when he refused to accommodate" the plaintiff's ADA requests because ruling on these requests was "a normal judicial function, as [was] exercising control over the courtroom while court is in session").

[20] *United States v. Roth*, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004).

[21] *See Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999).

4
Case No. 13-cv-00228-RMW
ORDER GRANTING-IN-PART PLAINTIFF'S EX PARTE MOTIONS FOR LEAVE TO SEEK THIRD-PARTY DISCOVERY

Judge Takaichi is denied.

***Third***, Hiramanek seeks the leave of the court to issue subpoenas on two non-judicial employees of SCCA, David Yamasaki and Lisa Herrick, to obtain discovery about all of the claims discussed above.[22] Hiramanek's request to issue these third-party subpoenas is denied. None of Hiramanek's arguments is sufficient to establish good cause to impose such a burden.[23]

Earlier, the court quashed a third-party subpoena that Hiramanek had served on Yamasaki because it sought "information that is exclusively within the possession, custody, and control of SCCA."[24] Hiramanek attempts to justify his renewed request in part by reciting the allegations in his own complaint, which was already before the court when it quashed the previous subpoena. He also argues that he should be able to depose these third parties because their communications were among the documents Defendants disclosed as required by Fed. R. Civ. P. 26(a). But the case he cites to support this assertion discusses parties disclosed by a party as individual witnesses under Rule 26(a).[25] Neither Yamasaki nor Herrick falls into that category.[26]

The evidence that Hiramanek already has obtained does not justify third-party discovery either. For Yamasaki, Hiramanek points to a threat/risk assessment that mentions Yamasaki and some of Yamasaki's email correspondence, but these documents do not suggest that Yamasaki can provide any additional information about Hiramanek's civil rights claims. Hiramanek also cites a recently produced document which shows that Yamasaki signed a contract with CourtCall, LLC

---

[22] *See* Docket No. 324 at Exs. G, H.

[23] *See* Fed. R. Civ. P. 45(d)(1) (requiring a party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena").

[24] Docket No. 251 at 2.

[25] *See Therkield v. City of Chicago*, Case No. 11-cv-5079, 2013 WL 3944185, at *1 n.3 (N.D. Ill. July 31, 2013).

[26] SCCA's Rule 26(a) disclosure includes only Georgia Ku, Pam Juarez and Beth Miller as individuals who may have relevant information. *See* Docket No. 343, Ex. C at 1-2.

on behalf of SCCA.[27]  This contract, however, refers to a separate "Master Agreement" that specifies the terms and conditions of CourtCall services, and the contract says that SCCA and CourtCall will hold a further meeting to design a more detailed plan for service provision.[28]  There is no indication from this contract that Yamasaki can provide any more informative testimony on the ADA claims than the party defending them—that is, SCCA itself.  As to Herrick, Hiramanek relies almost entirely on his own allegations.  He also alludes to email correspondence between himself and Herrick, but none of these messages indicates any information that Herrick may have about the ADA claims at issue.

For both of these third parties, Hiramanek claims that he has exhausted SCCA as an alternative source of discovery because he finds their written discovery evasive and has not yet deposed an SCCA witness.  The parties are now meeting and conferring to set a date for a Rule 30(b)(6) deposition of an SCCA representative, so part of Hiramanek's request may soon be moot.[29]  In any case, the appropriate remedy for a failure to obtain necessary discovery is filing a motion to compel, not issuing more third-party subpoenas.

**SO ORDERED.**

Dated: October 28, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[27] *See* Docket No. 343, Ex. A.  CourtCall provided some of the disability accommodations that SCCA allegedly denied to the Hiramaneks.

[28] *See id.*

[29] *See* Docket No. 326-2, Exs. A-C; Docket No. 328, Brown Decl. at ¶ 4.