UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>L. MICHAEL CLARK, et al.,<br><br>        Defendants. | Case No. 13-cv-00228-RMW<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>**(Re: Docket No. 314)** |

Before the court is a motion by Plaintiff Roda Hiramanek to disqualify the undersigned from this case under 28 U.S.C. § 455.[1] Because the court finds that no circumstance requiring disqualification applies here, Hiramanek's motion is DENIED.[2]

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned." The goal of Section 455 is "to avoid even the appearance of partiality."[3] Thus, disqualification or recusal may be warranted even in cases

---

[1] Plaintiff Adil Hiramanek joins in this motion. *See* Docket No. 315. Plaintiffs also seek disqualification under 28 U.S.C. § 351, but this request is procedurally improper. A person seeking disqualification under the latter statute must "file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting" improper conduct. 28 U.S.C. § 351(a).

[2] Pursuant to Civ. L.R. 7-1(b), the court finds that this motion is suitable for determination without oral argument. The court also finds it unnecessary to refer this motion to another judge pursuant to Civ. L.R. 3-14. That rule states that if "the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." This is not the case here. As further detailed below, the court has considered Hiramanek's arguments regarding disqualification and finds them to be legally insufficient.

[3] *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988) (internal quotations

where no actual partiality exists.[4]  A court considering a disqualification request under Section 455(a) must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[5]  The reasonable person is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'"[6]  If the reasonable person would not find a basis for partiality, a judge has an obligation to participate in the cases he is assigned.[7]  The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[8]

Under 28 U.S.C. § 455(b)(1), a magistrate judge shall recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Under 28 U.S.C. § 455(b)(5)(i), a magistrate judge must also recuse himself if "[h]e or his spouse, or a person within the third degree of relations to either of them, or the spouse of such a person is a party to the proceeding, or an officer, director, or trustee of a party."

As grounds for her request, Hiramanek claims that the undersigned's impartiality might reasonably be questioned in light of the court's rulings in this case.  In her declaration, Hiramanek lists a number of instances where she claims the court's rulings in favor of Defendants either contain errors or demonstrate partiality towards Defendants.[9]  Because these rulings were based on the applicable law, facts introduced in the course of the respective proceedings or the court's

---

omitted).

[4] *See id.*

[5] *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks omitted).

[6] *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).

[7] *See id.* at 912.

[8] *Id.* (internal quotation marks omitted).

[9] *See* Docket No. 314-1 at ¶¶ 12, 32, 35-50.

2

Case No. 13-cv-00228-RMW
ORDER DENYING MOTION FOR DISQUALIFICATION

inherent power to manage discovery and its docket, they do not offer grounds for recusal.[10] Hiramanek alleges that these rulings exhibit so much favoritism that the undersigned must have an extrajudicial source of knowledge, but the cases that Hiramanek cites require more than her conclusory inference to support such an assertion.[11]

Hiramanek also argues that the court has denied Plaintiffs opportunities to be heard.[12] In particular, she objects that she was not allowed to speak at a hearing the court held on August 11, 2015.[13] However, the court has considered and ruled on each of Plaintiffs' numerous motions under the same standards—and subject to the same scheduling constraints—as Defendants'. When the court has held oral hearings, Plaintiffs and Defendants have received equal time to the extent possible. For example, at the start of the August 11 hearing, the court instructed the parties that each side would have ten minutes to make its arguments, but Plaintiff Adil Hiramanek used the entirety of Plaintiffs' allotted time.

Hiramanek finally alleges that the undersigned, either directly or through his staff, has engaged in *ex parte* communications with Defendants or their counsel.[14] Because the assertion is untrue and Hiramanek offers no evidence to support it, this basis is insufficient to warrant recusal.

---

[10] *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient because it did not allege facts demonstrating bias or prejudice "stem[ming] from an extrajudicial source").

[11] *See Edgar v. K.L.*, 93 F.3d 256, 257-62 (7th Cir. 1996) (disqualifying a judge who received extrajudicial information about the admissibility of a report by an expert panel, engaged in *ex parte* communications with plaintiffs' counsel and made statements that could reasonably be read as "veiled threats" to retaliate against defendants for bringing a disqualification motion); *United States v. Furst*, 886 F.2d 558, 579-83 (3d Cir. 1989) (declining to "resolve the issue of whether a judge need accept as true the allegations presented in a motion for disqualification" but finding recusal warranted when district judge acknowledged two separate *ex parte* conversations with defendant's counsel); *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1358 (6th Cir. 1988) (remanding for evidentiary hearing on disqualification when the district judge had several extrajudicial affiliations with a law school involved in the case).

[12] *See* Docket No. 314-1 at ¶¶ 16-21, 24-31.

[13] *See id.* at ¶¶ 15-21, 26-31.

[14] *See id.* at ¶¶ 51-52.

Case No. 13-cv-00228-RMW
ORDER DENYING MOTION FOR DISQUALIFICATION

3

**SO ORDERED.**

Dated: November 6, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

4

Case No. 13-cv-00228-RMW
ORDER DENYING MOTION FOR DISQUALIFICATION