UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>   Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 327)**<br><br>Re: Dkt. Nos. 367, 368 |

On November 4, 2015, Plaintiff Adil Hiramanek filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge *and* Motion for De Novo Determination. Dkt. No. 367. Plaintiff Roda Hiramanek joins in Mr. Hiramanek's motion. Dkt. No. 368. Plaintiff's motion objects to the magistrate judge's October 21, 2015 order granting-in-part defendants' motion for a protective order and denying plaintiff's "discovery motion for multiple relief." Dkt. No. 327. In general terms, the magistrate judge's order concluded that: (1) certain personal information plaintiff has sought in discovery is not relevant to his claims; (2) plaintiff must correct his past violations of the rules of procedure during depositions; and (3) much of the relief that plaintiff's discovery motion sought may now be moot.

For the reasons stated below, plaintiff's motion is DENIED.

## I. ANALYSIS

The magistrate judge's order is reviewed pursuant to Fed. R. Civ. P. 72(a).[1] Plaintiff recites seventeen objections to the magistrate judge's order. The court addresses these objections below.

### A. Plaintiff's Objections

#### 1. Pending Recusal Motion

Plaintiff argues that his October 11, 2015 motion to disqualify the magistrate judge, Dkt. No. 314, divested the magistrate judge from the jurisdiction to issue further discovery rulings. Plaintiff cites no case law in support of his argument, and, in any event, the magistrate judge denied the motion for disqualification on November 6, 2015, Dkt. No. 371, rendering the objection moot.

#### 2. Lack of Oral Hearing on Dkt. No. 306

Plaintiff argues that while the magistrate judge granted defendants' motion for a protective order, Dkt. No. 272, the court did not allow oral argument on plaintiff's discovery motion, Dkt. No. 306. Plaintiff's objection is meritless. Plaintiff requested to have his motion heard simultaneously with defendants' motion, Dkt. No. 306 at 1; Dkt. No. 311 at 2, and the magistrate judge subsequently found that the issues in the pending motions could be decided on the papers, Dkt. No. 312. The magistrate judge found that in light of his ruling on the merits of the pending motions, "much of the relief that Hiramanek asks for in his motion may now be moot" and that "[i]f Defendants still fail to meet their discovery obligations, Hiramanek may file a noticed motion to compel or for sanctions." Dkt. No. 327 at 4. Because Hiramanek has filed such a motion, Dkt. No. 354, further consideration of plaintiff's objection at this time would waste court resources.

#### 3. Findings Regarding Private Information

Plaintiff takes issue with the magistrate judge's findings that personal information about defendants, courthouse blueprints, and phone records that plaintiff has sought are not relevant to his claims. *See* Dkt. No. 327 at 1-2. Plaintiff appears to be arguing that the magistrate judge erred

---

[1] "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

because "the objectionable written discovery is moot and has been previously adjudicated upon." Dkt. No. 367 at 2 (citing Dkt. No. 269 (order denying-in-part Hiramanek's motion to compel)). Plaintiff's objection is puzzling. To the extent that plaintiff is merely complaining that the magistrate judge's orders, Dkt. Nos. 327 and 269, are repetitive of one another, plaintiff has failed to identify any legal or factual error.

Plaintiff next argues that the magistrate erred because defendant Beth Miller's educational background "is relevant to Miller's understanding of the civil rights law." Hiramanek's requests were not limited to the defendant's understanding of civil rights law, however. Hiramanek's opposition to defendants' motion notes that he requested "all document [sic], that pertains to your education and training including from West Valley College. [sic] Gilroy High School, James Lick High School, Campbell High School, Evergreen Valley College." Dkt. No. 313 at 9 n.7. The magistrate judge did not err in finding that plaintiff's "requests are broad and personal, and these supposed links to the claim are tenuous at best." Dkt. No. 327 at 2.

### 4. Requests for Admission Regarding Photographs of Defendant Miller

Plaintiff's next objection relates to requests for admission regarding the genuineness of a photo of defendant Beth Miller. Because plaintiff admits that he has withdrawn the requests in question, Dkt. No. 367 at 3 n.19, his objection is moot.

### 5. Personal Information Regarding Hiramanek's Former Attorney

Plaintiff next argues that the magistrate judge erred in ruling that Hiramanek may not ask his former attorney Caitlin Burgess about her family law case, personal finances, and previous representation of Hiramanek. Plaintiff argues that this information is relevant to show that Burgess conspired with defendants against him. Dkt. No. 367 at 3-4. The very order that plaintiff cites in support of his objection, however, *denied* plaintiff's motion to add Burgess as a defendant in this case. Dkt. No. 208. Thus, the magistrate judge did not err in ruling that Hiramanek "must tailor all of his questioning narrowly to the claims *still pending*." Dkt. No. 327 at 2 (emphasis added).

3

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE
RS

### 6. Plaintiff's Violations of the Rules of Civil Procedure

Plaintiff argues that there is no support for the magistrate judge's findings that Hiramanek violated the rules of civil procedure when he "showed exhibits from his laptop without identifying them . . . and interjected when Defendants' counsel tried to make objections for the record." Hiramanek's objections are meritless. *See, e.g.*, Dkt. No. 272-1 Ex. A (Burgess Dep.) at 55:17-56:21, 109:23-110:3 (counsel's objections that that Hiramanek showed the witness materials on his computer instead of providing copies of exhibits); *id.* at 25:5-11, 26:16-25, 27:1-6, 56:1-25 (examples of Hiramanek interrupting counsel's objections). Contrary to plaintiff's glib characterization[2], these violations were "serious" and warranted the court's intervention.

### 7. Rules Regarding Deposition Exhibits

Plaintiff next claims that there is no legal authority requiring him to mark deposition exhibits "used to frame question/identify event." Dkt. No. 367 at 4. Again, this court finds no legal error in the magistrate judge's order. "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). *See also* Fed. R. Civ. P. 30(f)(2)(A) ("Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them.").

### 8. Allowing Deponent to Complete Answer

Plaintiff further claims that the magistrate judge's ruling that "Hiramanek must allow witnesses to complete their answers," Dkt. No. 367 at 4 (quoting Dkt. No. 327 at 3) lacks factual support. Again, the testimony cited by defendants provides examples of plaintiff interrupting the witness. *See* Dkt. No. 272-1 Ex. A at 33:22-34:14, 171:24-172:6. Accordingly, the court finds no clear error in the magistrate judge's ruling.

Plaintiff also disputes the magistrate judge's finding that plaintiff provided no proof to support the assertion that "he only interrupted Burgess because Defendants' counsel were

---

[2] Plaintiff titled his objection "Order Errs In Concluding Plaintiff Flouted Rules Of Procedure Repeatedly; Seriously?" Dkt. No. 367 at 4.

tampering with her testimony." Dkt. No. 367 at 4 (quoting Dkt. No. 327 at 3). Plaintiff cites Dkt. No. 313-2, Exhibit Ak, which appears to be a collection of excerpts from the Burgess deposition transcript without any page numbers or a sworn declaration certifying their authenticity.[3] Even if plaintiff's Exhibit Ak did accurately reflect the deposition transcript, it is unclear what plaintiff means by "tampering" with the deponent. If plaintiff is complaining about the numerous speaking objections and instructions to the witness from defense counsel[4], plaintiff's frustration is understandable. But the magistrate judge's order addressed plaintiff's concern by stating: "All parties should avoid speaking objections. Moreover, Defendants' counsel should instruct deponents not to answer only when permitted by Rule 30[]."[5] Dkt. No. 327 at 3. Thus, the magistrate's order is neither clearly erroneous nor contrary to law, and the objection is overruled.

### 9. Recording Witness Testimony

Plaintiff next argues that "Rule 30(c)(1) does not insist that deposition officer *personally* record witness testimony." Dkt. No. 367 at 4-5. Plaintiff misreads both the magistrate judge's order and Rule 30. The magistrate judge ruled that "Rule 30(c)(1) requires that the deposition officer—in this case, the notary—***or an agent of the officer*** personally record witness testimony." Dkt. No. 327 at 3 (emphasis added). As plaintiff acknowledges, Rule 30(c)(1) states, in relevant part: "The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer." If plaintiff is suggesting that plaintiff—rather than a person acting under the direction of the officer, i.e., the officer's agent—should be able to record future depositions without a deposition officer as plaintiff did on the second day of the Burgess deposition, plaintiff is simply wrong.

---

[3] Indeed, portions of the exhibit appear to contain commentary inserted by plaintiff. *See* Dkt. No. 313-2 at ECF p. 4 ("BURGESS (Snidingly laughs)").
[4] *See, e.g.*, Dkt. No. 272-1 Ex. A at 168:10-169:13.
[5] The portion of Rule 30 cited in plaintiff's motion, Dkt. No. 306 at 13, and referenced in the magistrate judge's order ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate or limit]") was moved from Rule 30(d)(1) to Rule 30(c)(2) in a 2007 amendment, but the substance of the rule did not change.

### 10.     Defendant's Failure to Appear at 9/14/2015 Deposition

Plaintiff objects to the magistrate judge's finding that defendants' "delay in complying with discovery requests arose from their unwillingness to continue until the court had set ground rules for the scope of discovery and the conduct of depositions." Dkt. No. 327 at 4. Plaintiff specifically contends that the true reason defendants did not appear for a Rule 30(b)(6) deposition that plaintiff had scheduled for September 14, 2015 was defendants' alleged, unjustifiable desire to take plaintiff's deposition before producing their own witness. *See* Dkt. No. 367 at 5. In support of their motion for a protective order, one of defendants' attorneys submitted a declaration stating, in relevant part: "On August 14, 2015, Plaintiff served a 30(b)(6) notice of deposition to the Superior Court. The notice unilaterally set the deposition for September 14, 2015, in violation of Local Rule 30-1, which requires consultation with opposing counsel prior to scheduling depositions." Dkt. 272-2 ¶ 5. The declaration further states:

> In response to the notice of deposition, on August 28, 2015, I served a meet and confer letter to Plaintiff informing Plaintiff that the Superior Court would produce a witness on ADA matters, but on a date that is conducive for all parties involved. . . . In my letter, I requested confirmation that Plaintiff comply with proper deposition protocol and other requirements. The purpose of requesting such confirmation is to prevent the same type of harassment, disorder, and improper questioning that pervaded Ms. Burgess' deposition, as well as Plaintiffs' other discovery in this case. As of the date of this declaration, I have not received the requested confirmation from Plaintiff.

*Id.* ¶ 6. In light of defendants' declaration and the deposition transcript excerpts the parties have submitted, the court cannot find that the magistrate judge's finding regarding defendants' motivations was clearly erroneous.

Regardless of defendants' motivations for not appearing at the deposition that plaintiff scheduled for September 14, 2015, however, plaintiff objects that the magistrate judge granted defendants' motion for a protective order when defendants' motion, Dkt. No. 272, was not filed until hours after the deposition was scheduled to take place. Plaintiff argues that defendants were required to either obtain a protective order in advance of the scheduled start time or appear at the deposition. *See* Dkt. No. 367 at 5. Plaintiff is correct that a party anticipating the need for a

6
5:13-cv-00228-RMW
ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE
RS

protective order should obtain that order before the scheduled deposition. *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (1964). Here, however, plaintiff does not dispute that he failed to meet and confer with defendants as required by Civil Local Rule 30-1 prior to scheduling the deposition. Nor does plaintiff appear to dispute that defendants brought this deficiency to his attention and requested rescheduling weeks before the date of the deposition. *See* Dkt. No. 313 at 3. On these facts, the court cannot find that the magistrate judge's decision to grant defendants' protective order was clearly erroneous or contrary to law.[6]

### 11. "Miscellaneous Relief"

Plaintiff objects to the magistrate judge using the term "miscellaneous" to describe the relief sought in Dkt. No. 306. Plaintiff fails even to suggest that this characterization affects the substance of the magistrate judge's order. Plaintiff's frivolous objection is overruled.

### 12. Alleged Tampering with Court Reporters

Plaintiff next claims that the magistrate judge ignored the "proof" plaintiff provided in support of plaintiff's claim that defendants tampered with and limited the availability of stenographic reporters. *See* Dkt. No. 327 at 4. In support of his argument, plaintiff cites paragraphs 52-66 of his own declaration, Dkt. No. 306-1. That declaration, in turn, relies on exhibits labeled M-Q, half of which are emails written by plaintiff himself and the other half of which do not support plaintiff's arguments. Plaintiff cites no evidence suggesting alleged "tampering" beyond his own speculation. The magistrate judge's finding that plaintiff's tampering allegation lacks support is not clearly erroneous.

### 13. Request to Record Meet & Confer Sessions

Plaintiff objects to the magistrate judge's refusal to order the audio recording of plaintiff's meet and confer sessions with defendants. While plaintiff is correct that Civil Local Rule 1-5(n) requires parties to meet and confer directly rather than merely in writing, plaintiff cites no

---

[6] Moreover, in light of this court's order extending the discovery cutoff until November 18, 2015 to allow time for any remaining depositions, Dkt. No. 356, plaintiff was not prejudiced by the magistrate judge's order.

7
5:13-cv-00228-RMW
ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE RS

authority requiring audio recording of conversations. Accordingly, the magistrate judge's order is neither clearly erroneous nor contrary to law.

### 14. Service on Adil and Roda Hiramanek

Plaintiff again objects to the magistrate judge's ruling that defendants need not serve separate copies of documents on plaintiffs Roda and Adil Hiramanek in this action, "given that they are mother and son and live at the same address." Plaintiff cites no case law in support of his objection. For at least the reasons discussed in this court's prior order, *see* Dkt. No. 291 at 2, the magistrate judge's ruling is neither clearly erroneous nor contrary to law.

### 15. Lack of Hearing on Dkt. No. 306

Plaintiff again complains that the magistrate judge did not address the relief plaintiff requested in plaintiff's motion, Dkt. No. 306. For the reasons stated above with respect to plaintiff's objection no. 2, plaintiff's objection no. 15 is overruled.

### 16. Plaintiff's Rule 403 Request to Exclude or Strike Evidence

Plaintiff claims that the magistrate judge did not specifically rule on plaintiff's objection under Federal Rule of Evidence 403 to certain evidence presented in defendants' motion for a protective order. Dkt. No. 367 at 6 (citing Dkt. No. 313-6 (proposed order excluding evidence)). It is true that the magistrate judge's order does not specifically address plaintiff's evidentiary objections, but, with two exceptions addressed below, the magistrate judge's order also does not rely on any of the evidence to which plaintiff objected. To the extent that plaintiff objects to the court's consideration of "events as to third party Caitlin Burgess's deposition" and "events as to Plaintiff Adil Hiramanek's dealings with the steno reporter of July 13, 2015 Burgess's deposition," the court finds that these events, reflected in the deposition transcript, strongly support defendants' need for a protective order. Accordingly, plaintiff has not identified any portion of the magistrate judge's order that is clearly erroneous or contrary to law.[7]

---

[7] The court takes no position at this time on the admissibility at trial of any of the evidence plaintiff sought to exclude.

8

5:13-cv-00228-RMW
ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE RS

### 17. Defendants' Alleged Failure to Meet & Confer Prior To Seeking Relief

Finally, plaintiff claims that the magistrate judge erred in granting defendants' motion for a protective order when defendants did not sufficiently meet and confer in advance of filing the motion. Contrary to plaintiff's assertion, defendants' motion and supporting declaration indicate that defendants reached out to plaintiff in writing and telephonically in advance of defendants' filing. *See* Dkt. No. 272 at 15-16. On this record, the court cannot find that the magistrate judge's order was clearly erroneous or contrary to law.

### B. Plaintiff's Continued Failure to Comply with the Local Rules

The court notes that once again, plaintiff has failed to comply with the five-page limit imposed by Civil Local Rule 72-2. While plaintiff's six-page motion is shorter than some of his previous, non-compliant motions, this court has warned Hiramanek on multiple occasions that he must comply with the court's page limitations. *See* Dkt. No. 291 at 2 (reviewing plaintiff's seventeen-page motion and noting that since September 1, 2015, plaintiff had filed four motions that exceeded the limits of Civ. L.R. 72-2). Moreover, much of plaintiff's instant motion is bloated with footnotes that the court suspects were included to overcome Civil Local Rule 3-4(c)(2)'s requirement for double-spacing. Plaintiff's continued disregard for the court's page limitations has exhausted the court's patience. If plaintiff files another motion under Civil Local Rule 72-2 that exceeds five double-spaced pages, the court will deny it without review of the merits.

## II. ORDER

For the reasons explained above, the magistrate judge's order is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: November 18, 2015

*Ronald M. Whyte* (signature)

Ronald M. Whyte
United States District Judge