UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ADIL HIRAMANEK, et al., | Case No. 5:13-cv-00228-RMW |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. NO. 371)** |
| L. MICHAEL CLARK, et al., | |
| Defendants. | Re: Dkt. No. 385 |

On November 20, 2015, plaintiff Roda Hiramanek filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge *and* Motion for De Novo Determination. Dkt. No. 385. Plaintiff's motion objects to the magistrate judge's November 6, 2015 order, Dkt. No. 371, denying plaintiff's motion to disqualify the magistrate judge from handling any further matters in this case, Dkt. No. 314. For the reasons stated below, plaintiff's motion is DENIED.

I.  **BACKGROUND**

Following a March 13, 2015 case management conference, the court referred discovery matters in this case to Magistrate Judge Paul S. Grewal. Dkt. No. 200. On October 11, 2015, following a series of discovery rulings, plaintiff moved to disqualify the magistrate judge under 28

U.S.C. § 455 "and other applicable statutes." Dkt. No. 314 at 1.[1] The magistrate judge denied plaintiff's motion on November 6, 2015. Dkt. No. 371. In response, on November 20, 2015, plaintiff filed the instant motion. Dkt. No. 385.

## II.   ANALYSIS

### A.   Legal Standard

The magistrate judge's order is reviewed pursuant to Fed. R. Civ. P. 72(a), which provides that "[t]he district judge in the case must consider timely objections [to a magistrate's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The statute governing recusal, 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 144, on which plaintiff also claims her motion was based, provides for reassignment where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party.

"Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. C 07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)). "The test for creation of apparent bias sufficient to require dismissal under [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)

---

[1] As the magistrate judge's order concluded, plaintiff also sought disqualification under 28 U.S.C. § 351, but plaintiff failed to comply with the procedural requirements of that statute. Dkt. No. 371 at 1 n.1. Plaintiff does not challenge that portion of the ruling by the magistrate judge.

(citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id*. (citation omitted). In addition, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of [proceedings]." *Id.* at 913–14.

### B.     Plaintiff's Objections

With the legal principles described above in mind, the court addresses plaintiff's eight objections to the magistrate judge's order.

#### 1.     Disqualification Arguments Based on Timing of Order

Plaintiff first asserts that the timing of the magistrate judge's order somehow proves that the magistrate judge is biased. Dkt. No. 385 at 1. Apparently, Ms. Hiramanek is arguing that her co-plaintiff Adil Hiramanek's objections to a separate order by the magistrate judge—objections challenging the magistrate's jurisdiction to issue further orders while a disqualification motion was pending—prompted the magistrate judge to deny disqualification in Dkt. No. 371. *See id.* (citing A. Hiramanek's objection, Dkt. No. 367 (filed Nov. 4, 2015)). Plaintiff insinuates that after Adil Hiramanek filed his objection, "extra judicial source of knowledge ["EJS"] word, traveled fast from Def.s' to within Court, to remove the jurisdiction obstacle, so that J. Whyte can deny" Mr. Hiramanek's objection, Dkt. No. 367. *Id.* Otherwise, plaintiff asserts, "the DQ would have remained ignored and un-adjudicated upon." *Id.*

Plaintiff's argument is meritless. First, plaintiff does not even attempt to identify an error of law or fact with the magistrate judge's order itself. Second, plaintiff presents no evidence in support of the accusation that ***anyone's*** actions other than those of plaintiffs informed the magistrate judge of Hiramanek's then-pending objection, Dkt. No. 367.[2] Plaintiffs' papers were accessible to the public upon filing. Third, even if plaintiff's objection, Dkt. No. 367, had

---

[2] Plaintiff's statement that "J. Whyte, is himself the subject of a 'must recuse' and 'should recuse' DQ, pending before the 9th Circuit" is also false. The Ninth Circuit dismissed Hiramanek's appeal of this court's order denying Hiramanek's request for reassignment. *See* Dkt. No. 336.

somehow prompted the magistrate judge's order denying disqualification—and plaintiff has presented no evidence of any such influence—plaintiff provides no reason why such hypothetical influence should result in disqualification.

### 2. Lack of Reference to 28 U.S.C. § 144

Plaintiff next objects that the magistrate judge's order does not explicitly reference 28 U.S.C. § 144, which, plaintiff argues, divested the magistrate judge of jurisdiction to issue further orders while plaintiff's disqualification motion was pending. "Order deliberately omits §144, as recusal of judge on ground of personal bias or prejudice *is mandatory* once party submits timely and sufficient affidavit." Dkt. No. 385 at 2. Section 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Plaintiff apparently interprets "proceed no further" to mean that a disqualification motion divests a judge of jurisdiction even to decide the pending disqualification motion. Our court of appeals, however, has expressly rejected plaintiff's argument: "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (noting that "referring the disposition of an affidavit of bias to another judge" generally would be "unwise" because it would cause "delay") (citation omitted). Here, the magistrate judge found that Hiramanek's disqualification arguments were legally *insufficient*. Dkt. No. 371 at 1 n.1, 3. Accordingly, the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

### 3. Rulings on the Sufficiency of Plaintiff's Allegations

Plaintiff next argues that a judge who is subject to a disqualification motion "cannot pass on the truth, or veracity of the grounds for" disqualification. Dkt. No. 385 at 2. Plaintiff confuses an evaluation of factual truth with an evaluation of legal sufficiency. As explained above, a judge subject to a disqualification motion should evaluate the legal sufficiency of bias allegations. *See*

*Azhocar*, 581 F.2d at 738. Moreover, "rumor, speculation, beliefs . . . and similar non-factual matters" do not ordinarily require recusal. *Holland*, 519 F.3d at 914 n.5.

### 4. Alleged Bias and Prejudice Stemming From Pattern of Rulings

Plaintiff next argues that the magistrate judge's discovery rulings show a pattern of favoritism to the defendants in this action. *See* Dkt. No. 385 at 2-3. Plaintiff has failed to identify a legal or factual error by the magistrate judge. Moreover, the U.S. Supreme Court has rejected plaintiff's argument: "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994).

### 5. Analysis of Case Law

Plaintiff argues that the magistrate judge's order erroneously misinterprets plaintiff's basis for disqualification "as it limits grounds for DQ as only one 'stem[ming] from an extrajudicial source.'" Dkt. No. 385 at 3 (emphasis omitted). Plaintiff misreads the magistrate judge's order, which addresses plaintiff's other arguments as well:

> In her declaration, Hiramanek lists a number of instances where she claims the court's rulings in favor of Defendants either contain errors or demonstrate partiality towards Defendants. Because these rulings were based on the applicable law, facts introduced in the course of the respective proceedings or the court's inherent power to manage discovery and its docket, they do not offer grounds for recusal.

Dkt. No. 371 at 2-3. The magistrate judge's ruling is neither clearly erroneous nor contrary to law.

### 6. Ability to Evaluate Allegations Regarding Extra Judicial Sources

Plaintiff next argues that "once [an extra judicial source claim] is raised," a judge subject to a disqualification motion "may not question its weight." Dkt. No. 385 at 4. As explained above, a judge only has a duty to proceed no further in a case if an affidavit in support of recusal is legally sufficient, and rumor and speculation do not support recusal. *See Holland*, 519 F.3d at 914. The magistrate judge did not err in ruling that the allegations of ex parte communications—unsupported by any evidence—in paragraphs 51 and 52 of plaintiff's declaration, Dkt. No. 314-1, are legally insufficient to warrant recusal.

### 7. Limitation on Time for Oral Argument

Ms. Hiramanek further complains that the magistrate judge erred in not allowing her time to speak at a hearing on August 11, 2015. Plaintiff's argument is meritless. First, "it is well settled that oral argument is not necessary to satisfy due process." *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992). Second, the magistrate judge's order explains that plaintiffs and defendants collectively received equal time at the hearing about which plaintiff complains:

> When the court has held oral hearings, Plaintiffs and Defendants have received equal time to the extent possible. For example, at the start of the August 11 hearing, the court instructed the parties that each side would have ten minutes to make its arguments, but Plaintiff Adil Hiramanek used the entirety of Plaintiffs' allotted time.

Dkt. No. 371 at 3. The magistrate judge's ruling was neither clearly erroneous nor contrary to law.

### 8. Alleged Acts of Bias That Do Not Question Substantive Rulings

Finally, plaintiff argues that the magistrate judge's order ignores alleged actions that show bias even apart from the substance of the magistrate judge's rulings. Dkt. No. 385 at 5. This order disagrees. Most of the examples plaintiff cites are, indeed, either complaints about the magistrate judge's rulings, which do not constitute grounds for recusal, or complaints about hearing procedures that this order has already addressed. Plaintiff also objects that the magistrate judge allegedly asked "leading questions" during a hearing, favored defendants in scheduling hearings, and delayed in ruling on plaintiff's discovery motions. *Id.* Under analogous circumstances, the U.S. Supreme Court has held that recusal was not required. *See Liteky*, 510 U.S. at 556 (rejecting petitioner's arguments that judge's "questions he put to certain witnesses, his alleged 'anti-defendant tone,' [and] his cutting off of testimony said to be relevant to defendants' state of mind" were evidence of bias warranting recusal). Here, as in *Liteky*, the magistrate judge could have reasonably found that even if plaintiff's allegations were true, they would merely reflect routine "administration efforts, and ordinary admonishments" by the court. *Id.* Accordingly, the magistrate judge's ruling was neither clearly erroneous nor contrary to law.

### C. Compliance with Page Limits

Plaintiff's motion is five pages long, which would seem to fall within the limits imposed by Civil Local Rule 72-2. The court notes, however, that nearly half of two separate pages of plaintiff's motion comprise single-spaced footnotes, which some parties utilize to overcome Civil Local Rule 3-4(c)(2)'s requirement for double-spacing. If ***any*** party files another motion under Civil Local Rule 72-2 that exceeds five double-spaced pages, the court will deny it without review of the merits.[3]

## III. ORDER

For the reasons explained above, the magistrate judge's order is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: December 1, 2015

_____
Ronald M. Whyte
United States District Judge

---

[3] The court previously provided this warning to plaintiff Adil Hiramanek. *See* Dkt. No. 382 at 9. The same warning applies to plaintiff Roda Hiramanek.