UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 375 |

On November 7, 2015, plaintiff Adil Hiramanek filed a motion for leave to file an amended complaint naming two additional defendants. Dkt. No. 375. On November 23, 2015, defendants Daryl McChristian, Bryan Plett, and Timothy Polumbus filed an opposition[1] to the motion. Dkt. No. 387. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for December 18, 2015. For the reasons stated below, the court denies the motion to amend.

---

[1] Plaintiff filed a reply brief, Dkt. No. 397, on December 1, 2015, one day after the due date of November 30, 2015. *See* Civ. L.R. 7-3(c). Because plaintiff did not file a motion to extend the reply deadline, the court declines to consider the reply. Much of plaintiff's reply is directed to statute of limitations issues that did not form a basis for plaintiff's motion, and even if the court were to consider the reply, it would not change the court's ruling.

1

## I. BACKGROUND

Defendants McChristian, Plett, and Polumbus are Santa Clara County Sheriff's Deputies. Dkt. No. 388-1 at 1-2. Claim 17 of plaintiff's operative complaint, Dkt. No. 94-1, brought under 42 U.S.C. § 1983 against McChristian and Plett, is based on allegations that the deputies detained, interrogated, and confined plaintiff at the Santa Clara County Superior Courthouse. *See* Dkt. No. 94-1 ¶¶ 183, 188-89, 195, 201-03. Plaintiff's motion claims that in addition to McChristian and Plett, two other deputies, Lamond Davis and Michael Low, also participated in an unlawful interrogation that allegedly took place on or about June 11, 2012. Plaintiff seeks to substitute Davis and Low as defendants in this action in place of fictitious Doe defendants mentioned in the complaint. *See* Dkt. No. 375 at 1; Dkt. No. 94-1 ¶ 33.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), after an initial period in which a party may amend its pleading as a matter of course has expired, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Hiramanek moves to amend his complaint to add Davis and Low as defendants because, he asserts, he only discovered these individuals' identities when defendants produced an unredacted copy of an incident report mentioning their names on October 27, 2015. Dkt. No. 375 at 2.

Plaintiff asserts that a version of the incident report produced by defendants on July 6, 2015 was redacted, obscuring Davis's and Low's names. *Id.*; *see also* Dkt. No. 375-1 Ex. A (redacted incident report); Ex. C (unredacted incident report). Defendants oppose plaintiff's motion, primarily based on asserted undue delay, prejudice, and futility.

Relevant to evaluating delay is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). The Ninth Circuit has previously held that an eight-month delay between acquiring the requisite facts and seeking amendment is unreasonable. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).

Here, defendants argue that plaintiff actually knew of Davis's and Low's involvement in the alleged unlawful interrogation *years* before this case reached the formal discovery stage. Indeed, plaintiff's Second Amended Complaint, filed on August 2, 2013, alleges that "CLARK then had MCCHRISTIAN and two other COUNTY employees [*L. Davis and one other*] detain, unlawfully interrogate, and confine ADIL." Dkt. No. 37 ¶ 138 (emphasis added). These allegations are repeated in the operative "Revised Second Amended Complaint" filed May 20, 2014. Dkt. No. 94-1 ¶ 183. Even plaintiff's reply does not explain why plaintiff could recite Davis's name in the 2013 amended complaint but not then name Davis as a defendant.

The 2013 amended complaint describes how "ADIL procured the Criminal Incident Report later," Dkt. No. 37 ¶ 145, and goes on to quote portions of the incident report to corroborate plaintiff's version of the events that took place on June 11, 2012. *Compare* Dkt. No. 37 ¶ 150 *with* Dkt. No. 375-1 Ex. C. *See also* Dkt. No. 94-1 ¶ 195. While the excerpts of the incident report quoted in the Second Amended Complaint do not mention Davis or Low by name, the quoted excerpts suggest that Hiramanek possessed at least some version of the incident report long before October 27, 2015. Moreover, even the redacted version of the incident report purportedly produced in July 2015 mentions Low by name: "Deputy Low and I were on one side of the table and S01 Hiramanek was on the other side." Dkt. No. 375-1 Ex. A at ECF p. 7. Plaintiff does not explain why this version of the incident report was insufficient to enable plaintiff to name Low in

3

July 2015.[2] The court finds that plaintiff unduly delayed in naming Davis and Low as defendants.

Regarding prejudice, even holding plaintiff to his commitment that he would not seek discovery from Davis or Low,[3] it would be impossible for Davis and Low to fairly mount a defense under the case schedule that has been in effect for nine months.[4] To meet the deadline to hear dispositive motions by February 5, 2016, such motions must be filed by December 31, 2015. *See* Civ. L.R. 7-2(a). Even if this court ruled in plaintiff's favor on the scheduled hearing date and he immediately served Davis and Low with the amended complaint, their responses to the complaint would not be due until after the summary judgment motion deadline. Thus, the court finds that allowing the proposed amendment would unjustifiably prejudice all defendants.

Defendants also argue that because Claim 17 of the operative complaint does not mention any involvement by Doe defendants in the alleged June 11, 2012 detention and interrogation, any amendment to substitute Low and Davis for the Doe defendants would be futile. *See* Dkt. No. 387 at 4-5. On this point, the court finds defendants' argument unpersuasive because plaintiff proposes amendments to the paragraphs of Claim 17 that identify Davis and Low by name and describe their individual actions. *See* Dkt. No. 375 at 6-8. Nevertheless, because the other *Foman* factors at issue strongly favor denying the proposed amendment, the futility factor is of little weight here.

Accordingly, the court denies plaintiff's motion to add the additional defendants.

### III. ORDER

For the reasons explained above, plaintiff's motion to amend is **DENIED**.

Dated: December 16, 2015

_____
Ronald M. Whyte
United States District Judge

---

[2] Defendants also argue that even if plaintiff did not know Low's name when plaintiff prepared the amended complaint, defendants' May 15, 2015 initial disclosures listed Low as a witness to the June 11, 2012 events underlying plaintiff's allegations. *See* Dkt. No. 388-1 at 2. Defendants' argument that plaintiff has been aware of Low's alleged involvement for more than six months presents an alternative ground for finding plaintiff's delay inexcusable.

[3] *See* Dkt. No. 397 at 12.

[4] See Dkt. No. 201 (Scheduling Order entered March 17, 2015, setting trial date of March 14, 2016).