1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    ADIL HIRAMANEK, et al.,                    Case No. 13-cv-00228-RMW

8                    Plaintiffs,                **ORDER DENYING PLAINTIFFS'**
                                                **DISCOVERY MOTIONS**
9           v.
                                                **(Re:  Docket Nos. 323, 341, 354, 386, 389,**
10   L. MICHAEL CLARK, et al.,                   **390, 391, 392, 393, 394)**

11                   Defendants.

12          Before the court is a raft of discovery motions from Plaintiffs Adil and Roda Hiramanek.[1]

13   Defendants oppose each of them.[2]  In part, these motions seek to relitigate issues on which the

14   court already has ruled.  Much of the remainder is either duplicative or frivolous.  All of Plaintiffs'

15   motions are DENIED.

16                                              **I.**

17          Plaintiffs, representing themselves, brought this suit in January 2013, alleging a variety of

18   misconduct by state court judges, officials and security personnel in connection with Adil

19   Hiramanek's family court and other proceedings.[3]  Several amendments later, by mid-2014,

20   Plaintiffs' complaint had ballooned to 256 pages and included more than 25 claims and some 40

21

22   _____

23   [1] *See* Docket Nos. 323, 341, 354, 386, 389, 390, 391, 392, 393, 394.  All uses of "Hiramanek"
     below refer to the Plaintiff who seeks the relief being discussed.
24
     [2] *See* Docket Nos. 360, 363, 376, 379, 406, 407, 408, 411, 412, 414, 415.  All uses of
25   "Defendants" below, unless the court specifies otherwise, refer to the Defendants opposing the
     motion being discussed.
26
     [3] *See* Docket No. 1.
27

28                                              1
     Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

Defendants.[4]  Before discovery began in earnest, however, Judge Whyte winnowed the operative claims to the following five:

(1)   a claim under the Americans with Disabilities Act against Defendant Superior Court of California, County of Santa Clara by both Plaintiffs;

(2)   a claim under 42 U.S.C. § 1983 against Defendants Polumbus[5] and Plett, court security officers at SCCA, in their individual capacities for unreasonable searches and seizures of Adil Hiramanek

(3)   a similar claim under Section 1983 against Defendants McChristian and Plett in their individual capacities for an unreasonable detention of Adil Hiramanek;

(4)   a Section 1983 claim against Defendant Beth Miller, an SCCA employee, in her individual capacity for denying both Plaintiffs access to a restroom on account of their race and

(5)   a Section 1983 claim against McChristian and Plett in their individual capacities for using excessive force in arresting Adil Hiramanek.[6]

Discovery in this case has been contentious, to put it mildly.  In all, the court ruled on no fewer than 15 substantive discovery motions.[7]  Early on, in light of Plaintiffs' indiscriminate use of third-party subpoenas—including against sitting judges and other defendants that Judge Whyte had dismissed from the case—the court ordered Plaintiffs to seek leave of the court before issuing any more such subpoenas.[8]  Later, when Defendants complained about Adil Hiramanek's overbroad discovery requests and deposition questioning, the court ordered him to tailor his inquiries narrowly "to the claims still pending" and to adhere to the Federal Rules of Civil Procedure when taking depositions.[9]  The court also ordered him to comply with the Federal Rules of Civil Procedure when taking depositions and admonished Defendants to limit their speaking

---

[4] *See* Docket No. 94-1.

[5] Plaintiffs mistakenly sued this Defendant as "Polumbo."  *See* Docket No. 190 at 1.

[6] *See* Docket No. 201 at 2-3; *see also* Docket No. 98 (dismissing claims).

[7] *See* Docket Nos. 251, 269, 317, 327, 350, 353, 383.  The parties also required the court's intervention to resolve a mid-deposition dispute.  *See* Docket No. 358.

[8] *See* Docket No. 251.

[9] Docket No. 327 at 1-2.

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1    objections and instructions not to answer.[10]  And after a raft of ex parte motions by Plaintiffs, the

2    court ordered all parties to file only noticed motions pursuant to Civ. L.R. 7-2.[11]

3         Throughout Plaintiffs' discovery motions, several issues have featured repeatedly.

4    Plaintiffs have objected on numerous occasions about Defendants' decision to serve Plaintiffs—

5    who are mother and son and live at the same address—with only one copy of discovery papers.[12]

6    Each time, the court has overruled the objection.[13]  Plaintiffs also have complained about

7    Defendants' purported failures to appear for deposition.[14]  The court has rejected these arguments

8    too.[15]

9         Nevertheless, those themes recur in the motions now before the court.  Plaintiffs

10   collectively have filed the following ten motions:

11       (1)   a motion by both Plaintiffs for sanctions for failure to appear at a deposition or
             produce truthful documents, to compel production of certain documents and to
12           require Defendants to conduct depositions in a particular way;[16]

13       (2)   a motion by both Plaintiffs to quash a deposition subpoena, for sanctions against
             Defendants' counsel, to compel the deposition of a non-party who no longer works at
14           SCCA, to compel SCCA to pay Plaintiffs for a purported failure to take Roda
             Hiramanek's deposition and to compel SCCA and Miller to produce certain
15           documents;[17]

16       (3)   a motion by Adil Hiramanek for sanctions for SCCA and Miller's failure to appear at
             or submit to depositions and for their failure to produce certain documents;[18]

17

18   [10] See id. at 2-3.

19   [11] See Docket No. 340 at 1-2.

20   [12] See, e.g., Docket No. 230 at 4; Docket No. 231 at 4-5; Docket No. 275 at 2-4; Docket No. 276 at
     2-4; Docket No. 306 at 18; Docket No. 367 at 6.

21
22   [13] See Docket No. 269 at 2; Docket No. 291 at 2; Docket No. 327 at 4; Docket No. 382 at 8.

23   [14] See, e.g., Docket No. 306 at 3-7; Docket No. 313 at 18-22; Docket No. 367 at 5.

24   [15] See Docket No. 327 at 4 & n.11; Docket No. 382 at 6-7.

25   [16] See Docket Nos. 323, 325.

26   [17] See Docket Nos. 341, 342.

27   [18] See Docket No. 354.

28   Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

(4)   a motion by Roda Hiramanek to deem certain matters automatically admitted and to sanction Miller for an alleged failure to respond to certain requests for admission and interrogatories, in part because Miller served only one copy on Plaintiffs;[19]

(5)   a similar motion by Adil Hiramanek against SCCA for an alleged failure to respond to certain requests for admission and interrogatories;[20]

(6)   a motion by Adil Hiramanek to compel further depositions of a Santa Clara County Sheriff's Office representative under Rule 30(b)(6) and of Sylvia Sanchez, an IT provider at SCCA;[21]

(7)   a motion by Roda Hiramanek to deem certain matters automatically admitted and to sanction SCCA for an alleged failure to respond to certain requests for admission and interrogatories, in part because SCCA served only one copy on Plaintiffs;[22]

(8)   a motion by Adil Hiramanek either to compel SCCSO to produce a Rule 30(b)(6) witness for deposition and pay for Plaintiffs' allegedly failed attempts to depose such a witness or, alternatively, to preclude the officer Defendants from raising evidence relating to these non-parties;[23]

(9)   a motion by Adil Hiramanek to sanction SCCA and Miller for their failures to submit to deposition and to sanction Miller for failing to preserve evidence, not providing satisfactory answers to deposition questions and improperly withholding documents on the basis of privilege[24] and

(10)   a motion by Adil Hiramanek to deem certain matters automatically admitted and sanction Miller for an alleged failure to respond to certain interrogatories.[25]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331.  The undersigned was assigned discovery matters in this case pursuant to Fed. R. Civ. P. 72(a).

## III.

As an initial matter, many of the motions at issue involve the same procedural and evidentiary disputes, and the court will resolve them here to prevent duplication.  Plaintiffs

---

[19] *See* Docket No. 386.

[20] *See* Docket No. 389.

[21] *See* Docket No. 390.

[22] *See* Docket No. 391.

[23] *See* Docket No. 392.

[24] *See* Docket No. 393.

[25] *See* Docket No. 394.

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

repeatedly complain—again—about Defendants' failure to serve separate copies of discovery papers on Plaintiffs.  The court already has ruled in Defendants' favor on this issue on several different occasions, and the court will not take it up yet again.[26]  Also, Plaintiffs' replies in support of these motions often ask the court to strike Defendants' oppositions because, Plaintiffs argue, Defendants' counsel has not signed them properly.  However, Defendants have signed their papers electronically as Civ. L.R. 5-1(i) allows, and the documents therefore satisfy Fed. R. Civ. P. 11(a)'s requirement that "every . . . paper must be signed by at least one attorney of record."  Defendants' oppositions are proper.

For their part, Defendants object to Plaintiffs' use of unauthenticated deposition excerpts, which it appears Plaintiffs have transcribed manually from video recordings instead of obtaining official copies from a court reporter.  But Plaintiffs have supported each of these excerpts with declarations affirming that they accurately represent portions of the deposition recordings, and Defendants do not identify any errors in the transcription process.  The court will consider these excerpts for the purposes of these motions.[27]  Their admissibility at trial is a separate issue for the presiding judge to address.

On the merits, Plaintiffs have not made a persuasive case for any of the relief they seek.  The court addresses each of their motions in turn.

---

[26] *See* Docket No. 269 at 2; Docket No. 291 at 2; Docket No. 327 at 4; Docket No. 382 at 8.  To be clear, under Fed. R. Civ. P. 5(a)(1)(C), the court may order that discovery papers need not be served on each party to the litigation, and the court has exercised that option at least four separate times.

[27] In connection with a previous motion, Adil Hiramanek submitted deposition excerpts that, as Judge Whyte noted, did not have page numbers, were not supported by a declaration and included editorial commentary.  *See* Docket No. 382 at 5 & n.3.  Although the new excerpts are supported by declarations, they still lack page numbers for the most part, and they contain the occasional stage direction.  *See, e.g.*, Docket No. 390-1 at ¶ 23 ("MILLER (laughing)"); Docket No. 393-1 at ¶ 30 ("(Miller looks to Brown and smerks [sic]).");  *id.* ("(Miller is seen making light of the question on video)");  *id.* ("(smerks [sic] on video)");  *id.* ("(synde [sic] remark)"); Docket No. 442, Ex. A at 5:19 ("MS. KU: [seen looking to counsel Brown]").  Nevertheless, because the Plaintiffs proceed pro se and in forma pauperis, the court will accept their submissions—minus any commentary—and not require them to incur the expense of ordering official transcripts.

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

*First*, Adil Hiramanek's first motion alleges that the officer Defendants failed to appear at a deposition, produce documents at that deposition or respond fully or truthfully to discovery requests.[28]  The motion also repeats Hiramanek's unsupported allegation that some or all Defendants have tampered with stenographic services to make it more difficult for him to take depositions, which the court has rejected.[29]  The court will not address the latter issue again.

Under similar circumstances, the court previously denied Hiramanek's request to sanction a Defendant for failing to appear at a deposition.[30]  Here, as before, Hiramanek violated Civ. L.R. 30-1 by not consulting with Defendants before setting a deposition date of October 16, 2015.[31]  Also as before, Hiramanek knew well in advance that the deponents would not appear.  Starting on October 2, Defendants' counsel told Hiramanek numerous times that the deposition would not go forward until the court had ruled on a pending motion for a protective order about Hiramanek's conduct at prior depositions.[32]  In fact, that conduct required the court to set ground rules for

---

[28] *See* Docket No. 323.  The motion raised several other issues, but the reply brief indicated that they are now moot.  *See* Docket No. 377 at 10-11.  Also, the court already has ruled on Hiramanek's allegations about Defendants' deposition misconduct.  *See* Docket No. 327 at 3 ("All parties should avoid speaking objections. Moreover, Defendants' counsel should instruct deponents not to answer only when permitted by Rule 30(d)(1).").  In his reply, Hiramanek argues that Defendants have not complied with this order, but the instant motion did not ask for the "escalating" sanctions that he now seeks, and he provides no evidence of the violations he alleges. Docket No. 377 at 13-14.  Finally, in deciding this motion, the court has not considered the arguments that Defendants only raised in their opposition to a later motion.  *See* Docket No. 412.

[29] *See* Docket No. 327 at 4; Docket No. 382 at 7.

[30] *See* Docket No. 327 at 4 & n.11; Docket No. 382 at 6-7.

[31] *See* Docket No. 362 at ¶ 1; *cf.* Docket No. 327 at 4 n.11 ("Defendants also represent that Hiramanek set the deposition date unilaterally without consulting with opposing counsel as required by Civ. L.R. 30-1. This alone excuses what Hiramanek characterizes as Defendants' failure to appear.").

[32] *See* Docket No. 362-1; Docket No. 362-2; Docket No. 362-3; Docket No. 362-4; Docket No. 362-5; Docket No. 362-6; *cf.* Docket No. 327 at 4 ("Defendants' delay . . . arose from their unwillingness to continue until the court had set ground rules for the scope of discovery and the conduct of depositions.").

6

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

further depositions and to warn Hiramanek to follow the Federal Rules,[33] justifying Defendants' desire to wait for a ruling on the pending motion before proceeding with a deposition.  Hiramanek nevertheless asks the court to sanction the officer Defendants for not appearing or producing documents at the October 16 deposition.  Those requests are denied.[34]

As to the discovery responses, Hiramanek charges these Defendants with several types of misconduct.  Requests for production 8, 37 and 38 seek documents relating to all other complaints against Defendants, all documents related to internal affairs audits or other constitutional violation investigations of Defendants since 2000 and all of their performance evaluations since 2010.[35]  As Defendants rightly point out, these extremely broad requests violate the court's previous order that "all requests must be narrowly tailored" to Hiramanek's claims.[36]  On this basis, Defendants' objections to these requests are sustained.

Regarding requests 13, 14 and 15, which seek architectural blueprints of the SCCA courthouse and documents about security equipment there, Defendants responded that they did not possess the relevant documents and suggested that Hiramanek seek them from SCCA or SCCSO directly.[37]  Similarly, regarding request 32, which seeks the Defendants' personal phone records pertaining to Hiramanek, Defendants responded that they had none.[38]  Hiramanek accuses

---

[33] *See* Docket No. 327 at 2-3.

[34]  The court may punish a party for failing to appear for deposition even if the party has a motion for a protective order pending at the appointed time.  *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964).  However, the court is not required to impose any penalty.  *See* Fed. R. Civ. P. 37(d)(2) (providing that a failure to appear for deposition is excusable if "the party failing to act has a pending motion for a protective order under Rule 26(c)"); Fed. R. Civ. P. 37(d)(3) (providing that the court may decide not to impose sanctions for any failure to act if "the failure was substantially justified or other circumstances make an award of expenses unjust").

[35] *See* Docket No. 323-1, Ex. R at 7, 18-19.

[36] Docket No. 201 at 2.

[37] *See* Docket No. 323-1, Ex. R at 9-10; Docket No. 323-2, Ex. Ab at 6-8.

[38] *See* Docket No. 323-2, Ex. Ab at 9-10.

7

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

Defendants' counsel of intentionally hiding these documents, but—other than his own suspicions—he provides no evidence to support his allegations except the fact that Defendants received certain other documents from SCCSO.[39]  Because there is no evidence that Defendants have failed to produce anything within their "possession, custody, or control,"[40] the court will not order them to do so.

*Second*, Plaintiffs jointly move for sanctions against SCCA and Miller's counsel for violating a protective order, committing perjury and failing to appear at a deposition.[41]  In the same motion, Plaintiffs also seek to compel SCCA and Miller to produce certain blueprints and privilege logs.  Plaintiffs next ask the court to compel Ed Yearman, a former County sheriff and non-party, to appear for a deposition.  Finally, they seek sanctions for an alleged failure to appear at Roda Hiramanek's deposition.[42]  All of these requests are baseless.

Plaintiffs' perjury claim pertains to counsel's representation that Plaintiffs did not provide Defendants with the audio or video recording—which Adil Hiramanek took himself, in violation of Rule 30[43]—of the August 14, 2015 deposition of Caitlin Burgess.[44]  Soon afterwards, the officer Defendants issued a discovery request for the video recording.[45]  On August 24, Hiramanek

---

[39] *See* Docket No. 377 at 11-13.

[40] Fed. R. Civ. P. 34(a)(1).

[41] *See* Docket Nos. 341, 342.

[42] Additionally, Plaintiffs move to quash a subpoena to a non-party physician, Samuel Cipoletti, but later filings and communications with the court indicate that Defendants already have deposed Cipoletti and this relief is moot.  *See* Docket Nos. 399, 401.

[43] *See* Docket No. 327 at 3 (listing several ways in which Adil Hiramanek violated Rule 30 in taking this deposition).

[44] *See* Docket No. 326 at 6 ("There is no transcript or record of the testimony by Ms. Burgess at the August 14, 2015 session of her deposition because Mr. Hiramanek did not use a court reporter and has refused to provide anyone with a copy of the audio or video recording that he made."); Docket No. 326-1 at ¶ 2 ("[Adil Hiramanek] has not provided a copy of those recordings to anyone and there is no official transcript of that deposition.").

[45] Docket No. 341-1, Ex. U at 1.

8

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

1    responded that, if those Defendants cured various defects and propounded the requests again, he

2    "may be inclined to produce [the video recording] upon reimbursement of comparable costs of

3    recording."[46]   On October 12, after SCCA and Miller's counsel asked about the recording again,

4    Hiramanek copied and pasted into an email a footnote from his discovery response, in which he

5    had quoted the rates that a stenographic reporting service would charge.[47]   Although counsel's

6    representation to the court was incomplete, it was far from perjury.   Hiramanek said only that he

7    "may be inclined to produce" the recording, and he conditioned his offer both on the officer

8    Defendants' curing defects in their request and on payment of the rates that professional

9    stenographers charge.[48]   That tender was plainly unreasonable.   The details that Plaintiffs supply

10   only emphasize Defendants' point that Hiramanek did not turn over his recording.   Plaintiffs do

11   not support their other claims of perjury with a declaration, much less documentary evidence.[49]

12        Plaintiffs allege that Miller and SCCA violated the parties' stipulated protective order[50] by

13   disclosing Cipoletti's name—and nothing more—to the other Defendants in this case.[51]   The

14   protective order provides that the officer Defendants have no interest in "confidential and legally

15   privileged discovery produced by Plaintiff Adil Hiramanek responsive to Defendants [SCCA] and

16   Beth Miller's discovery on Plaintiff Adil Hiramanek."[52]   Cipoletti's identity is not confidential or

17

18   _____

19   [46] *Id.* at 6 & n.2.

20   [47] *See* Docket No. 341-1, Ex. V.

21   [48] Docket No. 341-1, Ex. U at 6 & n.2.

22   [49] *See* Docket No. 341 at 2.

23   [50] *See* Docket No. 337.

24   [51] Plaintiffs also allege violation of Rule 45(d)(3)(A), which says that "the court . . . must quash or
25   modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no
     exception or waiver applies."   Plaintiffs argue that the subpoena itself—as opposed to what
26   Cipoletti will discuss at deposition—divulges privileged information, so Rule 45 does not apply.

27   [52] *Id.* at 3.

28
     Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

1   legally privileged.  In fact, Hiramanek included Cipoletti's name in his own expert disclosures.[53]

2   There is no evidence that any Defendant violated the stipulated protective order.

3       Plaintiffs also seek blueprints of the SCCA courthouse.  As indicated above, in response to

4   Adil Hiramanek's request for production, the officer Defendants referred Plaintiffs to SCCA for

5   these blueprints.[54]  The court already has denied Hiramanek's motion to compel SCCA to produce

6   blueprints in connection with his ADA claims against SCCA.[55]  For the same reason—because his

7   requests are not "narrowly tailored" to any pending claims[56]—the court denies this request as well.

8   Although the layout of the areas at issue might relate tangentially to Hiramanek's claims, his

9   request covers "[a]ny and all documents, pertaining to blue-print, architecture drawings, related to

10  the layout of all physical locations related to the claims."[57]  The request is far too broad to comply

11  with Judge Whyte's order.

12      Compelling SCCA and Miller to produce privilege logs is similarly unnecessary.  After

13  Plaintiffs filed the motion, SCCA did produce a privilege log that identified each individual by

14  name, as Plaintiffs demanded.[58]  Plaintiffs ask both Defendants for privilege logs for

15  communications after November 2013, but they filed this case in January of that year, and

16  "counsel's communications with the client and work product developed once the litigation

17  commences are presumptively privileged and need not be included on any privilege log."[59]  Miller

18

19  [53] *See* Docket No. 401-1 at 4.

20  [54] *See* Docket No. 341-1, Ex. Ac at 6-7 ("[Officer Defendants] are informed and believe that
21  responsive documents may be in the possession of [SCCA].").

22  [55] *See* Docket No. 327 at 2.

23  [56] Docket No. 201 at 2.

24  [57] Docket No. 341-1, Ex. Ac at 6.

25  [58] *See* Docket No. 376-3, Ex. M.

26  [59] *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, Case No. 06-cv-03219, 2009 WL 5114077, at
27  *3 (N.D. Cal. Dec. 18, 2009); *see also Grider v. Keystone Health Plant Cent.*, 580 F.3d 119, 139
    n.22 (3d Cir. 2009); *Hernandez v. Best Buy Co., Inc.*, Case No. 13-cv-02587, 2014 WL 5454505,

28
                                                    10
    Case No. 13-cv-00228-RMW
    ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

claims that "no documents were withheld in her responses based on an assertion of privilege, other than communications that she had after the advent of this litigation."[60]  Indeed, whenever Miller has cited privilege as a basis for withholding documents, she has done so in response to very broad requests, and she has listed other objections as well.[61]  Because Plaintiffs have not established that Miller withheld pre-litigation documents based on privilege, she need not produce a privilege log.

Next, Plaintiffs ask the court to compel the officer Defendants' counsel to divulge Yearman's contact information and to allow Plaintiffs to depose him after he returns to the state. On October 14, the court granted a motion to serve a third-party subpoena on Yearman in his individual capacity because he "recommended that the sheriff's office take certain precautions when [Adil] Hiramanek went to county buildings."[62]  That subpoena issued two days later.[63]  It turned out, however, that Yearman had retired from SCCSO, so the latter could no longer accept service on his behalf.[64]  Furthermore, Yearman was out of state through the close of fact discovery in mid-November.[65]  Because neither Plaintiff has propounded a discovery request for Yearman's email address or location, the court has no basis on which to compel production of that information.  And even assuming that Plaintiffs can serve him when he returns to the area, discovery has closed,[66] and only the presiding judge may alter the case schedule.

---

at *10 (S.D. Cal. Oct. 27, 2014); *United States v. Bouchard Transp.*, Case No. 08-cv-04490, 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010).  Plaintiffs cite out-of-circuit cases reflecting an apparent split in authority on this point, but the only cases either party cites from this circuit support Defendants' position.

[60] Docket No. 376 at 10.

[61] *See* Docket No. 380-2, Ex. E; *id.*, Ex. F; *id.*, Ex. G.

[62] Docket No. 317 at 2.

[63] *See* Docket No. 322.

[64] *See* Docket No. 341-1 at Ex. Aa.

[65] *See id.*

[66] *See* Docket No. 356 (extending fact discovery cutoff until November 18, 2015).

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1

2       Finally, Plaintiffs request sanctions for Defendants' alleged failure to appear at Roda

3   Hiramanek's deposition, initially noticed for October 14, 2015 in San Francisco.[67]  But on

4   September 28, Adil Hiramanek wrote Defendants' counsel that Roda Hiramanek was not available

5   on the appointed date and that, in any case, she absolutely could not travel to San Francisco due to

6   her age and ill health.[68]  On October 1, Defendants responded that they would agree to a different

7   date and offered to hold the deposition in San Jose instead.[69]  Nevertheless, Plaintiffs now claim

8   that they showed up in San Francisco on October 14—although Adil Hiramanek believed the

9   noticing parties' counsel was out of town—and were rebuffed.[70]  Under these circumstances,

10  Plaintiffs could not have "expect[ed] a deposition to be taken" on that date, and they are not

11  eligible to recover their expenses.[71]

12      **Third**, Adil Hiramanek moves for sanctions against SCCA and Miller for their purported

13  failure to appear at a deposition on September 14 or submit to a deposition in late October, in

14  addition to concealing documents in their discovery responses.[72]  The court already has denied

15  Hiramanek's motion for sanctions related to the September 14 deposition,[73] and it will not rule on

16  the same issue again.  Hiramanek's remaining requests are equally meritless.  SCCA and Miller

17  did not refuse to submit to a deposition; a fairer characterization of the parties' communications is

18  that they could not find a workable time with the October 31 fact discovery deadline fast

---

[67] *See* Docket No. 376-2, Ex. E at 1-2.

[68] *See id.*, Ex. F.

[69] *See id.*, Ex. G.

[70] *See* Docket No. 341-1, Ex. O.

[71] Fed. R. Civ. P. 30(g).  Plaintiffs also have submitted no documentation of their "reasonable expenses for attending," *id.*, and without such evidence the court cannot award the $99.50 that Plaintiffs have claimed.

[72] *See* Docket No. 354.

[73] *See* Docket No. 327 at 4 & n.11; Docket No. 382 at 6-7.

12

1   approaching and several other depositions already scheduled.[74]   After Judge Whyte extended the

2   deadline to November 18,[75] Hiramanek took the Rule 30(b)(6) deposition of SCCA on November

3   9.[76]   Hiramanek complains that the deposition did not satisfy SCCA's obligations under Rule 30,[77]

4   but this alleged misconduct is the subject of a separate motion.[78]

5          Hiramanek's arguments about discovery responses fare no better.   The bulk of this portion

6   of his motion consists of long quotations from opinions imposing discovery sanctions,[79] but he

7   fails to first establish the requisite misconduct.   Similarly, Hiramanek's supporting declaration

8   contains mostly unsupported accusations of dishonesty.[80]   The only example of potential

9   misconduct that Hiramanek actually identifies is SCCA's failure to produce a contract between

10  SCCA and CourtCall, a third-party provider of telephonic appearance services.[81]   But, as SCCA

11  points out, it was not entirely clear that the contract was responsive to Hiramanek's request.[82]

12  Moreover, the contract makes no difference to Hiramanek's claims, so SCCA's relevance

13  objection is valid.[83]   For these reasons, SCCA's failure to produce the contract does not give rise

14  to an inference of wrongdoing.   Similarly, the fact that Defendants produced no documents in

15  response to certain of Hiramanek's requests does not necessarily imply that they hid them.   The

16

17  ─────────────────

    [74] *See* Docket No. 354-1 at ¶¶ 6-14; *id.*, Ex. A; *id.*, Ex. B.

18

    [75] *See* Docket No. 356.

19

20  [76] *See* Docket No. 379-1 at ¶ 3.

21  [77] *See* Docket No. 384 at 5-6.

22  [78] *See* Docket No. 393.

23  [79] *See* Docket No. 354 at 8-12.

24  [80] *See* Docket No. 354-1 at ¶¶ 15-31.

25  [81] *See* Docket No. 354-1 at ¶ 16; *id.*, Ex. F.

26  [82] *See* Docket No. 354-1 at ¶ 16 n.2 (reproducing the allegedly related discovery requests).

27  [83] *See* Docket No. 354-1, Ex. F.

28
                                            13
    Case No. 13-cv-00228-RMW
    ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1    more logical conclusion is just what Defendants claim:  that they searched for but did not find

2    anything responsive and discoverable.[84]  Finally, the court ruled on the issue of these parties'

3    privilege logs earlier in this order, and it will not consider it again here.

4         **Fourth**, Roda Hiramanek moves for various relief because Miller allegedly did not

5    respond to Hiramanek's requests for admission or her interrogatories.[85]  Rule 37(a)(1) requires the

6    movant to certify that she has conferred in good faith with the opposing party before filing a

7    motion.  Accordingly, under Civ. L.R. 37-1(a), the court may not "entertain a . . . motion to

8    resolve a . . . discovery dispute unless . . . [the parties] have previously conferred for the purpose

9    of attempting to resolve all disputed issues."  On November 6, Hiramanek says that she, "jointly

10   with Plaintiff Adil, . . . engaged in meet and confer with" Miller's counsel over email,[86] but the

11   emails she includes are from Adil Hiramanek, not her.[87]  Hiramanek also says that "[a] meet and

12   confer was engaged with" Miller's counsel on November 16 at her deposition,[88] but Hiramanek

13   does not dispute that she never spoke to Miller's counsel herself.[89]  Hiramanek protests that meet

14   and confer communications with Adil Hiramanek should suffice, but Rule 37 is clear:  the movant

15   herself must confer with the other party.  The court cannot consider this motion under Rule 37 and

16   Civ. L.R. 37-1(a).

17        **Fifth**, Adil Hiramanek similarly moves for various forms of relief because SCCA allegedly

18   failed to provide timely responses to his requests for admission and interrogatories.[90]  However,

19

20   _____

     [84] In fact, SCCA served supplemental responses that indicate that it did search for relevant
21   documents.  *See* Docket No. 379-3, Ex. F.

22   [85] *See* Docket No. 386.

23   [86] Docket No. 386-1 at ¶ 12.

24   [87] *See* Docket No. 386-2, Ex. B; *id.*, Ex. C.

25   [88] Docket No. 386-1 at ¶ 11.

26   [89] *See* Docket No. 406-1 at ¶ 2; Docket No. 419 at 5-6.

27   [90] *See* Docket No. 389.

28

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

SCCA has provided physical documentation that casts serious doubt on Hiramanek's claims about when he served the requests at issue. Hiramanek's certificate of service for his requests for admission is dated September 28, 2015, and the document certifies that Hiramanek already had emailed courtesy copies of the requests to SCCA's counsel.[91] But the email Hiramanek attached to his own declaration shows that he sent courtesy copies of his requests for admission on October 1,[92] and the physical envelope that SCCA received shows a postmark dated October 2.[93] Hiramanek's claim to have effected service on September 28 is not plausible.[94] Hiramanek's claims about service of his interrogatories are similarly incredible. He claims to have served them on September 11,[95] but he emailed courtesy copies on September 14,[96] and the mailing envelope is postmarked September 15.[97] Assuming that service was effective as of the dates that Hiramanek emailed courtesy copies—which comports with the postmarks on his envelopes—all of SCCA's responses were timely. Therefore, the matters in the requests for admission cannot be deemed admitted under Rule 36(a)(3).

Hiramanek also is unsatisfied with the content of the responses to his requests for

_____

[91] *See* Docket No. 389-1, Ex. B.

[92] *See id.*, Ex. C.

[93] *See* Docket No. 407-1, Ex. C.

[94] Hiramanek's explanation about mail pickup times carries no water either. *See* Docket No. 418 at 2 n.2. The United States Postal Service picks up and delivers mail on Saturdays. And Fed. R. Civ. P. 6(d) adds three days to deadlines for documents served by mail because the Rules "recognize a presumption that documents served by ordinary U.S. mail require three days for delivery." *Lue Seng Thao v. Ducart*, Case No. 14-cv-01791, 2015 WL 4478203, at *5 (E.D. Cal. July 22, 2015). Here, Hiramanek's envelope was not even postmarked, much less delivered, for four days after he purports to have served it.

[95] *See* Docket No. 389-1 at ¶ 14; *id.*, Ex. I at 6.

[96] *See id.*, Ex. J.

[97] *See* Docket No. 407-1, Ex. A.

15

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

admission.[98]  SCCA's initial response consisted largely of objections that Hiramanek "failed to timely serve his first set of request [sic] for admissions."[99]  Given that fact discovery was to end on October 31[100] and that, as above, Hiramanek did not serve his requests on September 28, SCCA's contention was correct.[101]  And after Judge Whyte extended the discovery deadline until November 18,[102] and before Hiramanek filed this motion, SCCA served supplemental responses to both Hiramanek's requests for admissions and his interrogatories.[103]  Hiramanek does not mention either supplemental response in his motion.[104]  Given the circumstances above, no sanctions are appropriate under Rule 37.

*Sixth*, Adil Hiramanek moves for further relief related to a previously issued third-party subpoena on SCCSO and to issue a new subpoena on Sylvia Sanchez, an IT provider at SCCA.[105]  Both sets of Defendants oppose.[106]  SCCSO has satisfied its obligations under its subpoena, and a

---

[98] Hiramanek also claims that SCCA raised only "frivolous" objections in response to his interrogatories.  Docket No. 389 at 4; Docket No. 389-1 at ¶ 16.  However, Hiramanek does not elaborate further on why he believes the objections are improper.

[99] *Id.*, Ex. D at 3-10.

[100] *See* Docket No. 201 at 1.

[101] Under the Federal Rules, because Hiramanek served his requests by mail, SCCA had 33 days to respond.  *See* Fed. R. Civ. P. 6, 33(a).  Even assuming that Hiramanek served his requests on September 29—and not October 1, as seems more likely—the response deadline would have been November 2, because November 1 was a Sunday.

[102] *See* Docket No. 356.

[103] *See* Docket No. 407-1, Ex. B; *id.*, Ex. D.  Contrary to Hiramanek's claims, providing a supplemental response does not constitute a tacit admission that any previous responses were defective.

[104] *See* Docket No. 389.

[105] *See* Docket No. 390.

[106] *See* Docket Nos. 404, 408.  As Hiramanek observes, the officer Defendants filed two identical oppositions.  *See* Docket Nos. 403, 404.  The court will treat the most recent opposition as the operative one.  Hiramanek also contends that the officer Defendants lack standing to oppose the SCCSO subpoena.  *See* Docket No. 417 at 2-3.  Hiramanek has made a similar argument before,

16

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

1    subpoena of Sanchez is not warranted.  These requests are denied.

2         In late October, the court granted Hiramanek's request "to depose a representative of the

3    Sheriff under Fed. R. Civ. P. 30(b)(6) about 'SC County Deputies' unreasonable & invasive body

4    search; search and seizure of Adil's property; unlawful interrogation, confinement, use of

5    excessive force, & cruel & unusual punishment on Adil, at County Courthouses during 2010-

6    2013.'"[107]  In his motion papers, Hiramanek had clarified that "SC County Deputies'" referred

7    only to the officer Defendants in this case.[108]  Given the context, the court also interpreted the

8    subpoena to relate only to searches of Hiramanek.[109]  The subpoena issued on November 3 and set

9    a November 17 date for the deposition.[110]  In response to the subpoena, SCCSO determined that

10   the three officer Defendants themselves were the people most knowledgeable within SCCSO

11   about the acts at issue.[111]  Accordingly, SCCSO produced these Defendants at the deposition.[112]

12        Hiramanek argues that these Defendants did not know enough about the subjects he

13   identified in the subpoena.  For example, they did not know about "the underlying topics that

14   prompted the Court to grant leave to conduct discovery, namely, the SCCSO's correspondence

15   asserting [Hiramanek] to be a purported security risk, and similar other matters related to" certain

16   other SCCSO employees.[113]  But the subpoena did not specify these topics.  In fact, as the court

---

18   and the court rejects it now for the same reason it did before:  these Defendants have "a personal
     right or privilege in the information sought to be disclosed."  Docket No. 251 at 3.  Here,
19   Hiramanek seeks discovery about what these Defendants did, and they plainly have a personal
     right or privilege in that information.

20   [107] Docket No. 350 at 2 (quoting Docket No. 318, Ex. A).

21   [108] *See id.* at 2 n.8 (citing Docket No. 332 at 1 n.1).

22   [109] *See id.* at 2 n.11.

23   [110] *See* Docket No. 361.

24   [111] *See* Docket No. 403 at ¶ 4.

25   [112] *See* Docket No. 390-1 at ¶¶ 3-4.

27   [113] Docket No. 390 at 2.

28
                                                    17
     Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

observed in permitting the discovery, the subpoena was "restricted to deputies' interactions with Hiramanek."[114]  Hiramanek does not suggest that the officer Defendants were incapable of testifying about their interactions with him or of explaining the reasons for their actions.[115]  Hiramanek also complains that the deponents did not produce documents until after the deposition ended.  However, Defendants point out—and Hiramanek does not contest—that Hiramanek never asked for these documents, and in any case Defendants already had produced them before.[116]  Even if the SCCSO witnesses waited until the last possible minute, Hiramanek was not prejudiced.

Hiramanek alternatively asks the court to issue a new subpoena whose scope extends to the issues he apparently wanted to cover with his initial subpoena.  The new subpoena would command SCCSO to produce a Rule 30(b)(6) witness to testify "on Damiano, Aldama,Yearman, Enright, Spade, Greg Christopherson, Susan Taylor, Camua, Swenson, Vander Esch, Frontella, Lamond Davis, Low, Tarabetz's knowledge of Plaintiff Adil, as it relates to the open claims in this case."[117]  This extremely broad and vague subpoena does not "describe with reasonable particularity" the matters for examination;[118] nor does it satisfy the court's previous order that "Hiramanek must tailor all of his questioning narrowly to the claims still pending."[119]  Hiramanek

[114] Docket No. 350 at 2.  Hiramanek's intentions in seeking the subpoena may well have been broader, but the actual text of the subpoena determines SCCSO's obligations.

[115] Hiramanek argues that the officer Defendants disclaimed any knowledge about "the numerous court security related communications of SCCSO's third party personnel" relating to Hiramanek.  Docket No. 417 at 5.  The only proof he offers is an excerpt from McChristian's testimony, where Hiramanek asked about a specific "court security risk assessment memo" and McChristian did not remember anything about "[t]hat particular one."  Docket No. 390-1 at ¶ 9.  Polumbus testified to the same effect about the same report.  *See* Docket No. 417-1 at ¶ 1.  Hiramanek apparently did not ask about any other documents or provide any witness with a copy of that report.  *See* Docket No. 390-1 at ¶ 9; Docket No. 417-1 at ¶ 1.

[116] *See* Docket No. 405 at ¶¶ 5-6; Docket No. 417 at 6; Docket No. 417-1 at ¶ 2.

[117] Docket No. 390-1, Ex. B.

[118] Fed. R. Civ. P. 30(b)(6).

[119] Docket No. 327 at 2.

18

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

1    may not issue the new subpoena.

2         Finally, Hiramanek claims that he needs a deposition of Sanchez and document production

3    from her (or from SCCA's IT provider or custodian of records) because Miller has deleted

4    relevant emails or is otherwise concealing them.  Even though fact discovery closed on November

5    18, Hiramanek filed his motion on November 23, and his subpoena proposes a December 11

6    deposition.[120]  Although Hiramanek is correct that parties may file motions to compel discovery

7    up to seven days after the fact discovery cutoff,[121] this motion is not a motion to compel under

8    Rule 37.[122]  On that basis alone, the court denies the motion.

9         In addition, Hiramanek has not shown good cause for the third-party discovery.[123]

10   Hiramanek cites Miller's deposition testimony that she sometimes deletes unnecessary emails

11   within as little as a week.[124]  This statement was far from an admission that she violated the

12   court's order to preserve relevant documents.[125]  Judge Chen issued that order in March 2014, and

13   the only relevant emails that Miller has authenticated but not produced—to non-party Caitlin

14   Burgess—predate the preservation order and even this lawsuit.[126]  Moreover, Miller never said

15   that she always deletes emails within a week or even that she deleted any other emails that she

16   otherwise would have produced to Hiramanek.  He has failed to provide any support for his

18   [120] *See* Docket No. 390; Docket No. 390-1, Ex. D.

19   [121] *See* Civ. L.R. 37-3.

20   [122] In fact, in a previous order, the court suggested that this relief "belong[ed] in a noticed motion
21   to compel production from Miller."  Docket No. 383 at 1.

22   [123] *See* Docket No. 251 (requiring Hiramanek to show good cause for subpoenas to third parties).

23   [124] *See* Docket No. 408-1, Ex. A at 14:4-17.

24   [125] *See* Docket No. 82 ("The Court directed defendants to preserve the records (digital or hard
25   copies) relevant to all the claims filed in the initial complaint including those related to Mrs.
     Hiramanek's requests for accommodation.").

26   [126] *See* Docket No. 390-1, Ex. C.  The emails also appear entirely irrelevant to Hiramanek's civil
27   rights claim.  *See id.*

28                                         19
     Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1   contention that Miller has concealed discoverable evidence.

2       **Seventh**, Roda Hiramanek, like her son, moves for several forms of relief because SCCA

3   purportedly did not respond to her requests for admission or interrogatories in a timely fashion.

4   As with her other motion, Hiramanek has not satisfied the meet-and-confer requirements of Civ.

5   L.R. 37-1(a).  She again says only that "[a] meet and confer was engaged" with SCCA's counsel at

6   her deposition, but at the deposition she and SCCA's counsel never spoke about outstanding

7   discovery.[127]  Here, too, Adil Hiramanek apparently tried to meet and confer on her behalf,[128] but a

8   communication by a fellow Plaintiff does not satisfy the obligations imposed by the Federal and

9   Local Rules.  The court cannot consider this motion under Civ. L.R. 37-1(a).

10      **Eighth**, Adil Hiramanek moves for preclusive and financial sanctions against the officer

11  Defendants and for a new Rule 30(b)(6) deposition of SCCSO because of allegedly failed

12  depositions on October 16 and November 17, 2015.[129]  The motion largely duplicates two of

13  Hiramanek's previous motions.[130]  As the court explained earlier in this order, Hiramanek had

14  more than enough notice that Defendants would not appear on October 16, and sanctions are not

15  warranted.  As for the November 17 Rule 30(b)(6) deposition, as above, SCCSO was justified in

16  designating Defendants as its most knowledgeable representatives, and Defendants did not act

17  improperly by participating.  The court will not cover the same ground again.

18      **Ninth**, Adil Hiramanek seeks evidentiary sanctions and costs for SCCA and Miller's

19  purported failure to submit to depositions, preserve evidence or answer questions at the

20  deposition.[131]  Hiramanek again raises the issue of the September 14 deposition, on which the

21

22  [127] Docket No. 391-1 at ¶ 11; Docket No. 406-1 at ¶ 2.

23  [128] *See id.* at ¶ 12; Docket No. 391-2, Ex. A; *id.*, Ex. B; *id.*, Ex. C.

24  [129] *See* Docket No. 392.

25  [130] *See* Docket No. 323 (seeking sanctions for Defendants' alleged failure to appear for the
    October 16 deposition); Docket No. 390 (seeking a new Rule 30(b)(6) deposition of SCCSO
26  because of the allegedly insufficient November 17 deposition).

27  [131] *See* Docket No. 393.

28
    Case No.  13-cv-00228-RMW
    ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1    court already has ruled in Defendants' favor.[132]   The court will not address it again.

2           The disputes that Hiramanek raises for the first time pertain to a November 9, 2015

3    deposition of SCCA under Rule 30(b)(6) and a November 16 deposition of Miller.  SCCA

4    produced two witnesses, Georgia Ku and Alicia Vojnik, at the November 9 deposition, and Miller

5    appeared as scheduled on November 16.[133]  Hiramanek nevertheless claims that SCCA and Miller

6    so frustrated his attempts to gather evidence that the depositions were not meaningful.

7           Hiramanek cites a number of problems with the SCCA depositions.  The first is SCCA's

8    failure to disclose the witnesses' names in advance.  However, Hiramanek cites no support for his

9    contention that this disclosure was required for a Rule 30(b)(6) deposition or that the

10   nondisclosure prejudiced him in any way.

11          Hiramanek next argues that SCCA did not produce knowledgeable witnesses.  To start

12   with, the deposition subpoena specified that SCCA was to produce witnesses who could testify

13   "about the matters associated with the factual assertions in (A) Counts #II-A, #10, #17, #35 and

14   #44 of" the operative complaint.[134]  This notice utterly failed to "describe with reasonable

15   particularity the matters for examination."[135]  Accordingly, months before the deposition, SCCA

16   objected to the breadth of the topics and offered only to "produce a witness to testify as to the

17   ADA accommodations requested by Plaintiffs,"[136] which were the factual bases for Hiramanek's

18   only remaining claims against SCCA.[137]

19

20   [132] *See* Docket No. 327 at 4 & n.11; Docket No. 382 at 6-7.

21   [133] *See* Docket No. 393-1 at ¶¶ 19, 27.

22
     [134] Docket No. 393-1, Ex. A at 1.  The notice also sought a witness to testify about the factual
23   assertions in Hiramanek's two motions for a preliminary injunction, which were both denied.  *See*
     Docket Nos. 164, 207.
24

25   [135] Fed. R. Civ. P. 30(b)(6).

26   [136] *See* Docket No. 414-1, Ex. A.

27   [137] *See* Docket No. 201 at 2-3.

28
                                                     21

United States District Court
Northern District of California

1   None of Hiramanek's deposition excerpts suffices to show that Ku was not knowledgeable

2   about the ADA accommodation policy or Plaintiffs' requests.  Instead, Hiramanek asked Ku about

3   her work address, his other claims, judicial acts, blueprints for the SCCA courthouse, SCCA's

4   affirmative defenses, legal conclusions and a variety of other topics for which no witness could

5   possibly have prepared.[138]  His questioning of Vojnik was equally haphazard.[139]  Even

6   Hiramanek's cherry-picked excerpts, however, show that both witnesses were able to testify about

7   ADA accommodations at SCCA in general and Plaintiffs' applications in particular.[140]

8   Similarly, Hiramanek's claim that SCCA's counsel acted unreasonably in asking SCCA

9   witnesses not to answer is not borne out by the deposition testimony that he provides.  Counsel did

10  repeatedly instruct deponents not to answer, but only as permitted by Rule 30(c)(2) "to enforce a

11  limitation ordered by the court"—that Hiramanek "tailor all of his questioning narrowly to the

12  claims still pending."[141]  And Hiramanek complains that SCCA did not produce documents at the

13  deposition, but the only relevant deposition excerpt refers to documents that SCCA refused to

14  produce because it claimed privilege.[142]  Hiramanek has not moved to compel production of these

15  documents, and the court cannot assess the merits of the privilege claim in the context of a

16  sanctions motion.  No Rule 37 sanctions against SCCA are warranted.

17  Hiramanek's grievances against Miller also are unpersuasive.  Hiramanek first complains

18  that Miller only was willing to be deposed for a few hours, but Hiramanek agreed to a morning

19  deposition on the same day that Roda Hiramanek was to be deposed at 1 PM.[143]  Miller's counsel

---

[138] *See* Docket No. 442, Ex. A.

[139] *See id.*, Ex. B.

[140] *See id.*, Ex. A at 75:2-16, 76:6-16, 84:2-12, 85:2-18; *id.*, Ex. B at 22:3-16, 23:4-15, 25:2-10.

[141] Docket No. 327 at 2.

[142] *See* Docket No. 424, Ex. A at 61:22-62:21.

[143] *See* Docket No. 393-1, Ex. D; Docket No. 414-1, Ex. B.  Hiramanek alleges that Miller appeared late, but offers no support for this assertion, and in any case it appears that she was at most ten minutes late.  *See* Docket No. 393-1 at ¶ 29.

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1    offered to continue the deposition past the scheduled end time, but Hiramanek refused.[144]  And, as

2    with SCCA, Miller's counsel's objections and instructions not to answer were justified in light of

3    Hiramanek's repeated violation of the court's order that he narrow the scope of his inquiries.[145]

4    Given Hiramanek's harassing questioning, Miller's desire to take breaks was understandable.  As

5    for Miller's alleged failure to preserve or produce documents or a privilege log, Hiramanek raised

6    the same concerns in separate motions[146] that the court already has addressed above.  The court

7    declines to award any sanctions under Rule 37.

8        *Tenth*, Adil Hiramanek alleges that Miller did not provide proper responses to his requests

9    for admission and interrogatories.[147]  Hiramanek served these requests on August 24, 2015, and

10   Miller timely served her responses on the September 28 due date.[148]  Nevertheless, Hiramanek

11   argues that these responses were so deficient that Miller effectively failed to respond at all.  To the

12   extent that there were defects in Miller's responses, however, Hiramanek should have moved to

13   compel full responses in the ample time between when he received them and when he filed this

14   motion.  Instead, he seeks extraordinary relief—that the court deem the matters in the requests for

15   admission automatically admitted under Rule 36[149] and impose sanctions under Rule 37 including

16   _____

17   [144] *See* Docket No. 393-1 at ¶ 37.

18   [145] Hiramanek's abusive and unnecessary lines of questioning—which he cites in his own
     declaration—included whether Miller was Jewish, her bathroom habits, pictures she posted on the
19   Internet, her college major, where she talked to her attorney, how she would react to a restraining
     order, how she would feel if separated from her child and what medications she was taking.  *See*
20   *id.* at ¶ 30.  Hiramanek also asked about her knowledge of the Ku Klux Klan and whether a state
     appellate court received federal funding.  *See* Docket No. 408-1, Ex. A at 85:7-21.  Hiramanek's
21   claim that Miller's deposition was too short rings particularly hollow in light of these tangents.

22   [146] *See* Docket Nos. 341, 390.

23   [147] *See* Docket No. 394.

24   [148] *See* Docket No. 394-1 at ¶¶ 1-3, 18-19; *id.*, Ex. C; *id.*, Ex. K.

25
26   [149] "Even when a party's answer . . . fails to comply with the literal requirements of [Rule 36],
     courts generally order an amended answer rather than deem the matter admitted."  *Asea, Inc. v. S.*
27   *Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).  "[T]he district court should ordinarily first
     order an amended answer, and deem the matter admitted only if a sufficient answer is not timely

28
     Case No. 13-cv-00228-RMW
     ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

United States District Court
Northern District of California

1    the purported costs of deposing Miller.  The court declines to award these drastic remedies.

2            With respect to the requests for admission, Miller objected to each request, but still

3    responded to most of them.[150]  Hiramanek takes issue primarily with her response to his tenth

4    request for admission, which asked her to "[a]dmit the genuineness of documents attached to this

5    Request on a CD."[151]  Miller objected to the request on several grounds and did not admit the

6    genuineness of any documents.[152]  Miller's objections, however, were reasonable on the whole.

7    Almost all of the documents were irrelevant to the claims against her or SCCA, many carried no

8    indication of their source and several were subject to a pending motion for a protective order that

9    the court granted in large part.[153]  Hiramanek's complaints about the remaining responses are to

10   little more than their form or phrasing.  Most of his arguments are frivolous, and the rest do not

11   affect the claims at issue.  Nothing in Miller's responses warrants the relief that Hiramanek seeks.

12           The same goes for Hiramanek's interrogatories.  Miller provided substantive responses to

13   the requests that bore most directly on the claims at issue.[154]  As for the requests that Miller did

14   not respond to, she properly objected that the requests were vague or overbroad.[155]  These

15   responses provide no support whatsoever for Hiramanek's contention that he "was 'sandbagged'

16   with no written discovery responses."[156]  Sanctions are not warranted.

---

filed."  *Id.* at 1247.

[150] *See id.*, Ex. C at 3-9.

[151] *Id.* at 8.

[152] *See id.* at 8-9.

[153] *See* Docket No. 327; Docket No. 394-1, Ex. A.  Miller's meet-and-confer correspondence explained these concerns.  *See* Docket No. 394-2, Ex. H at 3; *id.*, Ex. O at 3-4.  Hiramanek's email responses were essentially identical repetitions of the same argument.  *See id.*, Ex. Q; *id.*, Ex. S; *id.*, Ex. U; *id.*, Ex. W.

[154] *See* Docket No. 394-2, Ex. J.

[155] *See id.* at 7-9, 11-12.

[156] Docket No. 394 at 13.

24

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

**IV.**

All of Plaintiffs' discovery motions are DENIED.  Any further motions on the same issues may subject Plaintiffs to sanctions under Rule 11(b)(1) and 11(b)(2).

**SO ORDERED.**

Dated: January 19, 2016

PAUL S. GREWAL
United States Magistrate Judge

Case No. 13-cv-00228-RMW
ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS