UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>L. MICHAEL CLARK, et al.,<br><br>　　　　Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) OR CERTIFICATION FOR APPEAL**<br><br>Re: Dkt. No. 427 |

On December 16, 2015, this court denied plaintiff Adil Hiramanek's motion to amend his complaint to name two additional defendants, Lamond Davis and Michael Low. Dkt. No. 424. Plaintiff now moves for an entry of final judgment under Federal Rule of Civil Procedure 54(b) as to his requested claims against Davis and Low. Dkt. No. 427. In the alternative, plaintiff requests that the court certify the issue of whether the court properly denied plaintiff's motion to amend the complaint for appeal. *Id.* Pursuant to Civil Local Rule 7-1(b), the court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for January 29, 2016.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. It is black letter law that "[a]n order denying leave to amend a complaint is not appealable." *Hall v. City of Los Angeles*, 697 F.3d

1

1059, 1070 (9th Cir. 2012). Such orders do not lead to entry of final judgment under Rule 54(b) because "[s]uch orders, as a class, contemplate further proceedings in the district court." *Id.* (quoting *Bradshaw v. Zoological Soc'y. of San Diego*, 662 F.2d 1301, 1304 (9th Cir. 1981)). Accordingly, plaintiff's motion is DENIED.

While plaintiff's motion does not warrant entry of judgment or certification for appeal, the court takes this opportunity to clarify the basis for its prior order denying leave to amend. Plaintiff's instant motion argues that this court erred by applying federal law instead of state law to the question of whether to allow amendment to substitute the individuals named above in place of fictitious Doe defendants.[1] Dkt. No. 427 at 6. Denying leave to amend was appropriate under both state and federal law. The California Court of Appeal has held that California Code of Civil Procedure section 474, which allows amendment to refer to Doe defendants by their actual names, "includes an implicit requirement that a plaintiff may not 'unreasonably delay' his or her filing of a Doe amendment after learning a defendant's identity." *A.N., a Minor v. County of Los Angeles*, 171 Cal. App. 4th 1058, 1066-67 (2009). "Unreasonable delay" under California law requires a showing that a defendant "would suffer prejudice from plaintiff's delay in filing the Doe amendment." *Id.* at 1067. The *A.N.* court held that a trial court did not abuse its discretion in denying leave to amend where the operative complaint was filed in November 2005, plaintiff "knew information, or had access to information, in late 2006 and early 2007, regarding who had been involved in the incident giving rise to A.N.'s claims," and yet plaintiff did not file the bulk of his Doe amendments until August 2007, weeks before the scheduled trial date. *Id.* at 1067-68.

As explained in this court's prior order, Hiramanek's Second Amended Complaint, filed on August 2, 2013 mentions "L. Davis" in connection with plaintiff's alleged unlawful interrogation. Dkt. No. 424 at 3 (citing Dkt. No. 37 ¶ 138). The same 2013 complaint mentions a "Criminal Incident Report" that, even in the partially redacted form that plaintiff admitted

---

[1] The court initially notes that plaintiff did not argue that state law governed the question of whether to permit amendment until plaintiff filed an untimely reply brief in support of his motion to amend. *See* Dkt No. 375 at 5; Dkt. No. 397 at 4-5; Dkt. No. 424 at 1 n.1.

United States District Court
Northern District of California

1  possessing no later than July 2015—and likely much earlier given the report's citation in the
2  complaint—mentions Deputy Low by name. *Id.* (citing Dkt. No. 375-1 Ex. A at ECF p. 7).
3  Despite having reason to believe that Davis and Low were involved in incidents underlying
4  plaintiff's claims for more than two years, plaintiff did not request a hearing on his motion for
5  leave to amend until December 18, 2015, thirteen days before dispositive motions were due, and
6  three months before trial. In this case, as in *A.N.*, "allowing the Doe amendments would have
7  resulted in bringing in entirely new parties who would have had to prepare to defend against a case
8  in short order; and, although they may have been involved in discovery, they had no advance
9  notice they were being sued." *A.N.*, 171 Cal. App. 4th at 1069. Because, as this court previously
10 found, plaintiff's proposed amendments would unduly prejudice new and existing defendants, the
11 court reiterates its conclusion that permitting plaintiff to add defendants would be improper.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
Ronald M. Whyte
United States District Judge