UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 437, 478, 486, 487 |

Before the court are administrative motions to file under seal certain documents in connection with the parties' summary judgment briefing: (1) an Administrative Motion to File Under Seal by defendant Superior Court of California, County of Santa Clara, Dkt. No. 478; (2) two "Ex Parte Motions Regarding Sealing"[1] by pro se plaintiffs Adil and Roda Hiramanek, Dkt. Nos. 486 and 487. For the reasons stated below, defendant's motion is GRANTED, and plaintiffs' motion is GRANTED IN PART.

**I.  DEFENDANT'S MOTION TO SEAL (DKT. NO. 478)**

On December 31, 2015, defendant Superior Court filed certain documents related to plaintiffs' Americans With Disabilities Act requests in support of defendant's motion for summary

---

[1] The court interprets these motions as administrative motions to file under seal.

judgment. Dkt. No. 435-3 to 435-5. On January 12, 2016, the parties stipulated that these documents should be placed under seal. Dkt. Nos. 444 to 445. On January 29, 2016, the court ordered defendant to file an administrative motion to file the documents under seal and ordered plaintiffs to submit a declaration in support of the motion. Dkt. No. 474. In response to the court's order, defendant filed the instant motion, Dkt. No. 478, and plaintiffs filed a declaration in support, Dkt. No. 483.

## II.   PLAINTIFFS' MOTIONS (DKT. NOS. 486-487)

On December 31, 2015, pro se plaintiffs Adil and Roda Hiramanek filed an administrative motion to file a declaration and attached exhibits in support of plaintiffs' motion for summary judgment against defendant Superior Court under seal. Dkt. No. 437. On January 29, 2016, the court denied that motion for noncompliance with Civil Local Rule 79-5 in part because plaintiffs lodged the documents (and several accompanying deposition videos on DVD) with the court instead of filing the documents using the court's Electronic Case Filing (ECF) system. Dkt. No. 473. It was also unclear whether plaintiffs had served opposing counsel with the materials lodged with the court.

Plaintiffs now inform the court that despite their efforts to submit their filing via ECF, pro se litigants like plaintiffs are technically unable to file documents under seal on ECF. Dkt. Nos. 486, 487. Accordingly, on February 3, 2016, plaintiffs re-filed their motion to seal, Dkt. No. 486-4, emailed a PDF copy of the declaration and documents that they had lodged with the court to the undersigned judge's courtroom deputy, and copied opposing counsel. Because plaintiffs attempted in good faith to comply with the court's order and transmitted their submission to opposing counsel, the court will accept the declaration and supporting exhibits as filed and instruct the clerk to place these documents on the court's docket. The court's acceptance of these documents into the docket is without prejudice to any objections by defendants regarding the substance of the documents. The court's summary judgment order will address those objections to the extent necessary.

### III. ANALYSIS

The court now turns to whether the parties' submissions should be filed under seal. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motions as follows. The

documents the parties seek to seal reference plaintiffs' medical conditions. Courts have recognized confidentiality in patients' medical files. *See, e.g.*, *Kamakana*, 447 F.3d at 1186. The court is somewhat concerned that some of the documents that are the subject of the instant motions contain facts that the parties have voluntarily revealed in public filings or in open court. Nevertheless, the court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining the privacy of their medical records. Accordingly, the court GRANTS the Superior Court of California's motion to seal, Dkt. No. 478, and GRANTS IN PART plaintiffs' Ex Parte Motions Regarding Sealing, Dkt. Nos. 486 and 487. The court defers ruling at this time on whether to accept the DVDs that plaintiffs lodged with the court.

The court notes that the U.S. District Court is a public forum, and this order does not decide whether the documents subject to this motion can be used in open court in any future proceedings.

**IT IS SO ORDERED.**

Dated: February 12, 2016

_____
Ronald M. Whyte
United States District Judge