1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   ADIL HIRAMANEK, et al.,

                  Plaintiffs,                    Case No.  5:13-cv-00228-RMW

13

14        v.                                     **ORDER REGARDING MOTIONS FOR
                                                 SUMMARY JUDGMENT FOR CLAIMS
15   L. MICHAEL CLARK, et al.,                   INVOLVING SUPERIOR COURT OF
                                                 CALIFORNIA**
                  Defendants.
16
                                                 Re: Dkt. Nos. 435, 436
17

        Pro se plaintiffs Roda and Adil Hiramanek, mother and son, filed suit against various

18   defendants affiliated with the Superior Court of California, County of Santa Clara ("defendant"),

19   alleging violations of their civil rights. Dkt. No. 94-1 (Revised Second Amended Complaint

20   "RSAC"). Before the court are a motion for summary judgment filed by defendant Superior Court,

21   Dkt. No. 435, and a motion for summary judgment filed by plaintiffs against the Superior Court,

22   Dkt. No. 436. The court held a hearing on these motions on February 5, 2016. Having considered

23   the parties' submissions, the record in this case, and the relevant law, the court hereby GRANTS

24   IN PART defendant's motion and DENIES plaintiffs' motion.

25   **I.        BACKGROUND**

26        Plaintiffs commenced this lawsuit on January 17, 2013 asserting claims arising out of their

27

28                                              1

United States District Court
Northern District of California

interactions with individuals affiliated with defendant Superior Court. After several amendments to plaintiffs' complaint that followed reviews under 28 U.S.C. § 1915(e) and motions to dismiss by certain defendants, this court allowed plaintiffs to proceed on certain claims from the operative Revised Second Amended Complaint ("RSAC"), Dkt. No. 94-1. Relevant to the instant motions, the court allowed plaintiffs to proceed against defendant Superior Court on Claim II-A of the RSAC for alleged violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[1] *See* Dkt. No. 201 at 2. The court also allowed plaintiffs to proceed on claims that are not addressed in this order under 42 U.S.C. § 1983 against defendants Daryl McChristian, Bryan Plett, Timothy Polumbus, and Beth Miller.

At the time of the filing of the operative complaint, Ms. Hiramanek was 84 years old. RSAC ¶ 38. She alleges that she suffers from various physical impairments, including "functions of her organs, respiratory, cardiovascular, neurological, hearing impairment, musculoskeletal, bowel, digestive, vision." *Id.* She also suffers from an "age related mental and psychological disorder." *Id.* Because of her physical impairments, she uses a wheelchair and externally assisted oxygen. *Id.* ¶ 39. She alleges that the latter in particular has affected her ability to travel. *Id.* ¶ 40.

Ms. Hiramanek has been involved in various lawsuits in state court—both family law cases and civil cases (and both as a plaintiff and defendant). *See, e.g.*, RSAC ¶¶ 43-45. Ms. Hiramanek has asked for accommodations because of her disabilities in several lawsuits.[2] Accommodations sought have included requests for telephonic appearances via the "CourtCall" service that the Superior Court uses, a hearing aid, and for Ms. Hiramanek's son, plaintiff Adil Hiramanek, to provide language interpretation for her. *See id.* ¶ 54 at 12. Ms. Hiramanek alleges that defendant denied her requested accommodations. *See id.* Furthermore, Ms. Hiramanek alleges that on one occasion, she was given the accommodation of a telephonic appearance, but then the CourtCall

---

[1] The court dismissed plaintiffs' related state law claims for failure to comply with the California Tort Claims Act. Dkt. No. 75 at 14-16; Dkt. No. 98 at 11-12.

[2] In particular, the disability discrimination claims in the operative complaint stem from plaintiffs' ADA requests in three lawsuits: *In re Marriage of Hiramanek*, Case No. 1-09-FL-149682; *William Dresser v. Adil Hiramanek*, Case No. 1-11-CV-212974; and *Roda Hiramanek v. William Dresser*, Case No. 1-13-CV-239828. *See* RSAC ¶ 54 at 12-13, 16.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

connection was "arbitrarily unplugged/disconnected," which effectively deprived her of the ability to participate in the hearing. RSAC ¶ 54 at 14 (Denial 7). Ms. Hiramanek alleges that she has suffered injury due to the actions by the Superior Court because she has not been able to participate fully in hearings; because, on one or more occasions, she has lost property as a result of not being able to participate fully; and because she has been subjected to adverse judicial rulings. *See, e.g.*, RSAC ¶¶ 54 at 13-15.

Mr. Hiramanek alleges that he suffers from gout and asthma, which, according to Mr. Hiramanek, require him to elevate his affected foot and avoid physical activity that would require him to place weight on the affected foot. RSAC ¶ 46. Mr. Hiramanek requested accommodations including telephonic appearances and permission to file papers electronically. RSAC ¶ 54 at 15-16 (Denials 9, 10, and 12). Like Ms. Hiramanek, Mr. Hiramanek alleges that the Superior Court denied his ADA accommodation requests. RSAC ¶ 54 at 15-16 (Denials 9, 10, and 12).

While the operative complaint describes twelve denials of requests for different accommodations from both plaintiffs, plaintiffs clarified in their summary judgment papers and at the hearing on the instant motions that they are only pursuing claims for two types of denials: Plaintiffs allege that (1) both Roda and Adil Hiramanek were denied the ability to make telephonic appearances via CourtCall and (2) Mr. Hiramanek was denied permission to electronically file documents in his cases. *See* Dkt. No. 436 at 16-17.

## II.     ANALYSIS

### A.     Legal Standard

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

United States District Court
Northern District of California

portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c)(1)(A). The court is only concerned with disputes over material facts, and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.

## B.    Evidentiary Issues

Defendant objects to the admissibility of deposition transcripts, Dkt. No. 436-1 Ex. B-C, that Mr. Hiramanek, rather than the certified court reporter, created. *E.g.*, Dkt. No. 448 at 10. The court finds that Mr. Hiramanek's transcripts contain argumentative characterizations of witness actions that bring the transcripts' reliability into question. *See, e.g.*, Dkt. No. 436-1 at ECF 52:19 ("MS. KU: [seen looking to counsel Brown]"); ECF 54:17 ("MS. KU: [looks to counsel Brown for answer]"). In general, defendant's objections are sustained, and the court will not rely on Mr.

United States District Court
Northern District of California

1    Hiramanek's unofficial transcripts unless otherwise specified.

2        Mr. Hiramanek objects to any evidence that the Superior Court could accept filings via

3    facsimile on the grounds that such evidence was untimely. Dkt. No. 461 at 1-2. Mr. Hiramanek

4    also objects to this court taking judicial notice of the fact that the Superior Court has deemed him

5    a vexatious litigant. *Id.* at 2-7. Finally, Mr. Hiramanek objects to the court taking judicial notice of

6    court documents in various cases in which he or his mother have participated on the grounds that

7    defendant did not produce these materials to plaintiff. *Id.* at 7-9. The court need not reach the

8    merits of plaintiff's objections because the court does not rely on any of the evidence to which Mr.

9    Hiramanek objects in reaching its decision.

10        **C.    The ADA and the Rehabilitation Act**

11        Under Title II of the Americans with Disabilities Act, "no qualified individual with a

12   disability shall, by reason of such disability, be excluded from participation in or be denied the

13   benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

14   by any such entity." 42 U.S.C. § 12132. A "disability" under the ADA includes "a physical or

15   mental impairment that substantially limits one or more major life activities." 42 U.S.C.

16   § 12102(1)(A). The Ninth Circuit has explained a plaintiff's burden of proof under Title II of the

17   ADA:

18              To prove a public program or service violates Title II of the ADA, a
                plaintiff must show: (1) he is a "qualified individual with a
19              disability"; (2) he was either excluded from participation in or
                denied the benefits of a public entity's services, programs or
20              activities, or was otherwise discriminated against by the public
                entity; and (3) *such exclusion, denial of benefits, or discrimination*
21              *was by reason of his disability*.

22   *Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

23   Applicable regulations require public entities to "operate each service, program, or activity so that

24   the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by

25   individuals with disabilities." 28 C.F.R. § 35.150(a) (2012). "A public entity shall make

26   reasonable modifications in policies, practices, or procedures when the modifications are

27   necessary to avoid discrimination on the basis of disability, unless the public entity can

28

United States District Court
Northern District of California

1    demonstrate that making the modifications would fundamentally alter the nature of the service,

2    program, or activity." 28 C.F.R. § 35.130(b)(7) (2011).

3         Because a plaintiff bears the burden of establishing an ADA violation, "she must establish

4    the existence of specific reasonable accommodations that [the defendant] failed to provide."

5    *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999) (affirming summary judgment

6    decision that state court provided reasonable accommodation to visually impaired litigant).

7    Moreover, when a defendant offers an accommodation, the plaintiff "must show that the

8    accommodations offered by the [defendant] were not reasonable, and that he was unable to

9    participate equally in the proceedings at issue." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1137 (9th

10   Cir. 2001) (finding that hearing-impaired plaintiff presented a material issue of fact as to whether

11   the refusal to provide videotext display prevented him from participating equally in court). It is

12   only after a plaintiff demonstrates that an accommodation offered by a defendant is unreasonable

13   that the burden shifts to the defendant to show that a plaintiff's requested accommodation would

14   fundamentally alter the nature of the program.

15        To recover money damages under Title II of the ADA, a plaintiff must prove intentional

16   discrimination on the part of the defendant under a "deliberate indifference" standard. *Id.* at 1138.

17   "Deliberate indifference requires both knowledge that a harm to a federally protected right is

18   substantially likely, and a failure to act upon that the likelihood." *Id.* at 1139.

19        In *Tennessee v. Lane*, 541 U.S. 509 (2004), the U.S. Supreme Court held that Title II of the

20   ADA "required the States to take reasonable measures to remove architectural and other barriers to

21   accessibility" to state courthouses. The Court explained that the ADA "does not require States to

22   employ any and all means to make judicial services accessible to persons with disabilities." *Id.* at

23   531-32. Rather, the ADA "requires only 'reasonable modifications' that would not fundamentally

24   alter the nature of the service provided, and only when the individual seeking modification is

25   otherwise eligible for the service." *Id.* at 532.[3]

26   _____

27   [3] "The term 'qualified individual with a disability' means an individual with a disability who, with
     or without reasonable modifications to rules, policies, or practices . . . or the provision of auxiliary

28

United States District Court
Northern District of California

Section 504 of the Rehabilitation Act, codified at 29 U.S.C. § 794, prohibits discrimination against an "otherwise qualified individual with a disability" under any program or activity receiving federal financial assistance. Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act. *Duvall*, 260 F.3d at 1135. Both plaintiffs and defendant seem to agree that the analysis of claims and defenses in this case is the same under the ADA and the Rehabilitation Act. *See* Dkt. No. 435 at 3-4 n.7; Dkt. No. 450 at 17; *see also Wong v. Regents of University of California*, 192 F.3d 807, 822 n.34 (9th Cir. 1999) (observing that despite the "slight difference in terminology" in the ADA and the Rehabilitation Act, "the same analysis applies to claims under both Acts"). Accordingly, this order refers to claims under both the ADA and the Rehabilitation Act as ADA claims.

### D.   Plaintiffs' Requests for Telephonic Appearances at Hearings

Plaintiffs argue that "[t]he entire ADA claim turns on question of law, i.e. whether [defendant] was justified in rejecting [plaintiffs'] two primary ADA accommodations requests of CourtCall telephone appearance and Glotrans, e-filing service." Dkt. No. 436 at 16-17. Plaintiffs argue that it is undisputed that plaintiffs' proposed accommodations do not pose a financial or administrative burden on defendant, that they do not fundamentally alter the nature of the services offered, and that the proposals are not technically infeasible. *Id.* at 17. Defendant does not base its defense on financial burden or technical infeasibility but instead raises three principal arguments against plaintiffs' claims. Defendant argues: (1) plaintiffs failed to comply with the court's rules for requesting ADA accommodations in that plaintiffs' requests were either untimely or lacked supporting documentation; (2) plaintiffs' proposed accommodations would constitute a fundamental alteration to the services provided; and (3) defendant provided reasonable accommodations to plaintiffs for their requests. *See* Dkt. No. 435 at 13-17; Dkt. No. 448 at 8-9. The court addresses these arguments in reverse order.

---

aids and services meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). For summary judgment purposes, defendant does not dispute that both plaintiffs are qualified persons with disabilities. Dkt. No. 448 at 2.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

### 1.   Ms. Hiramanek's Requests and the Accommodations Defendant Offered

With two exceptions,[4] it is undisputed that each of Ms. Hiramanek's requests for telephonic appearances encompassed, at the very least, all pretrial hearings in a given case starting with a particular effective date. *See* Dkt. No. 458 at 9. For example, on or about January 22, 2013, Ms. Hiramanek filed an ADA request for telephonic appearances (as well as other accommodations that plaintiff is not pursuing here) in the case 1-13-CV-239828 that covered "all pending and future court hearings" beginning on the date of the request. Dkt. No. 435-2 (Ku Decl.) ¶ 3; Dkt. No. 478-1 Ex. A at ECF 3; RSAC ¶ 54 at 12. Plaintiffs' operative complaint labels this request and defendant's response as "Denial #1."[5] Ms. Hiramanek's other ADA requests for telephonic appearances (Denials 2-4, 8, and 11 in the complaint) used almost identical language that requested telephonic appearances for "all pending and future court hearings" in the relevant cases. Dkt No. 478-1 Ex. C at ECF 9, Ex. G at ECF 28, Ex. I at ECF 37, Ex. O at ECF 60, Ex. R at ECF 85.[6] The Superior Court denied each of Ms. Hiramanek's blanket requests for multiple hearings, generally because defendant alleges that plaintiff failed to provide adequate support for her assertion that her disabilities prevented her from coming to court. *See, e.g.*, Dkt. No. 435-2 ¶ 10; Dkt. No. 478-1 Ex. J at ECF 45; RSAC ¶ 54 at 13-14 (Denial 4).

Defendant made it clear to Ms. Hiramanek, however, that the fact that defendant denied each unbounded request to appear at "*all* pending and future court hearings" did not mean that she could not make a telephonic appearance at *individual* hearings. In connection with each denial of a blanket request for telephonic appearances at all future hearings, defendant wrote to plaintiffs and clarified that litigants do not actually need to be disabled to make telephonic appearances at particular hearings using CourtCall; rather, litigants simply need to follow the court's procedures

---

[4] Ms. Hiramanek's requests to appear telephonically for a deposition and her claim that she was disconnected during a telephonic appearance at a hearing are addressed below.
[5] The "denial" numbers used in the operative complaint do not always match the "request" numbers used in defendant's declaration in support of summary judgment. This order refers to the denial numbers in the operative complaint unless otherwise specified.
[6] Defendant's argument that the requests also encompassed telephonic appearances at trial—an argument that plaintiff contests—is addressed in connection with defendant's fundamental alteration argument below.

United States District Court
Northern District of California

1    and request a telephonic appearance three days in advance. For example, in response to Ms.

2    Hiramanek's January 22, 2013 request (Denial 1), the Superior Court's ADA Coordinator Georgia

3    Ku wrote to Ms. Hiramanek on February 15, 2013. Dkt. No. 435-2 ¶ 4; Dkt. No. 478-1 Ex. B at

4    ECF 5. Ms. Ku's letter denied Ms. Hiramanek's request to be allowed to appear telephonically for

5    "all pending and future hearings" as an ADA accommodation because defendant wanted

6    additional information regarding why Ms. Hiramanek's disability did not allow her to appear in

7    person. *See id.* In the next sentence, however, the letter informed Ms. Hiramanek that parties are

8    allowed to appear by phone "as a regular court process" for proceedings such as case management

9    conferences, dismissal review hearings, and hearings on discovery and other motions (except

10   motions in limine).[7] *Id.* Ms. Ku's letter informed Ms. Hiramanek that plaintiff could schedule

11   phone appearances through CourtCall for individual hearings by calling a phone number provided

12   in the letter at least three court days in advance of the scheduled court date.[8] *Id.*

13            Correspondence from the Superior Court in connection with plaintiff's later requests to

14   appear at "all" hearings confirmed that defendant would allow Ms. Hiramanek to use CourtCall

15   for most any individual, pretrial hearing, notwithstanding the denials of her requests to appear

16   telephonically at "all" hearings. *See* Dkt. No. 435-2 ¶ 7. For example, the Superior Court's general

17   counsel Lisa Herrick emailed Mr. Hiramanek on March 8, 2013 to explain that while the court had

18   denied one of Ms. Hiramanek's ADA requests to make telephonic appearances at all hearings,

19   "one need not qualify as a person with a disability to make certain appearances by telephone"

20   under California Rule of Court 3.670.[9] Dkt. No. 478-1 Ex. E at ECF 14. The message explained

21

22   [7] Ms. Hiramanek does not contend that her requests extended beyond these types of hearings. She specifically contends that her requests to appear at all future hearings did not encompass trials.

23   *See, e.g.*, Dkt. No. 450 at 4.
     [8] Under Superior Court of California, County of Santa Clara, Civil Rule 12(B), litigants wishing to

24   use CourtCall must make arrangements with the service at least three days in advance of a scheduled hearing. Civil Rule 12(B) is not limited to disability-related requests. Under California

25   Rule of Court 1.100(c), ADA accommodation requests must be made at least five days before the requested implementation date.

26   [9] Ms. Herrick's email was sent in connection with Ms. Hiramanek's January 24, 2013 ADA request for a telephonic appearance in "all pending and future court hearings" in case number

27   1-09-FL-149682. *See* Dkt. No. 435-2 ¶¶ 5-7. The complaint identifies this request and defendant's response as Denial 2.

28                                                          9

that the general process to make a telephonic appearance included notifying the court and the opposing party of the intent to appear at least three days before the appearance. *Id.* On May 8, 2013, Ms. Ku sent a letter to Ms. Hiramanek denying another ADA request to appear at "all" hearings, but the letter noted once again that Ms. Hiramanek's appearance for many pretrial proceedings could be made via CourtCall. Dkt. No. 478-1 Ex. J at ECF 45. Other correspondence from the Superior Court did not explicitly mention the ability to use CourtCall without an ADA request but instead referenced defendant's prior communications, which, as described above, did mention the use of CourtCall without an ADA request. *See, e.g.*, Dkt. No. 478-1 Ex. H at ECF 34; Ex. P at ECF 67; Ex. S at ECF 87. Both plaintiffs were aware of the ability to make telephonic appearances without an ADA request, as evidenced by their February 22, 2013 email to Superior Court Judge Brian Walsh complaining of the ADA denials and referencing California Rule of Court 3.670(c). Dkt. No. 478-1 Ex. E at ECF 15; Dkt. No. 435-2 ¶ 7. Plaintiff cites no admissible evidence to dispute the above account of the denials of telephonic appearances. Moreover, Ms. Hiramanek has submitted no evidence to suggest that there was ever an instance in which she attempted to use CourtCall for a particular hearing (as opposed to "all" hearings), but the Superior Court (or CourtCall) said that she could use the service.

Based on the undisputed factual record, the court finds that no ADA violation occurred when defendant denied Ms. Hiramanek's blanket requests for telephonic appearances at all future hearings. Plaintiffs agree that a public entity is required to make "reasonable modifications" to its procedures "***when the modifications are necessary to avoid discrimination*** on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." Dkt. No. 436 at 10 (citing 28 C.F.R. § 35.130(b)(7)) (emphasis added). In this case, Ms. Hiramanek has not shown that defendant's actions denied her the opportunity to use CourtCall at any hearing. To the contrary, court records submitted by Ms. Hiramanek show that she was allowed to make at least one telephonic appearance in case number 1-13-CV-239828 on October 22, 2013, months after her blanket ADA requests were denied. Dkt. No. 450-2 at ECF 17.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

United States District Court
Northern District of California

While it is true that defendant denied the sweeping accommodation that Ms. Hiramanek requested, it is plaintiff's initial burden to "show that the accommodations offered by the [defendant] were not reasonable." *Duvall*, 260 F.3d at 1137. The court notes that plaintiffs cited *Duvall* in their motion for summary judgment. Dkt. No. 436 at 8. Ms. Hiramanek has offered no evidence to suggest that making a request to CourtCall three days in advance of a hearing would be unreasonable. Nor has she submitted any evidence to suggest that she was turned down after attempting to utilize the Superior Court's proposed mechanism of making arrangements with CourtCall on a hearing-by-hearing basis

The court concludes that plaintiff has failed to meet her burden of proof and that summary judgment in favor of the Superior Court is appropriate on Ms. Hiramanek's claims that she was denied telephonic appearances at "all pending and future hearings."

### 2.     Telephonic Appearances and Fundamental Alteration

Even if plaintiffs had presented evidence that it would be unreasonable to request the use of CourtCall three days in advance of each hearing, defendant contends that plaintiff's request for a telephonic appearance at all proceedings would fundamentally alter the nature of the services the Superior Court offered. *See* Dkt. No. 435 at 16-17. Specifically, defendant argues that allowing Ms. Hiramanek to conduct all hearings by phone would virtually guarantee that she relies on her son, who is not a licensed attorney. *Id.* at 17. Moreover, defendant argues that allowing plaintiffs to conduct a trial or other dispositive hearings by telephone would "reduce, if not altogether preclude, the jury's (or court's) ability to arrive at an informed opinion on the credibility, weight and merit of Plaintiffs' arguments and claims." *Id.*

Neither party has cited any authority on whether the denial of telephonic appearances can constitute a violation of the ADA. It is well recognized that in general, courts have broad discretion to determine whether to order litigants to appear in person. *See, e.g.*, *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1052 (9th Cir. 2001) (finding no abuse of discretion in district court's decision to grant default judgment for repeated failure to comply with court orders, including order to appear in person); *Bartholomew v. Burger King Corp.*, No. CIV. 11-00613 JMS, 2014

WL 7419854, at *1 (D. Haw. Dec. 30, 2014) (affirming magistrate judge's order granting sanctions for failure to personally appear at settlement conference); *Winters v. Jordan*, No. 2:09-CV-0522-JAM-KJN, 2013 WL 5780819, at *8 (E.D. Cal. Oct. 25, 2013) (noting that "the mere fact that plaintiffs are proceeding in forma pauperis does not entitle them to make telephonic appearances" and recommending dismissal for repeated failure to comply with court orders). This court also agrees with defendant's argument that conducting a trial or evidentiary hearing via telephone would interfere with a fact finder's ability to determine witnesses' credibility.

Plaintiffs do not dispute that conducting a trial via telephonic appearance would fundamentally alter the nature of the Superior Court's services; rather, plaintiffs argue that discussion of trials is entirely beside the point because plaintiffs' requests to appear by telephone did not extend to trial. Dkt. No. 450 at 9. Indeed, even defendant does not appear to dispute that telephonic appearances for routine pretrial hearings and conferences would ***not*** constitute a fundamental alteration of the Superior Court's services. According to Mr. Hiramanek's uncertified transcript, the Superior Court's ADA coordinator testified as follows:

> MR. HIRAMANEK: Does Court..I can rephrase the question. Does Courtcall telephone appearance fundamentally alter the nature of the programs, services, or activities offered by Superior Court. Yes or no? And if yes, explain how?
>
> MR. BROWN: Objection, lacks foundation and vague and ambiguous
>
> MR. HIRAMANEK: Please answer
>
> MR. BROWN: You can answer
>
> MS. KU: Yes. For case types such as trial, and harassment, restraining orders cases, yes. The individual must be present in the courtroom
>
> MR. HIRAMANEK: So you are saying except for trial and except for domestic violence harassment cases there is no fundamental alteration in nature of programs, services and activities
>
> MR. BROWN: Objection. Mistates [sic] her testimony. She didn't say that. If you want to ask that question. Ask that question again but don't do it as a summary of an answer that she did not provide
>
> MR. HIRAMANEK: ***Is there any other scenario where it alters..***

*fundamentally alters the nature of the programs, services, or activities offered by the Superior Court?*

MS. KU: *No.*

Dkt. No. 436-1 Ex. C at ECF 67:22-68:23 (emphasis added). Notwithstanding defendant's general objections to Mr. Hiramanek's transcript, defendant's reply in support of summary judgment did not take issue with Mr. Hiramanek's specific account of Ms. Ku's purported testimony above.[10] The quoted portion of Mr. Hiramanek's unofficial transcript is also generally consistent with the video of Ms. Ku's deposition that plaintiff lodged with this court.[11]

The question, then, is whether Ms. Hiramanek's requests covered only pretrial proceedings. In support of the argument that their requests did not extend to trials, plaintiffs point out that no trial has ever taken place in case numbers 1-13-CV-239828 or 1-11-CV-212974. Dkt. No. 450 at 9. Plaintiffs argue that the judges to which their cases were assigned do not even conduct trials. *Id.* at 2. Defendant responds that plaintiffs failed to alert the Superior Court that their requests covered only pretrial hearings and that it was reasonable for defendant to interpret the requests for "all pending and future hearings" to cover all court proceedings, including trials. *See* Dkt. No. 456 at 3-4. Moreover, as noted above, Ms. Hiramanek made at least one appearance via CourtCall notwithstanding defendants' denials of her ADA requests. According to defendant, this suggests that had Ms. Hiramanek only intended her request to cover routine pretrial matters, she did not need to make an ADA request.

The court finds that conducting a trial or evidentiary hearing by telephone would constitute a fundamental alteration to the services offered by the Superior Court but that telephonic appearances at routine pretrial hearings would not fundamentally alter the Superior Court's

---

[10] *See* Dkt. No. 456 (Def. Reply Br.) at 5 ("Ms. Ku testified that providing this service to Plaintiffs as an accommodation for **all proceedings** would fundamentally alter the services provided by the court.").

[11] Plaintiff also cites testimony from Alicia Vojnik, the Superior Court's Director of Civil and Court Services Division, who testified that she does not believe that CourtCall services fundamentally alter the nature of the services offered by the Superior Court. *See* Dkt. No. 448-1 Ex. C (Reporter's Transcript of Vojnik Dep.) at 15:7-16:1. However, this court sustains defendant's objections to this testimony because Ms. Vojnik is not the Superior Court's ADA coordinator, plaintiff's question called for a legal conclusion, and the witness testified that she was not sure she understood a nearly identical question to the one she eventually answered. *See id.*

13

United States District Court
Northern District of California

United States District Court
Northern District of California

services. Furthermore, the court finds that granting a blanket request for telephonic appearances at "all pending and future court hearings," without regard to the purpose of each hearing, would impermissibly require the Superior Court to abandon the discretion necessary to control proceedings. Even for routine pretrial proceedings such as settlement conferences or discovery hearings, personal appearances may be necessary to efficiently resolve disputes. Plaintiff's requested accommodation thus constitutes a fundamental alteration to the services provided by the Superior Court, and the ADA did not require defendant to allow telephonic appearances at "all pending and future court hearings."

### 3.    Compliance with Court Rules

Defendant also argues that plaintiffs' requests were properly denied because plaintiffs failed to comply with California Rule of Court 1.100. *See* Dkt. No. 435 at 12-16. Specifically, defendant argues that plaintiffs' requests were not made at least five court days prior to a scheduled hearing and that they lacked supporting documentation to suggest that plaintiffs' disabilities required the specific accommodations they requested. Plaintiffs responds that their requests were made more than five court days in advance of any actual hearing, that at least some of the requests included supporting doctors' notes, and that, in any event the California Rules of Court are invalid to the extent that they conflict with federal law.

Because the court finds that summary judgment in favor of defendant is appropriate for the reasons discussed above, the court need not reach the parties' arguments with respect to compliance with state court rules.

### E.    Ms. Hiramanek's Request for Telephonic Appearances at a Deposition (Denials 5 and 6)

Ms. Hiramanek claims that the Superior Court discriminated against her by refusing to allow her to participate in a deposition via telephone. On or about June 24, 2013, Ms. Hiramanek submitted an ADA request form to the Superior Court in case number 1-13-CV-239828 requesting to appear at a deposition noticed for June 26, 2013. Dkt. No. 435-2 ¶ 11; Dkt. No. 478-1 Ex. K at ECF 47; *see also* RSAC ¶ 54 at 14 (Denial 5). The parties also suggest that Ms. Hiramanek may

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

1    have communicated with Superior Court Judge Socrates Manoukian concerning the request for a

2    telephonic appearance at a deposition. *See* RSAC ¶ 54 at 14 (Denial 6); Dkt. No. 435-2 ¶ 12. Ms.

3    Ku responded to Ms. Hiramanek on June 24, 2013 and explained that a deposition is not a

4    proceeding that takes place at the Superior Courthouse, and so defendant could not grant Ms.

5    Hiramanek's request. Dkt. No. 435-2 ¶ 11; Dkt. No. 478-1 Ex. L at ECF 53. Ms. Ku suggested

6    that if Ms. Hiramanek was unable to agree with the other party on the location or manner of the

7    deposition, Ms. Ku could ask the court for relief under the laws that relate to deposition

8    proceedings. Dkt. No. 478-1 Ex. L at ECF 53. Ms. Hiramanek cites no evidence to refute the

9    above account of what transpired.

10   The court finds that the Superior Court did not violate the ADA in denying plaintiff's

11   request for a telephonic appearance at a deposition. Ms. Hiramanek raised no evidence or

12   argument to explain why it would be unreasonable for her to utilize California's discovery rules

13   (or a stipulation) to set an appropriate time and manner for her deposition. If she was unable to

14   resolve the issue, Ms. Hiramanek also could have moved for a protective order under California

15   Code of Civil Procedure § 2025.420. The court finds that Ms. Hiramanek has not met her burden

16   of proof on this issue and that summary judgment in defendant's favor is appropriate.

**F.    Ms. Hiramanek's Claim that She Was Disconnected During a Telephonic Appearance (Denial 7)**

17   Plaintiffs' operative complaint alleges that on July 2, 2013, Ms. Hiramanek was

18   disconnected during a telephonic appearance at a hearing in case number 1-09-CV-147737. RSAC

19   ¶ 54 at 14 (Denial 7). Defendant's motion for summary judgment mentions the alleged

20   disconnection, Dkt. No. 435 at 4, but it provides no analysis as to which elements of proof

21   defendant contends are missing from plaintiff's claims. Neither plaintiffs' motion for summary

22   judgment nor plaintiffs' opposition to defendant's motion even mentions the alleged July 2, 2013

23   incident. Because the factual record on this alleged disconnection is incomplete, the parties will

24   need to provide supplemental briefing so that the court can evaluate whether summary judgment is

25   appropriate.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

United States District Court
Northern District of California

**G.     Ms. Hiramanek's Claim that a Superior Court Judge Did Not Allow Her to Speak During a Discovery Hearing**

In addition to the denials discussed above, Ms. Hiramanek asserts that during a discovery hearing on August 16, 2013 in case number 1-13-CV-239828, Ms. Hiramanek made a telephonic appearance, but the Hon. Socrates Manoukian did not allow her to speak substantively because she did not appear in person, notwithstanding her disability. *See* Dkt. No. 458 at 1. In support of her claim, Ms. Hiramanek attaches a transcript of the hearing. Dkt. No. 458-1 Ex. D at ECF 41-47.

Judge Manoukian's August 16, 2013 decision not to allow Ms. Hiramanek to argue cannot form the basis for liability under the ADA. First, it appears that Ms. Hiramanek first raised the August 16, 2013 incident in her reply brief, which deprived defendant of an opportunity to respond. For that reason alone, the court could decline to consider the incident. Second, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction to hear "a forbidden de facto appeal from a judicial decision of a state court." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Third, this court has already ruled that judicial decisions are protected by judicial immunity. Dkt. No. 98 at 3; Dkt. No. 19 at 3-4. If Ms. Hiramanek disagreed with Judge Manoukian's decision, the appropriate remedy was an appeal.[12]

**H.     Plaintiff Adil Hiramanek's Claims**

Mr. Hiramanek's claims arise from three denials of his requests to make telephonic appearances at all future hearings (or other proceedings) in case numbers 1-09-FL-149682 and 1-11-CV-212974, as well as his request to utilize electronic filing in these cases. *See* RSAC ¶ 54 at 15-16 (Denials 9, 10, and 12). As described below, the court finds that defendant did not violate Mr. Hiramanek's rights under the ADA because defendant offered reasonable accommodations that would have alleviated the stated impact of Mr. Hiramanek's disabilities. The analysis applied to Ms. Hiramanek's blanket requests for telephonic appearances above also applies to Mr. Hiramanek's requests.

---

[12] This court is also troubled by plaintiffs' derogatory reference to Judge Manoukian's national origin, Dkt. No. 458 at 1 n.3, a reference that is even more offensive in a case in which plaintiffs are alleging unlawful discrimination.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

### 1.   Denial 9 (Telephonic Appearance)

As described in the operative complaint, Mr. Hiramanek filed an ADA accommodation request form for a CourtCall appearance in case number 1-09-FL-149682 or about August 5, 2013. RSAC ¶ 54 at 15. The August 5, 2013 request indicated that Mr. Hiramanek suffers from asthma and gout, and the request was accompanied by a doctor's note indicating that Mr. Hiramanek should keep his foot elevated. Dkt. No. 435-2 ¶ 17; Dkt. No. 487-1 Ex. T at ECF 92-99. The request covered "all pending and future court hearings" in the case and had a requested effective date "beginning with July 17, 2013." Superior Court Judge Drew Takaichi responded to the request. Dkt. No. 478-1 Ex. U at ECF 102. The response noted that plaintiff was granted permission to appear telephonically for the court hearing of August 8, 2013 only, primarily due to insufficient time for the court to review and respond to the application. *Id.*; Dkt. No. 435-2 ¶ 17. On August 12, 2013, Judge Takaichi denied plaintiff's request to appear at all other hearings telephonically, based on his "demonstrated substantial ability to speak at the hearing of August 8, 2013, without any audible limitation of breathing; understanding, concentration or other limitation." *Id.* Judge Takaichi also informed Mr. Hiramanek that should his gout persist and inhibit his ability to walk or stand, the courthouse and courtrooms have wheelchair access. *Id.*

The court finds that based on these undisputed facts, no violation of the ADA took place with respect to Denial 9. Defendant actually provided Mr. Hiramanek with a telephonic appearance as requested on August 8, 2013. While the Superior Court denied the blanket request for subsequent telephonic appearances, Mr. Hiramanek provides no reason why the wheelchair accessibility the court offered would be insufficient to address Mr. Hiramanek's asserted impairment, i.e., the need to keep his foot elevated. *Tennessee v. Lane*, cited by Mr. Hiramanek for the proposition that it is unreasonable for a disabled litigant to have to be carried into a courtroom,[13] is factually distinguishable because in that case, the courthouse in question was not wheelchair accessible. *See* 541 U.S. at 513. If Mr. Hiramanek is attempting to argue that it is the Superior Court's responsibility to provide him with a mobility device if defendant does not allow

---

[13] See Dkt. No. 450 at 7-8.

5:13-cv-00228-RMW
ORDER RE: MOTS. FOR SUMMARY J. -- CLAIMS INVOLVING SUPERIOR COURT OF CALIFORNIA
RS

1    him to appear telephonically, Mr. Hiramanek is mistaken. *See* 28 C.F.R. § 35.135 (explaining, in

2    relevant part, "[t]his part does not require a public entity to provide to individuals with disabilities

3    personal devices, such as wheelchairs"). Mr. Hiramanek has presented no evidence that the

4    Superior Court's proposed accommodation was unreasonable or that it would not allow him to

5    participate equally in court proceedings.

### 2.    Denial 10 (Telephonic Appearance and Electronic Filing)

7        The next alleged violation of the ADA described in the operative complaint involved a

8    request Mr. Hiramanek submitted on or about October 29, 2013 in case number 1-11-CV-212974.

9    RSAC ¶ 54 at 16 (Denial 10). As explained in Ms. Ku's declaration and the underlying request

10   form, Mr. Hiramanek's request and supporting documentation were nearly identical to those

11   submitted with respect to Denial 9 above. Dkt. No. 435-2 ¶ 19. Due to his gout and asthma, Mr.

12   Hiramanek requested a telephonic appearance in "[a]ll proceedings, including deposition which,"

13   according to plaintiff, "is considered a judicial proceeding," effective from the date of the

14   application. *See id.*; Dkt. No. 478-1 Ex. W at ECF 113. On November 5, 2013, defendant

15   requested additional documentation because defendant found portions of the supporting medical

16   records illegible. Dkt. No. 435-2 ¶ 19; Dkt. No. 478-1 Ex. X at ECF 121. Mr. Hiramanek provided

17   additional medical documentation and added a request that he and his mother be allowed to utilize

18   e-filing in case number 1-11-CV-212974 as well as case number 1-13-CV-239828. Dkt. No. 435-2

19   ¶ 20; Dkt. No. 478-1 Ex. Y at ECF 124-25.

20       On November 13, 2013, Ms. Ku wrote in response to Mr. Hiramanek on behalf of Judge

21   Kevin McKenney denying his request to appear telephonically at all future proceedings, including

22   deposition. Dkt. No. 435-2 ¶ 20; Dkt. No. 478-1 Ex. Z at ECF 128-29. Ms. Ku explained that a

23   deposition is not considered a court service, program, or activity as it takes place outside the court.

24   *Id.* Further, she explained that parties are required to appear for trial in person without exception

25   and that plaintiff's request fundamentally alters the nature of the service, program, or activity. *Id.*

26   Defendant also denied plaintiff's request for e-filing on the grounds that e-filing would

27   fundamentally the nature of the service, program, or activity. *Id.* Ms. Ku noted that plaintiff could

28

United States District Court
Northern District of California

1    mail his filings via US mail. Dkt. No. 478-1 Ex. Z at ECF 128-29.

2           The court finds that based on these undisputed facts, no violation of the ADA took place

3    with respect to Denial 10. First, as explained above with respect to Denial 9, plaintiff failed to

4    show that wheelchair-accessible facilities were not a reasonable accommodation for his gout and

5    asthma.

6           Second, with respect to electronic filing, plaintiff has presented no admissible evidence to

7    suggest that he was denied access to filing on the basis of his disability or that mailing his court

8    filings would have been unreasonable. Mr. Hiramanek complains that defendant may take three to

9    four weeks to process filings submitted by mail. Dkt. No. 450 at 24. But the only evidence

10   plaintiff offers in support of this argument is an email written by plaintiff that recounts an alleged

11   conversation with a Superior Court employee indicating that as of January 5, 2016, materials

12   mailed to defendant on December 14, 2015 were still being processed. Dkt. No. 450-1 Ex, D at

13   ECF 133. Defendants object that the email constitutes hearsay and is irrelevant because it refers to

14   a conversation that allegedly took place years after plaintiff's ADA requests were denied. Dkt. No.

15   456 at 8. Defendant's objections are sustained. Moreover, Mr. Hiramanek has acknowledged that

16   the Superior Court only allows e-filing in cases designated as "complex." Dkt. No. 478-1 at ECF

17   133. The cases for which Mr. Hiramanek requested e-filing were not complex and thus were not

18   subject to the Superior Court's procedures for complex cases. *Id.* at ECF 132. In short, while e-

19   filing in a wider variety of cases might make life easier for litigants, the Superior Court's lack of

20   e-filing cannot form the basis for ADA liability in this case.

21                          **3.    Denial 12 (Telephonic Appearance)**

22          Mr. Hiramanek filed an ADA accommodation request form for a CourtCall appearance in

23   case number 1-09-FL-149682 or about January 28, 2014. RSAC ¶ 54 at 16. Plaintiff's request was

24   based on the same medical conditions described with respect to Denial 9 above and requested a

25   telephonic appearance at all proceedings, including depositions, effective from the date of the

26   application. Dkt. No. 435-2 ¶ 21; Dkt. No. 478-1 Ex. AA at ECF 136-45. Judge Takaichi

27   responded to plaintiff's request on January 31, 2014. Dkt. No. 435-2 ¶ 21; Dkt. No. 478-1 Ex. BB

28                                                      19

United States District Court
Northern District of California

1   at ECF 147. The response noted again that the Superior Courthouse is wheelchair accessible,

2   indicated that plaintiff could remain seated in court when standing is normally required, and

3   required plaintiff to appear personally at future court hearings. *Id.* For the reasons described above

4   under Denial 9, the court finds that no ADA violations took place with respect to Denial 12.

5           **I.      Plaintiffs' Request for Discovery Sanctions**

6           Plaintiffs move for summary judgment due to alleged "discovery disobedience" by

7   defendant Superior Court. Dkt. No. 436 at 4. Plaintiffs' motion provides no analysis of any alleged

8   misconduct and merely incorporates by reference various discovery motions that plaintiffs

9   previously filed and that the assigned magistrate judge in this case subsequently denied. *See* Dkt.

10  No. 451. Plaintiffs' motion for summary judgment as a discovery sanction is denied.

11          **J.      Affirmative Defenses**

12          Because the court finds that plaintiffs have not met their burden of proof, the court need

13  not decide whether the Superior Court has proffered sufficient evidence in support of its remaining

14  affirmative defenses.

15  **III.   ORDER**

16          For the reasons explained above, defendant Superior Court's motion for summary

17  judgment, Dkt. No. 435 is GRANTED IN PART.

18          By February 24, 2016, Ms. Hiramanek shall provide a supplemental brief, not to exceed

19  four pages, explaining why she contends the alleged disconnection of her July 2, 2013 telephonic

20  appearance in case number 1-09-CV-147737 violated the ADA. By February 29, 2016, defendant

21  shall provide a brief, not exceeding four pages, explaining why summary judgment is appropriate

22  regarding the alleged July 2, 2013 disconnection. The parties may attach factual support (not

23  additional argument) in the form of testimony or documentary exhibits as needed. No replies will

24  be permitted.

25          In all other respects, the Superior Court's motion for summary judgment is GRANTED.

26          Plaintiffs' motion for summary judgment, Dkt. No. 436, is DENIED.

27          This order only affects plaintiffs' claims against defendant Superior Court and does not

28                                                    20

United States District Court
Northern District of California

1    affect plaintiffs' claims against any other defendant.

2         **IT IS SO ORDERED.**

3    Dated: February 19, 2016

4                                                    _Ronald M. Whyte_
                                                     Ronald M. Whyte
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

21