UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER RE: SUMMARY JUDGMENT ON REMAINING DISABILITY DISCRIMINATION CLAIMS**<br><br>Re: Dkt. Nos. 435, 553, 556, 558, 563, 564 |

Before the court are motions related to the claims of pro se plaintiffs Roda and Adil Hiramanek, mother and son, against defendant Superior Court of California, County of Santa Clara, under the Americans with Disabilities Act ("ADA") and related provisions. This order addresses: (1) supplemental summary judgment briefing regarding the alleged disconnection of a telephonic court appearance on July 2, 2013, referenced in the operative complaint as "Denial #7," Dkt. Nos. 553, 556, 558; (2) plaintiffs' motion for leave to supplement their complaint, Dkt. No. 563, and an associated motion to seal, Dkt. No. 564. The court rules on the motions as follows.

**I.    BACKGROUND**

The court assumes that the reader is familiar with the background of plaintiffs' ADA claims and refers the reader to the court's February 19, 2016 summary judgment order for additional details. *See* Dkt. No. 546. Briefly, and as relevant here, plaintiffs allege that they are

disabled, and the bulk of Ms. Hiramanek's claims relate to requests to make telephonic appearances in cases before the Superior Court as an accommodation for her disabilities. *See id.* at 7-8. This court granted summary judgment in favor of defendant Superior Court on all but one of plaintiffs' claims under the ADA. *See id.* at 20. This court then requested supplemental briefing.

## II. ANALYSIS

### A. Denial 7 in the Revised Second Amended Complaint

With respect to the remaining claim on which the court deferred making a summary judgment ruling, plaintiffs' Revised Second Amended Complaint ("RSAC") alleges that on July 2, 2013, Ms. Hiramanek was disconnected during a telephonic appearance at a hearing before the Superior Court in case number 1-09-CV-147737. Dkt. No. 94-1 ¶ 54 at 14. Plaintiffs refer to this incident as Denial Number 7. *Id.* This court ruled that neither plaintiffs' nor defendant's summary judgment papers provided a sufficient basis for the court to rule on whether this incident violated the ADA, and the court ordered supplemental briefing. Dkt. No. 546 at 15, 20. Ms. Hiramanek filed a supplemental brief on February 24, 2016 along with declarations and accompanying exhibits from Ms. Hiramanek and Mr. Hiramanek. Dkt. No. 553. Defendant filed a supplemental brief on February 29, 2016 along with declarations and accompanying exhibits from defendant's counsel and defendant's ADA coordinator as well as a request that this court take judicial notice of certain state court filings. Dkt. Nos. 556–557.

The parties' supplemental submissions explain that the alleged July 2, 2013 disconnection occurred in Superior Court case number 1-09-CV-147737, captioned *Roda Hiramanek v. Kamal Hiramanek et al*, before Superior Court Judge Mark H. Pierce. *See* Dkt. No. 556 at 1. The case involved the ownership of a home purchased during Adil and Kamal Hiramanek's marriage. *Id.*; *see* Dkt. No. 553-1 (R. Hiramanek Decl.) at 9. The July 2, 2013 hearing involved a motion for contempt that Ms. Hiramanek had filed. On July 1, 2013, the Superior Court posted a tentative order indicating that Ms. Hiramanek's motion for contempt was denied. Dkt. No. 553-1 at 8. The tentative order did not explain the basis for the denial. *Id.* On July 1, 2013, at around 4:45 pm, Ms. Hiramanek arranged to have her son, Adil Hiramanek, leave voice messages with the other parties

in case number 1-09-CV-147737 indicating Ms. Hiramanek intended to appear telephonically the next day to contest the tentative ruling. *Id.* at 9, Ex. G. Ms. Hiramanek arranged with CourtCall, the Superior Court's teleconference provider, to appear telephonically at the July 2, 2013 hearing. *Id.* at 8, Ex. C. During the July 2, 2013 hearing, the Superior Court addressed several cases. *Id.* at 11. When Ms. Hiramanek's case was called, she and Mr. Hiramanek, who was also on the line, introduced themselves. *See id.* at 12. Someone from the Superior Court informed Mr. Hiramanek that he was not allowed to be heard in the case because he is not an attorney. *Id.* Shortly after Ms. Hiramanek began to question the basis for the court's ruling, the line went dead. *Id.* at 11-12. Ms. Hiramanek asserts that this disconnection violated the ADA. As explained below, the court disagrees.

As explained in this court's prior order, a plaintiff's burden of proof under Title II of the ADA is as follows:

> To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability*.

*Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Moreover, because a plaintiff bears the burden of establishing an ADA violation, "she must establish the existence of specific reasonable accommodations that [the defendant] failed to provide." *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999). To recover money damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant under a "deliberate indifference" standard. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Id.* at 1139.

Ms. Hiramanek has failed to meet her burden of proof with respect to Denial 7. Ms. Hiramanek has not submitted any evidence that she ever requested a telephonic appearance as an ADA accommodation for the July 2, 2013 hearing. To the contrary, according to a declaration by

the Superior Court's ADA coordinator, the only ADA request that Ms. Hiramanek ever submitted in case number 1-09-CV-147737 did not seek a telephonic appearance at any hearing. Dkt. No. 556-2 (Ku Decl.) ¶ 3. Ms. Hiramanek has not submitted any evidence that she was requesting a telephonic appearance at the July 2, 2013 hearing by reason of her disability. Even if she had requested a telephonic appearance as an ADA accommodation, it is not clear to the court that one can infer disability discrimination from a dropped call in and of itself. Thus, with respect to Denial 7, defendant cannot be held liable for discriminating against Ms. Hiramanek by reason of her disability.

Perhaps because she cannot show that she submitted an ADA request specific to the July 2, 2013 hearing in case number 1-09-CV-147737, Ms. Hiramanek states that she "sought written ADA accommodation request[s] for, among other things, telephone appearance, on several cases, including on the one consolidated case." Dkt. No. 553 at 2. Specifically, Ms. Hiramanek asserts that case number 1-09-CV-147737 was at least temporarily consolidated with case numbers 1-10-CV-163310 and 1-09-FL-149682. *See* Dkt. No. 553-1 at 3. Apparently, Ms. Hiramanek contends that any ADA requests made in those cases should also apply to case number 1-09-CV-147737. A fatal flaw in this argument is that even if one views the three cases as one, Ms. Hiramanek still has not submitted any evidence that she notified the Superior Court that she needed to make a telephonic appearance at the July 2, 2013 hearing due to her disability. Moreover, this court's prior order rejected Ms. Hiramanek's argument that defendant violated the ADA by denying blanket ADA requests that covered multiple hearings. *See* Dkt. No. 546 at 8-14.

Indeed, Ms. Hiramanek has not even shown that she was entitled to contest the Superior Court's tentative ruling at all on July 2, 2013—whether by telephone or in person—because she did not provide timely notice that she intended to do so on July 1, 2013. California Rule of Court 3.1308 requires timely notice if a party wants to contest a tentative ruling:

> The court must make its tentative ruling available by telephone and also, at the option of the court, by any other method designated by the court, by no later than 3:00 p.m. the court day before the scheduled hearing. If the court desires oral argument, the tentative ruling must so direct. . . . ***If the court has not directed argument,***

4

> ***oral argument must be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day before the hearing of the party's intention to appear.*** A party must notify all other parties by telephone or in person. . . . The tentative ruling will become the ruling of the court if the court has not directed oral argument by its tentative ruling and notice of intent to appear has not been given.

Cal. R. of Court 3.1308(a)(1) (emphasis added). Moreover, Santa Clara County Superior Court Civil Rule 8(E) states that defendant follows Rule 3.1308(a)(1) above and that "[t]he tentative ruling will automatically become the order of the Court on the scheduled hearing date if the Court has not directed oral argument and if the contesting party fails to timely notice an objection to the other side and the Court." According to a letter that Ms. Hiramanek wrote to the Superior Court to complain about the July 2, 2013 disconnection, plaintiffs only provided notice of Ms. Hiramanek's intent to contest the tentative ruling "[o]n July 1, 2012 [sic], at around 4:45 pm." Dkt. No. 553-1 Exs. G, H. The same letter from plaintiff asserts that an unidentified individual with "Court Services, or a group that Court Services transfers us to on tentative rulings" had previously told plaintiffs that if an order is posted after 2 pm, "the 2 hour window of time to contest the ruling is be extended from 2pm to 4pm, to 3pm to 5pm." *See id.* Ms. Hiramanek provides no authority or analysis for why such a statement would take precedence over the unambiguous 4:00 pm deadline recited in Rule 3.1308(a)(1). Applying the state procedural rules to the facts as described by Ms. Hiramanek, this court finds that the Superior Court was under no obligation to allow Ms. Hiramanek to contest Judge Pierce's tentative ruling at the July 2, 2013 hearing.[1]

Ms. Hiramanek has not met her burden of proving that the July 2, 2013 disconnection of her telephonic appearance constituted unlawful discrimination under the ADA, and summary judgment in favor of defendant is appropriate. The cases cited by Ms. Hiramanek do not compel a

---

[1] The court reaches this conclusion without relying on the July 2, 2013 minute order in in case number 1-09-CV-147737 attached to defendant's Request for Judicial Notice, Dkt. No. 557 Ex. D, to which plaintiffs object, Dkt. No. 558. Accordingly, the court need not reach the merits of plaintiffs' objections. The court notes, however, that neither this court's summary judgment order nor the Civil Local Rules of this District authorized plaintiffs' 15 pages of objections and additional arguments on the merits. *See* Dkt. No. 546 at 20 (requesting supplemental briefing but noting that "[n]o replies will be permitted"); Civ. L.R. 7-3(d) (permitting objections to reply evidence but limiting such objections to 5 pages).

contrary conclusion. *See* Dkt. No. 553 at 3 (citing *Reed v. Illinois*, 119 F. Supp. 3d 879 (N.D. Ill. 2015); *Goldblatt v. Geiger*, 867 F.Supp.2d 201 (D.N.H. 2012); *Brown v. Cowlitz Cty.*, No. C09-5090 FDB, 2009 WL 3172778, at *2 (W.D. Wash. Sept. 29, 2009); *McCauley v. Georgia*, 466 F. App'x 832, 834 (11th Cir. 2012)). These cases mention telephonic appearances, but in none of these cases was a court even asked to decide whether denial or disconnection of a telephonic appearance violated the ADA.

To the extent that Ms. Hiramanek is attempting to assert a claim for retaliation under the ADA, that claim also fails. Ms. Hiramanek asserts, with no analysis, that Denial 7 was a "retaliatory act" that occurred after the Superior Court gained knowledge of this lawsuit. Dkt. No. 553 at 3. The only authority Ms. Hiramanek cites in support of this argument, *Reed v. Illinois*, 119 F. Supp. 3d 879 (N.D. Ill. 2015), does not discuss retaliation. To state a claim for retaliation under the ADA, a plaintiff must "make out a prima facie case (a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). The plaintiff must show that "but for" the plaintiff engaging in a protected activity under the ADA, the plaintiff would not have suffered an adverse action. *Id.* (affirming summary judgment for defendant on retaliation claim where "there were many plausible explanations why the district may have failed to provide" the accommodation plaintiff requested.) In this case, it is undisputed that Ms. Hiramanek failed to provide notice that she intended to contest the Superior Court's July 1, 2013 tentative ruling by 4:00 pm that day as required by Rule 3.1308(a)(1). Because Ms. Hiramanek had no right to contest the Superior Court's tentative ruling on July 2, 2013, no reasonable jury could find that the alleged disconnection of her telephonic appearance constituted unlawful retaliation under the ADA.

Accordingly, summary judgment will be granted in favor of defendant.

### B. Motion to Supplement Complaint

Plaintiffs also request leave under Federal Rule of Civil Procedure 15(d) to supplement the operative complaint in this action, Dkt. No. 94-1, which was filed on May 20, 2014. Dkt. No. 563.

Plaintiffs wish to allege that additional ADA violations occurred between February 25, 2015 and March 9, 2016. Dkt. No. 563-1. Plaintiffs' motion for leave to supplement the complaint is denied.

First, the motion for leave is procedurally defective. Civil Local Rule 7-2(a) states that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." Plaintiffs filed their motion on March 15, 2016 but have requested a hearing date of April 1, 2016, only 31 days after the date of filing. Dkt. No. 563. Plaintiffs have repeatedly failed to comply with this court's procedural rules, and the court need not reach the merits of plaintiffs' instant motion.

Second, even if this court were to reach the merits, the court would not allow plaintiffs to add new allegations to their complaint at this late stage of the case. Plaintiffs correctly state that the legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under Rule 15(a). Dkt. No. 563 at 1-2; *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). This court has previously rejected proposed amendments by Mr. Hiramanek to name new defendants and raise new factual allegations in the complaint. *See* Dkt. Nos. 208, 424. The court's most recent order denying an amendment explained that plaintiff had unduly delayed in requesting leave to amend and that defendants would be prejudiced by amendments that were proposed after the close of fact discovery and on the eve of summary judgment. *See* Dkt. No. 424 at 3-4 (filed Dec. 16, 2015). The instant motion, filed three months after this court's December order, suffers from these deficiencies to an even greater degree. Plaintiffs do not even attempt to explain why they could not have raised the alleged 2015 violations much earlier. Nor do plaintiffs attempt to explain why their allegations of ADA violations from 2015 would not be futile in light of this court's summary judgment order, Dkt. No. 546. Contrary to plaintiffs' assertions, the proposed supplementation would "not serve to promote judicial efficiency, the goal of Rule 15(d)." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

In connection with their motion for leave to supplement the complaint, plaintiffs seek to file several documents under seal. Dkt. No. 564. The court notes that plaintiffs' motion to seal and proposed order, Dkt. No. 564-1, are procedurally deficient because they do not list in table format

each document or portion thereof that plaintiffs seek to seal. *See* Civ. L.R. 79-5(d). In any event, as the court is denying plaintiffs' motion for leave to supplement, it does not appear that the documents plaintiffs wish to seal relate to any currently pending claim in this case. Accordingly, plaintiffs' motion to file under seal is denied as moot.

### III. ORDER

For the reasons explained above, defendant Superior Court's motion for summary judgment is GRANTED as to Denial No. 7 in plaintiffs' Revised Second Amended Complaint. Plaintiffs no longer have any claims pending in this case against defendant Superior Court under the ADA or related statutes.

Plaintiffs' motion to strike, Dkt. No. 558, is DENIED as moot.

Plaintiffs' motion for leave to supplement the complaint, Dkt. No. 563, is DENIED.

Plaintiffs' motion to file under seal, Dkt. No. 564, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: March 29, 2016

_____
Ronald M. Whyte
United States District Judge