UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER DENYING LEAVE TO FILE MOTIONS FOR RECONSIDERATION**<br><br>Re: Dkt. No. 559, 560, 566, 567, 568 |

Before the court are three motions for leave to file motions for reconsideration and an associated administrative motion filed by pro se plaintiffs Roda and Adil Hiramanek:

1. Roda Hiramanek's "Motion for Leave of Court to Revise its Orders #472, #565 Under FRCP 54(b) and Objections to Order Under FRCP 46," Dkt. No. 566;
2. Adil Hiramanek's "Motion for Leave of Court to Revise its Order #472, #565 Under FRCP 54(b) and Objections to Order Under FRCP 46 and Joinder to Motion #566," Dkt. No. 568;[1]
3. Roda and Adil Hiramanek's "Motion for Leave of Court to Revise its Order #546, Under FRCP 54(b) and Objections to Order Under FRCP 46," Dkt. No. 559;
4. Roda and Adil Hiramanek's "Ex Parte Civil L.R. 7-10, 7-11 Joint Motion for Leave on Size and to Seal Specified Exhibits," Dkt. No. 560.

---

[1] Apparently Dkt. No. 568 is a corrected version of Mr. Hiramanek's "Motion for Leave of Court to Revise its Order #472, #565 Under FRCP 54(b) and Objections to Order Under FRCP 46 and Joinder to Motion #566" filed at Dkt. No. 567. Accordingly, the court denies Dkt. No. 567 as moot.

1

5:13-cv-00228-RMW
ORDER DENYING LEAVE TO FILE MOTIONS FOR RECONSIDERATION

Having reviewed the motions and the relevant legal standards, the court denies plaintiffs' motions.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Civil Local Rule 7-9 requires that parties obtain leave (i.e., permission), usually by filing a short motion summarizing their arguments, before filing a motion for reconsideration. "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). If the court determines that the moving party's arguments may have merit, the court may then allow for briefing as appropriate. *See* Civ. L.R. 7-9(d). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

While plaintiffs label three of the four motions presently before the court as motions for "leave," the motions are, in substance, unauthorized motions for reconsideration.

Plaintiffs' motions at docket numbers 566 and 568 request that this court reconsider its March 16, 2016 order, Dkt. No. 565, which declined to consider the merits of plaintiffs' objections to a non-dispositive order by the magistrate judge due to plaintiffs' continued failure to comply with local rules regarding page limits. Dkt. No. 566, 568. "The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (finding no abuse of discretion in district court's refusal to consider supplemental filings for failure to comply with local rules regarding page limitations and typefaces). *See also Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir.1996) (upholding district court's discretion to disregard briefs filed in circumvention of page limits). In light of this authority, Mr. Hiramanek's position that the court should have allowed him to file dozens of pages of objections to a single non-dispositive order by

the magistrate judge, *see* Dkt. No. 568, is simply untenable.[2] Moreover, if Ms. Hiramanek had wanted the court to review her objections and Mr. Hiramanek's objections separately, she should not have incorporated Mr. Hiramanek's objections to the magistrate's order by reference. *See* Dkt. No. 543 at 1; *cf. Swanson*, 87 F.3d at 345 ("the incorporation of substantive material by reference is not sanctioned by the federal rules at issue"). Plaintiffs' arguments do not warrant reconsideration under Civil Local Rule 7-9(b), and their motions, Dkt. Nos. 566 and 568, are DENIED.

Plaintiffs' motion at docket number 559 requests that this court reconsider its February 19, 2016 summary judgment order. Dkt. No. 559. Plaintiffs acknowledge that their motion, at 50 pages long, violates the text of Civil Local Rule 7-2(b), which limits motions to 25 pages. *See* Dkt. No. 560 at 2. Accordingly, *after* filing their 50-page motion, plaintiffs filed the instant administrative motion, Dkt. No. 560, to exceed applicable page limits. Plaintiffs argue that since each plaintiff was supposedly entitled to file a 25-page motion, their jointly filed 50-page motion does not violate Civil Local Rule 7-2(b). The court finds this argument unpersuasive. First, Civil Local Rule 7-4(b) requires litigants to seek leave to file an oversized motion in advance of filing the motion, not afterward. Second, even if the court were inclined to allow plaintiffs to file a combined, 50-page motion, large portions of many pages of plaintiffs' motion, Dkt. No. 559, are covered in single-spaced footnotes. This court has warned against using footnotes to overcome Civil Local Rule 3-4(c)(2)'s requirement for double-spacing. *See* Dkt. No. 382 at 9. Plaintiffs have ignored this court's orders. Accordingly, plaintiffs' motion to file excess pages (Dkt. No. 560) and motion for leave to file a motion for reconsideration (Dkt No. 559) are DENIED.

To the extent that plaintiffs' administrative motion, Dkt. No. 560, aims to seal particular documents, it does not comply with Civil Local Rule 79-5. The biggest technical problem with the motion is that the court is not able to seal particular pages of PDF documents that have already been filed in the public record. Moreover, neither plaintiffs' motion itself nor the accompanying

---

[2] *Cf.* Civ. L.R. 72-2 (allowing 5 pages of objections to a non-dispositive order by a magistrate).

proposed order "lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d). Reference to a declaration is insufficient. Accordingly, plaintiffs' motion to seal is DENIED. To the extent that plaintiffs wish to remove any filed confidential documents from public view, they may file a Motion to Remove Incorrectly Filed Documents, but this will affect entire docket entries. *See* http://www.cand.uscourts.gov/ecf/correctingmistake#SENSITIVE.

Finally, based on the number of immaterial or meritless objections and motions for reconsideration filed in this case, the court finds it necessary to impose restrictions on future motions for reconsideration. If any party wishes to request leave to file a motion for reconsideration, the party must file a motion for leave pursuant to Civil Local Rule 7-9, **not exceeding five double-spaced pages and not including any footnotes or attachments**. If, based on the motion for leave, the court determines that additional briefing or argument is appropriate, the court will set a briefing schedule.

The court is troubled with the possibility that plaintiffs are not litigating in good faith and are instead filing papers simply to increase the burden on defendants and this court. *See, e.g.*, Dkt. No. 568 at 9 ("J. Whyte will not be able to 'summarily deny' his way to reduce his workload, as it actually does the opposite. Instead workload will be substantially reduced by ruling on the merits of each objection, by delegating this case to the jury for trial, or by rendering a summary judgment for Pltfs'.") Any future failure to comply with the orders of this court or the Civil Local Rules of this District may result in sanctions.

**IT IS SO ORDERED.**

Dated: March 29, 2016

_____
Ronald M. Whyte
United States District Judge