UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>L. MICHAEL CLARK, et al.,<br><br>   Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND SERVE COMPLAINT ON U.S. ATTORNEY GENERAL**<br><br>Re: Dkt. No. 500 |

In this case alleging discrimination based on disability and race, pro se plaintiffs Roda and Adil Hiramanek, mother and son, move the court to appoint counsel for Ms. Hiramanek for their upcoming trial against defendants Superior Court of California, County of Santa Clara[1] and Beth Miller. Dkt. No. 500. Plaintiffs also move to have this court serve plaintiffs' complaint on the U.S. Department of Justice as the real party in interest in plaintiffs' claims under the Americans with Disabilities Act ("ADA").[2] The court rules as follows.

**I. MOTION TO APPOINT COUNSEL**

Ms. Hiramanek asks that the court appoint counsel to represent her at trial in her claim

---

[1] After plaintiffs filed their motion, the court granted summary judgment for the defendant on the claims against the Superior Court. Dkt. Nos. 546, 570.
[2] Despite the fact that no party filed an opposition to plaintiffs' motion, plaintiffs also filed a "reply" in support of their motion on February 25, 2016 that raised new arguments that were not part of plaintiffs' initial ex parte application. *See* Dkt. No. 554.

alleging racial discrimination and violations of the ADA.[3] Ms. Hiramanek argues that she is medically disabled and has spent most of her life outside the United States. Accordingly, she argues, she will not be able to articulate her claims in light of the complexity of the issues involved. Ms. Hiramanek is proceeding in forma pauperis, and she argues that she has tried unsuccessfully to obtain representation.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The determination of whether to appoint counsel requires an evaluation of the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). The need for discovery does not necessarily qualify the issues involved in a case as "complex." *Wilborn v. Escalderon*, 789 F.2d 1328. 1331 (9th Cir. 1986). Moreover, mere difficulty in articulating one's claims pro se is not necessarily sufficient to require the appointment of counsel. *Id.*

The key issues remaining in this case are straightforward. This court's summary judgment rulings disposed of all of Ms. Hiramanek's ADA claims. *See* Dkt. No. 546, 570. Plaintiffs' racial discrimination claim (which Ms. Hiramanek shares with Mr. Hiramanek) relates to plaintiffs' allegation that defendant Miller once refused to let plaintiffs use a courthouse bathroom because of their race. *See* Dkt. No. 94-1 ¶¶ 795-96. The proof that Mr. Hiramanek and Ms. Hiramanek will offer in support of their race discrimination claim will likely be identical. The papers that Ms. Hiramanek has submitted to date regarding the ADA claims suggest that she should have no difficulty articulating the basis for the relatively simple racial discrimination claim set for trial. This case is thus distinguishable from *Reed v. Illinois*, in which a district court declined to dismiss

---

[3] Mr. Hiramanek apparently does not request the appointment of counsel for himself.

an ADA complaint that arose when a state court did not appoint counsel for a plaintiff whose "nervous system disorder resulted in involuntary jerky movements, impaired her speech, [caused] anxiety, contortions characterized as aggression, inability to recall and/or articulate words, grunting noises, screaming, and otherwise [made her] appear[ ] out of order." *Reed v. Illinois*, 119 F.Supp.3d 879, 881 (N.D. Ill. 2015). Ms. Hiramanek's disabilities do not appear to be so severe that she would be unable to present evidence at trial, and, to the extent that she asserts that her disabilities will interfere with her ability to present evidence, the court is willing to make reasonable accommodations to mitigate any hardship. *See Palmer*, 560 F.3d at 970.

Plaintiffs' motion acknowledges that likelihood of success on the merits is a factor that courts consider in determining whether to appoint counsel, but Ms. Hiramanek did not even attempt to explain why she expects to succeed on the merits of her claims. Dkt. No. 500 at 6-7. The court also notes that while plaintiffs' racial discrimination claim survived review under 28 U.S.C. § 1915(e)(2), plaintiffs have attempted to assert 48 claims since the start of this litigation, all but five of which were stricken or dismissed, and one of which was adjudicated in favor of defendants. *See, e.g.*, Dkt. Nos. 94-1, 19, 98, 546, 570. This factor thus weighs against the appointment of counsel.[4]

The court concludes that appointment of counsel is not warranted at this time. The court will discuss the best way to move forward with the parties at the next case management conference.

---

[4] Much of the contact with the state court employees that gave rise to Roda and Adil Hiramanek's allegations in the instant case arose from the dissolution of the marriage of Adil Hiramanek and his ex-wife Kamal and the court-ordered sale of a family home purchased during the marriage, where Roda also lived. *See, e.g.*, Dkt. No. 94-1 ¶ 45 (describing Roda Hiramanek's involvement in Santa Clara County Superior Court case numbers 1-09-CV-147737, 1-10-CV-163310, and 1-09-FL-149682). In 2010, the Superior Court declared Adil Hiramanek a vexatious litigant in case number 1-09-FL-149682. *See* Dkt. No. 94-1 ¶¶ 547, 898-99. After plaintiffs filed the instant case, Mr. Hiramanek filed two additional federal lawsuits alleging 13 claims against 15 government employees and entities. *See Pierce et al v. Cantil-Sakauye et al.*, Case No. 3:13-cv-01295-JSW; *Hiramanek v. California Judicial Council et al.*, Case No. 5:15-cv-04377-RMW. Mr. Hiramanek also unsuccessfully attempted to remove a state criminal case against him to federal court. *The People of the State of California v. Hiramanek*, Case No. 5:14-cv-04640-BLF.

3
5:13-cv-00228-RMW
ORDER DENYING MOT. TO APPOINT COUNSEL & SERVE COMPLAINT ON U.S. ATTORNEY GENERAL

**II.     MOTION TO SERVE THE U.S. DEPARTMENT OF JUSTICE**

Plaintiffs argue that the Attorney General of the United States is authorized under 28 C.F.R. Part 35, Subpart F, to determine whether public entities comply with Title II of the ADA. As there are no remaining ADA claims in this case, plaintiffs' request is denied as moot.

Even if plaintiffs were to move for reconsideration of the court's summary judgement orders on their ADA claims, the court would not find plaintiffs' arguments for serving the Department of Justice persuasive. It is true that the Department of Justice may accept complaints under the ADA, but plaintiffs cite no authority requiring a U.S. District Court to serve a civil complaint under Title II on the Department of Justice. *See, e.g.*, 28 C.F.R. § 35.170(c) ("An individual may file a complaint with any agency that he or she believes to be the appropriate agency designated under subpart G of this part."); *see also* 28 C.F.R. § 35.190 (listing designated agencies referenced in Section 35.170(c)). Moreover, none of the authorities plaintiffs cite, including 42 U.S.C. § 12117, § 12188, and 15 U.S.C. 1125, suggest that the U.S. Attorney General is a real party in interest in claims under Title II. None of the cited statutes even relate to Title II. Moreover, plaintiffs' citations to 28 U.S.C. § 2403 and cases that rely on that statute are inappropriate because defendant here did not claim that the ADA was unconstitutional.

Accordingly, plaintiffs' request to serve their complaint on the U.S. Attorney General is denied with prejudice.

**IT IS SO ORDERED.**

Dated: April 8, 2016

_____
Ronald M. Whyte
United States District Judge