UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER REGARDING AMENDED MOTION TO SEAL**<br><br>Re: Dkt. No. 574 |

Before the court is an administrative motion to file under seal certain documents submitted in connection with plaintiffs' supplemental briefing and motion for reconsideration of this court's summary judgment order on their disability discrimination claims. Dkt No. 574. Because the court's Electronic Case Filing system does not allow pro se litigants to file documents electronically under seal, plaintiffs filed the documents that plaintiffs now wish to seal in the public docket of this case before filing a motion to seal. (See table below).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

Plaintiffs' primary concern over the documents in question seems to be that they may reveal plaintiffs' medical conditions. Courts have recognized confidentiality in patients' medical files. *See, e.g.*, *Kamakana*, 447 F.3d at 1186. On the other hand, a party's voluntary disclosure of otherwise confidential information can constitute grounds for denying a motion to seal. With these standards in mind, the courts rules on the instant motion as follows.

It appears that the instant motion to seal covers specific pages of multi-page documents in PDF format that plaintiffs already placed in the public docket for this case. Plaintiffs do not assert

that the remaining pages of the PDF documents at issue are confidential. The court's Electronic Case Filing system does not allow the court to restrict access to specific pages of a PDF document. Access may only be restricted, if at all, for a particular docket entry (e.g. 533-3) in its entirety. In connection with any future motions to seal, if plaintiffs wish to shield particular pages of their submissions from public view, they should e-file versions of the documents with redactions applied to particular pages in the public docket.[1] *See* Civ. L.R. 79-5(d)(1)(C). Plaintiffs may then submit the versions containing confidential pages to the court using another mechanism.

While the court could deny the instant motion for failure to provide redacted copies, the court finds that at least some of the pages that plaintiffs wish to seal warrant confidential treatment. Given the technical limitations of ECF, for any docket entries listed below for which a motion to seal has been "conditionally granted," the court will instruct the clerk to restrict electronic access only to participants in this case. **Within 14 days of the date of this order, plaintiffs shall re-file redacted versions of each document associated with each docket entry for which the motion to seal has been conditionally granted.** For example, because the court is conditionally granting plaintiffs' motion to seal as to ECF pages 33-34, 36-37, and 46 of the document filed at Dkt. No. 559-5, plaintiffs shall electronically file a version of the entire document at Dkt. No. 559-5 with redactions applied to pages 33-34, 36-37, and 46. The table below contains the court's rulings on particular documents.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 574 | 2/25/15 Adil Hiramanek's Request For Accommodations By Persons With Disabilities And Response (553-3 at ECF p. 19) | CONDITIONALLY GRANTED | References medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |

---

[1] It does not appear that plaintiffs have submitted versions of these documents with the purportedly confidential pages redacted; if plaintiffs have submitted redacted versions, plaintiffs' motion does not indicate where to find the redacted versions.

3
5:13-cv-00228-RMW
ORDER REGARDING AMENDED MOTION TO SEAL

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 574 | 4/23/2015 ADA response of Pam Juarez on behalf of Georgia Ku to Adil Hiramanek (553-3 at ECF pp. 21-23) | CONDITIONALLY GRANTED as to ECF p. 23. | ADA request form references medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |
| | | DENIED as to ECF pp. 21-22. | Correspondence does not reference medical conditions or any other information that could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[2] |
| 574 | 7/12/2015 Adil Hiramanek's Request For Accommodations By Persons With Disabilities And Response (553-3 at ECF pp. 25-28) | CONDITIONALLY GRANTED | References medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |
| 574 | 8/5/2015 ADA response of Georgia Ku to Adil Hiramanek (553-3 at ECF p. 30) | DENIED | Correspondence does not reference medical conditions or any other information that could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." |
| 574 | 11/12/2013 Plaintiff Adil Hiramanek's email to Georgia Ku (559-4 at ECF p. 54) | DENIED | Correspondence does not reference medical conditions or any other information that could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." |
| 574 | 4/23/2015 ADA response of Georgia Ku to Adil Hiramanek (559-4 at ECF pp. 160-61) | DENIED | Correspondence does not reference medical conditions or any other information that could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." |

---

[2] *Kamakana*, 447 F.3d at 1179.

| | | | |
|---|---|---|---|
| 574 | 7/12/2015 Adil Hiramanek's Request For Accommodations By Persons With Disabilities And Response (559-5 at ECF pp. 33-34) | CONDITIONALLY GRANTED | References medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |
| 574 | 7/23/2015 ADA response of Georgia Ku to Adil Hiramanek (559-5 at ECF pp. 36-37) | CONDITIONALLY GRANTED | References medical advice. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |
| 574 | 11/12/2015 Adil Hiramanek's Request For Accommodations By Persons With Disabilities And Response (559-5 at ECF p. 46) | CONDITIONALLY GRANTED | References medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiffs' interest in maintaining privacy. |

The court notes that the U.S. District Court is a public forum, and, to the extent that this order allows documents to be filed under seal, this order does not decide whether the documents that are the subject of the instant motion can be used in open court in any future proceedings.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_____
Ronald M. Whyte
United States District Judge