UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>L. MICHAEL CLARK, et al.,<br><br>        Defendants. | Case No. 5:13-cv-00228-RMW<br><br>**ORDER REGARDING MOTION TO SEAL**<br><br>Re: Dkt. No. 577 |

    Before the court is an administrative motion to file under seal certain documents submitted in relation to an Americans With Disabilities Act request allegedly prepared by Roda Hiramanek on or about June 4, 2013. Dkt No. 577. Because the court's Electronic Case Filing system does not allow pro se litigants to file documents electronically under seal, plaintiffs emailed the documents that plaintiffs seek to file under seal to the undersigned judge's courtroom deputy. (See table below).

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

1

1  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to
2  dispositive motions bear the burden of overcoming the presumption with "compelling reasons"
3  that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-
4  79.

5        A protective order sealing the documents during discovery may reflect the court's previous
6  determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at
7  1179-80, but a blanket protective order that allows the parties to designate confidential documents
8  does not provide sufficient judicial scrutiny to determine whether each particular document should
9  remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that
10 allows a party to designate certain documents as confidential is not sufficient to establish that a
11 document, or portions thereof, are sealable.").

12       In addition to making particularized showings of good cause, parties moving to seal
13 documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
14 79-5(b), a sealing order is appropriate only upon a request that establishes the document is
15 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
16 the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
17 must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Within 4 days of the filing of the
18 Administrative Motion to File Under Seal, the Designating Party must file a declaration as
19 required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."
20 Civ. L.R. 79-5(e)(1).

21       Plaintiffs' primary concern over the documents in question seems to be that they may
22 reveal Ms. Hiramanek's medical conditions. Courts have recognized confidentiality in patients'
23 medical files. *See, e.g.*, *Kamakana*, 447 F.3d at 1186. On the other hand, a party's voluntary
24 disclosure of otherwise confidential information can constitute grounds for denying a motion to
25 seal. With these standards in mind, the courts rules on the instant motion as follows.
26 //
27 //
28

2

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 577 | Plaintiff Roda Hiramanek's June 4, 2013 "Request For Accommodations By Persons With Disabilities and Response" with attachment Exhibit A (Emailed to courtroom deputy) | GRANTED | References medical conditions. The court is not convinced at this time that the public's right of access to the underlying documents outweighs plaintiff's interest in maintaining her privacy. |

For any documents listed above for which a motion to seal has been granted, the court will accept the documents as filed and instruct the clerk to place these documents on the court's docket (if they do not already have a docket number) and restrict electronic access only to participants in this case.

The court notes that the U.S. District Court is a public forum, and, to the extent that this order allows documents to be filed under seal, this order does not decide whether the documents that are the subject of the instant motion can be used in open court in any future proceedings.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge