UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>L. MICHAEL CLARK, et al.,<br><br>   Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER REGARDING MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS**<br><br>Re: Dkt. Nos. 606, 607, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 628 |

In this case involving allegations of racial discrimination by the clerk of the Sixth District Court of Appeal, the court will hold a further pretrial conference on July 15, 2016. In advance of that conference, defendant Beth Miller submitted two motions in limine, Dkt. Nos. 606-607; plaintiff Adil Hiramanek submitted five motions in limine, Dkt. Nos. 617-620, 628; plaintiff Roda Hiramanek submitted one motion in limine, Dkt. No. 621; and Roda Hiramanek filed three additional motions styled as motions for leave to file motions in limine, Dkt. Nos. 622-624.[1] Each

---

[1] The parties previously submitted motions in limine, but not oppositions to those motions, in anticipation of a February 25, 2016 pretrial conference date. Because the court found that some of the motions may have been rendered moot in light of this court's summary judgment rulings on plaintiffs' claims under the Americans with Disabilities Act, the court ordered the parties to resubmit any motions in limine that they believed were not rendered moot. Dkt. No. 591 at 2. The court also ordered that if any party believed that developments in the case that occurred after February 16, 2016 related to plaintiffs' claims against Beth Miller warranted an additional motion in limine, the party could seek leave of the court to file an additional motion. *Id.*

1

plaintiff filed a joinder to the other plaintiff's motions in limine. Dkt. Nos. 625-626. As promised in the court's June 17, 2016 order, Dkt. No. 629 at 2, the court issues the following rulings in advance of the pretrial conference.

## I.   MILLER MOTION IN LIMINE NO. 3: TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES AND EXCLUDE FINANCIAL EVIDENCE

**Denied.** Defendant moves under FRE 403 to bifurcate the issue of punitive damages in the first phase of the trial and exclude any evidence of defendant Miller's financial condition. Dkt. No. 606. Plaintiffs oppose. Dkt. No. 644. Plaintiffs argue that courts routinely try the issues of compensatory and punitive damages together. *See id.* at 1-2 (citing *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)). Plaintiffs also argue that bifurcating compensatory and punitive damages will unfairly prejudice plaintiffs. *Id.* at 3. Plaintiffs are concerned that if the jury is instructed that a finding for plaintiffs in the first phase of trial will require another phase on punitive damages, the jury may be encouraged to render a liability verdict in favor of defendant to avoid further jury service.

The court finds that bifurcating the issues of compensatory and punitive damages would not serve the interests of judicial economy. Furthermore, while the court agrees with defendant that her financial condition is irrelevant to whether she is liable for racial discrimination, defendant does not appear to argue that her wealth is irrelevant to the issue of punitive damages.[2] Accordingly, the court declines to preclude plaintiffs from discussing defendant's financial condition with respect to punitive damages. Plaintiffs will not be allowed to discuss defendant's financial condition with respect to any other issue.

## II.   MILLER MOTION IN LIMINE NO. 4: TO EXCLUDE EVIDENCE OF CONTENT OF UNSUBSTANTIATED WEBSITES

**Granted.** Defendant moves to preclude plaintiffs from referring to, arguing, or attempting to introduce any evidence from unsubstantiated websites or blog posts. Dkt. No. 607. As examples of the evidence defendant seeks to preclude, defendant points to documents that plaintiffs have

---

[2] *See, e.g., Bell v. Clackamas Cty.*, 341 F.3d 858, 868 (9th Cir. 2003) (noting that the trial court may reduce a punitive damages award "on the basis of the individual defendants' ability to pay . . . only to the extent the record substantiates their wealth").

attached to court filings that contain disparaging remarks about courts in Santa Clara County. In one example cited by defendant, an "anonymous" blog posting contains commentary on this case and an image that appears to be a screen capture from the video record of Miller's deposition. *See* Dkt. No. 501 Ex. F. Defendant argues that Mr. Hiramanek is behind the blog post in question. Dkt. No. 607 at 2. Plaintiffs oppose defendant's motion and argue, among other things, that the court can take judicial notice of websites. Dkt. No. 645. Plaintiffs misunderstand the purpose of judicial notice, which is to allow the court to consider facts "whose accuracy cannot reasonably be questioned." FRE 201. For example, the court might take judicial notice of the *existence* of a website, if that fact were relevant, because that fact would not likely be in dispute. In this case, however, it appears that plaintiffs want the court to accept the truth of content on websites created by authors who are not testifying in court. Plaintiffs will not be allowed to rely on websites or blog posts written by authors who are not present in court—or by plaintiffs themselves—unless they can show that the prohibitions against the introduction of hearsay do not apply and that the probative value of the evidence outweighs the risk of unfair prejudice. *See* FRE 801-807, 402, 403.

## III.   ADIL HIRAMANEK MOTIONS IN LIMINE NOS. 1 AND 5: TO EXCLUDE "PREJUDICIAL EVIDENCE" OF STATE COURT RULINGS

**Granted in Part and Denied in Part.** Mr. Hiramanek moves under FRE 402 and 403 to exclude evidence of various state court orders that were adverse to him and his mother. These include, among other things, orders designating Mr. Hiramanek a vexatious litigant, a restraining order entered against him during divorce proceedings, and a judgement in favor of Mr. Hiramanek's ex-wife in a case that Roda Hiramanek filed against the ex-wife. Dkt. No. 617. Defendant opposes and argues that the state court orders are relevant to plaintiffs' damages theories. Dkt. No. 639. For example, defendant notes that Roda Hiramanek is seeking $9,999,999.00 for "[l]oss of Roda's claims on 2/28/14 judgment" and that Adil Hiramanek is seeking $10,950,000 for "9/10/13 retaliation denied access to his children and legitimate discovery." *Id.* at 1 (citing plaintiffs' pretrial disclosures, Dkt. No. 611 at ECF p. 14).

The court tentatively concludes that Mr. Hiramanek's motion in limine no. 1 should be

3

granted. The only issues for the jury to decide at trial are whether defendant Miller unlawfully denied plaintiffs the use of the court restroom because of their race and if so, the appropriate remedy. It is difficult to see how the adverse rulings against plaintiffs in state court are at all relevant to the issues of defendant's liability or the harm plaintiffs allegedly suffered, and the danger of unfair prejudice and waste of time is considerable. While an order finding that Mr. Hiramanek has made frivolous filings in the past may be somewhat relevant to plaintiff's reputation for truthfulness, introduction of such an order would likely cause the jury to waste time considering the merits of plaintiff's past acts.

If, however, plaintiffs rely on state court rulings in support of their damages arguments or for any other purpose, defendants may be entitled to discuss those rulings. Moreover, while the court does not expect plaintiffs to argue at trial that defendant's racial prejudice against them motivated defendant to conspire with others to frame criminal charges against Mr. Hiramanek, *see* Dkt. No. 94-1 ¶ 798, if plaintiffs are allowed to make such an argument, defendant will be entitled to rebut those allegations. At the pretrial conference, plaintiffs should be prepared to provide an overview of the damages arguments that they actually plan to present at trial to assist the court in determining whether to refine this ruling.

In Mr. Hiramanek's motion in limine no. 5, plaintiff moves categorically to exclude any document authored by the state court, presumably including the orders previously discussed. Plaintiff accuses the state court system—Miller's employer—of "purposefully/maliciously" making "fabricated" findings, "gutting the constitutional due process and other federal and human rights," and issuing rulings akin to "Nazi Party decrees and orders." Dkt. No. 620 at 1. The court agrees with defendant that plaintiff has failed to provide a factual or legal basis in support of these frivolous accusations. Plaintiff's motion in limine no. 5 is denied without prejudice to particular state court orders being excluded as irrelevant or under FRE 403.

### IV. ADIL HIRAMANEK MOTION IN LIMINE NO. 2 AND RODA HIRAMANEK MOTION IN LIMINE NO. 1: EXCLUDE EVIDENCE NOT PRODUCED DURING DISCOVERY

**Denied.** Plaintiffs generally move to preclude defendant from relying on any evidence that

4

was denied to plaintiffs during discovery. Dkt. Nos. 618, 621. Mr. Hiramanek further moves for a ruling that "facts underlying the discovery which Def. defied on, or abused, shall be taken as established in favor of Pltfs'" or a ruling striking defendant's answer as a sanction. Dkt. No. 618 at 1. Ms. Hiramanek moves for an order "that all inferences of barred testimony, or evidence authored by persons who were barred to plaintiffs', to [sic] be drawn in plaintiffs' favor." Dkt. No. 621 at 1. Ms. Hiramanek's motion is apparently focused on the fact that she was not able to obtain discovery from sitting state judges in this case. *See id.* at 1-2 (mentioning Justice Rushing). Defendant opposes these motions. Dkt. No. 640; Dkt. No. 638 at 2.

Plaintiffs' motions appear to be improper attempts to re-litigate discovery issues that were decided in defendant's favor. *See* Dkt. No. 451 (Order Denying Plaintiffs' Discovery Motions). While the court generally agrees that defendant should not be allowed to rely on evidence *improperly* denied to plaintiffs during discovery, plaintiffs have not pointed to any such evidence. Plaintiffs' motions do not cite any specific example of the evidence they wish to exclude that was not previously presented to the court.

The court also notes that Adil Hiramanek's motion violates this court's 4-page limit for motions in limine. *See* Dkt. No. 499 at 2. Not only does Mr. Hiramanek's motion contain arguments on the two pages preceding the table of contents, his motion contains the equivalent of approximately a page of single-spaced footnotes. Moreover, plaintiff relies on his 84-page declaration, Dkt. No. 618-1, to argue about the specific material he wishes to exclude. In light of plaintiffs' history of ignoring page limits, *see, e.g.,* Dkt. No. 571 at 3-4, the court declines to consider plaintiff's declaration.

Accordingly, plaintiffs' motions are denied.

V. **ADIL HIRAMANEK MOTION IN LIMINE NO. 3: TO ALLOW USE OF PLAINTIFF'S DEPOSITION TRANSCRIPTS OR REQUIRE DEFENDANT TO SHARE OFFICIAL REPORTERS' TRANSCRIPTS**

**Granted in Part and Denied in Part.** Mr. Hiramanek moves for an order allowing plaintiffs to utilize deposition transcripts that Mr. Hiramanek, rather than certified court reporters, created. Dkt. No. 619. Mr. Hiramanek argues that plaintiffs are unable to afford the certified

reporters' transcripts. Alternatively, Mr. Hiramanek requests that the court order defendant to lodge copies of the certified reporters' transcripts for use by both parties at trial. Defendant opposes reliance on plaintiff's unofficial transcripts but is willing to provide copies of the relevant official written transcripts in her possession. Dkt. No. 641. Defendant asks, however, that defendant be allowed to submit an invoice to the stenographic reporting services to insure they are paid for the additional transcripts. *Id.* at 1 n.1.

In this case, the court finds that the most efficient solution is to require defendant to provide copies of the official deposition transcripts for the witnesses that the parties expect to call at trial. This court has previously noted that Mr. Hiramanek's transcripts contain argumentative characterizations of witness actions that bring the transcripts' reliability into question. *See* Dkt. No. 546 at 4. Moreover, even if Mr. Hiramanek's transcripts were substantively identical to the reporters' transcripts, considerable confusion would result if the parties were referring to two different sets of pages numbers. Accordingly, by **July 13, 2016**, defendant shall electronically file text-searchable PDF copies of any official deposition transcripts in defendant's possession for witnesses that any party expects to call at trial. Defendant may file a motion to file under seal any transcripts containing information designated as confidential.[3] If defendant prevails at trial, defendant may submit a bill of costs for the court's consideration. The transcripts need not include exhibits because the court expects that the parties will separately provide any trial exhibits on which they plan to rely to the court in advance of trial.

The parties may also rely on video recordings of depositions at trial to the extent that the parties are able to resolve any disputes over the recordings' authenticity, accuracy, and compliance with the Federal Rules of Civil Procedure. Of course, in order for that to happen, the parties must have copies of the videos. The court notes that defendant asserts that she has never received a copy of plaintiffs' video of the second day of the Caitlyn Burgess deposition. Dkt. No. 641 at 2. By **July 15, 2016**, the parties shall exchange copies of any deposition videos on which they expect to rely on trial, to the extent that they have not done so already.

---

[3] *See* Dkt. No. 337 (Stipulated Protective Order) ¶ 5.2(b).

## VI. ADIL HIRAMANEK MOTION IN LIMINE NO. 4: TO EXCLUDE EVIDENCE AND WITNESSES NOT DISCLOSED UNDER RULE 26(A)

**Ruling Deferred.** Mr. Hiramanek moves to exclude any evidence or witnesses that defendant did not disclose during discovery. Dkt. No. 628. Plaintiff notes that the only witnesses defendant disclosed during discovery were Beth Miller, Georgia Ku, and Pam Juarez. Dkt. No. 628-1 (Defendants Superior Court of California and Beth Miller's FRCP Rule 26 Initial Disclosures) at 1. Defendant's witness list indicates that defendant plans to call Miller and may call two additional witnesses should the need arise: Caitlyn Burgess and Deputy McChristian. Dkt. No. 603 at 5. The categories of documents that defendant disclosed during discovery include: "Email communications concerning Plaintiff's ADA Accommodation requests, Plaintiff's Requests for ADA Accommodations, and the Superior Court's responses thereto." Dkt. No. 628-1 at 2. The exhibits on defendant's exhibit list include various state court orders. Dkt. No. 603 at ECF pp. 8-10.

Federal Rule of Civil Procedure 26 requires parties to disclose, among other things, contact information for potential witnesses and categories of documents that the parties plan to use to support their claims or defenses, unless the use would be solely for impeachment. Fed R. Civ. P. 26(a)(1)(A)(i), (ii). Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

With respect to the witnesses, defendant points out that plaintiff deposed Burgess and McChristian. Dkt. No. 638 at 4. Thus, defendant apparently attempts to argue, failure to disclose these witnesses was harmless. Moreover, defendant argues, defendant listed these individuals as potential witnesses "based solely upon Plaintiff Adil Hiramanek's own assertions that Beth Miller's interactions with Burgess and/or McChristian are somehow relevant to his claims against Beth Miller." *Id.* The court declines to issue a ruling on these witnesses at this time. At the pretrial conference, plaintiffs should be prepared to discuss whether they plan to argue at trial that Burgess and/or McChristian are relevant to their claims against Miller. If not, this motion would appear to

7

be moot. Additionally, defendant should be prepared to discuss whether these witnesses are being offered solely for impeachment or also for substantive issues in the case.

With respect to the exhibits, this court's ruling on Mr. Hiramanek's motion in limine no. 1 may render discussion of the state court orders on defendant's exhibit list moot. Accordingly, the court need not issue a ruling at this time.

### VII. RODA HIRAMANEK MOTIONS FOR LEAVE TO FILE NEW "MOTIONS IN LIMINE"

Ms. Hiramanek filed three additional motions styled as motions for leave to file new motions in limine. Dkt. Nos. 622-624. In substance, each of Ms. Hiramanek's filings is not a motion in limine but rather a motion for reconsideration of this court's prior orders and can be denied at least because of plaintiff's failure to comply with Civil Local Rule 7-9. *See also* Dkt. No. 571 at 4 (imposing additional restrictions on motions for reconsideration "based on the number of immaterial or meritless objections and motions for reconsideration filed in this case").

#### A. Subpoena of Impeachment Witnesses ("Notice and Motion in Limine #2")

Ms. Hiramanek requests that the court reconsider its ruling that requires plaintiffs to seek leave of court before subpoenaing any third party witnesses for trial. Dkt. No. 622. Plaintiffs assert that they plan to subpoena "impeachment" witnesses and that they should not be required to disclose these witnesses' identities. This court's June 28, 2016 order addressed plaintiffs' arguments on this issue, and the court need not repeat that analysis here. *See* Dkt. No. 649 at 2-3 (explaining that "plaintiffs' massive list of witnesses poses considerable potential for abuse and will require, at the very least, additional explanation to avoid undue harassment and inconvenience to witnesses").

To the extent that plaintiffs argue that the Federal Rules of Civil Procedure never allow a court to require disclosure of witnesses who may be used for impeachment, they are mistaken. Federal courts have broad authority in issuing pretrial orders:

> There is universal acceptance in the federal courts that . . . a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely

8

5:13-cv-00228-RMW
ORDER REGARDING MOTIONS IN LIMINE

prepared so that the trial can proceed efficiently and intelligibly. *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008). The advisory committee notes to the 1993 amendments to Federal Rule of Civil Procedure 26 explicitly recognize that a court may, in appropriate circumstances, require disclosure of evidence that has impeachment value: "By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence--as well as other items relating to conduct of trial--may be required by local rule or a pretrial order." Courts have held that undisclosed evidence can be excluded if it relates both to the substance of the case and to impeachment or rebuttal. *See, e.g., Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (holding that evidence that was "at least in part substantive" did not fall into the "solely for impeachment" exception to disclosure) *superseded by rule change on other grounds, In re Subpoena to Witzel*, 531 F.3d 113 (1st Cir. Jul. 7, 2008); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (affirming decision to exclude witnesses supposedly offered "solely for impeachment" who were in fact part of defendant's "primary line of defense"); *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3509384, at *6 (N.D. Cal. June 3, 2015) (excluding testimony that "has independent relevance beyond impeaching" an opposing witness).[4]

In this case, the court is not even necessarily looking to exclude plaintiffs' proposed witnesses. The court is trying to ensure that plaintiffs—who earlier in the case were found to have abused the court's subpoena power, *see* Dkt. No. 251—have a substantial basis before a witness is called involuntarily to court by a subpoena. For at least these reasons, Ms. Hiramanek's motion is denied.

---

[4] *Goldfinger Hawaii, Inc. v. Polynesian Res., Inc.*, 869 F.2d 1497 (9th Cir. 1989), a nonprecedential case cited by plaintiffs, *see* Dkt. No. 650 at 8, does not compel a contrary conclusion. In that case, the Ninth Circuit found that the district court did not commit "reversible" error by admitting testimony from three "surprise" impeachment witnesses where the witnesses were the impeached party's employees and the district court took measures to mitigate prejudice such as allowing a continuance so that counsel could prepare for cross-examination. The court noted: "the decision whether a witness not named in the pretrial order may testify is a matter[ ] peculiarly within the trial court's discretion." *Id.* at *3 (citation omitted). In the instant case, plaintiffs refuse even to identify their impeachment witnesses, so the court cannot evaluate prejudice.

9

5:13-cv-00228-RMW
ORDER REGARDING MOTIONS IN LIMINE

### B.     Scope of Claim 35 ("Notice and Motion in Limine #3")

Next, Ms. Hiramanek requests that the court allow her to proceed to trial on claims of disability discrimination against defendant Miller. Dkt. No. 623. Plaintiff's motion is denied. This court has already explained several times that plaintiffs' own pleadings have limited the scope of Claim 35 of the operative complaint to a 42 U.S.C. § 1983 racial discrimination claim against Miller. *See* Dkt. No. 599 at 2; Dkt. No. 153 at 2 n.2 (explaining how the operative complaint alleges that plaintiffs were denied access to the restroom "solely on racial and ethnic grounds").

### C.     Request for Reassignment ("Notice and Motion in Limine #4")

Finally, Ms. Hiramanek requests that this case be reassigned to a different judge. Dkt. No. 624. Ms. Hiramanek's motion does not actually make any arguments but instead incorporates by reference Mr. Hiramanek's previous, unsuccessful attempt to have this case reassigned. *Id.* at 1 ("Plaintiff incorporates Dkt. # 229, #270, #428, and entire case docket here as though fully set forth herein.") This court denied Mr. Hiramanek's request for reassignment on August 14, 2015, Dkt. No. 249, and the Ninth Circuit denied his petition for a writ of mandamus on October 22, 2015, Dkt. Nos. 336, 428. Ms. Hiramanek's motion presents no new issues, and it is denied.

## VIII.   WITNESS AND EXHIBIT LISTS

The parties were to submit a joint pretrial statement pursuant to this court's Standing Order Re: Pretrial Preparation by June 16, 2016. Dkt. No. 591.

The plaintiffs' amended witness list, Dkt. No. 651 Addendum #1, still fails to meet the requirements of paragraph 8.f of this court's Standing Order in that it does not provide an adequate "statement following each name describing the substance of the testimony to be given." For example, given that Claim 35 of the complaint is the only claim set for trial, indicating that a witness will testify regarding "[e]very aspect of Count #35" is no more useful than saying that the witness will testify regarding "any issue that is set for trial."

It appears that defendant will not have any exhibits in light of the court's ruling on the lack of relevance of the state court orders that defendant has listed. *See* Dkt. No. 603 Ex. A. The court notes, however, that defendant's exhibit lists does not distinguish between exhibits defendant plans to offer and those defendant may offer if the need arises.

10

In the absence of compliance with Federal Rule of Civil Procedure 26(a)(3) and this court's disclosure requirements by the date of the final pretrial conference, the court reserves the right to refuse to allow a party to offer testimony or exhibits.

* * *

The court notes that it is unlikely that the court will have the opportunity to review any additional written submissions in this case in advance of the July 15, 2016 pretrial conference.

**IT IS SO ORDERED.**

Dated: July 8, 2016

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge