UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**FINAL PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 671, 675-678, 684-685, 688-689 |

At the final pretrial conference in this matter, the court requested supplemental briefing on several matters. That briefing and more has now been received.  The court rules as follows.

**I.   LODGING OF EXHIBITS**

As stated in this court's prior orders, the parties must provide the court with copies of any proposed, case-in-chief trial exhibits in advance of trial.[1] The court needs to see those exhibits so that it can rule on any evidentiary objections.  By **3:30 pm on Friday, July 29, 2016,** plaintiffs shall lodge with the undersigned judge's courtroom deputy electronic copies of any exhibits that they plan to offer in their case-in-chief at trial.

It appears that the only two exhibits on which defendant seeks to rely are two state court

---

[1] *See* Dkt. No. 649 at 2:5-6; Dkt. No. 658 at 6:18-19.

orders declaring Mr. Hiramanek a vexatious litigant which have already been filed on ECF.[2] *See* Dkt. No. 676. If the court is mistaken about defendant's submissions, defendant must also comply with the July 29, 2016 lodging deadline. Upon a party's request, the court can return the storage medium (e.g. a thumb drive or DVD) used to deliver the exhibits, after the court has copied the storage medium's contents.

## II.   TRIAL SCHEDULE

The trial of plaintiffs' claims against defendant Miller will commence with jury selection at 9:00 a.m. on Tuesday, August 2, 2016. The proceedings will commence each day at 9:00 a.m. with appropriate meal and rest breaks except on August 5 when the hours of the session may have to be modified. The presentation of the case should be completed on or before August 5. If for some unexpected reason the presentation of the case has not been completed by August 5, the trial will resume on August 15.

Mr. Hiramanek asserts that Ms. Hiramanek has a doctor's appointment scheduled for August 3, 2016 at 10 a.m. Dkt. No. 688 Ex. A. Nevertheless, Mr. Hiramanek asserts that "Plaintiffs' [sic] do not have the option of a fourth rescheduled trial date." Dkt. No. 688 at 3. If Ms. Hiramanek is unable to reschedule her doctor's appointment, the court will consider adjusting the schedule for August 3.[3]

Each side will be allotted 8 hours of presentation time, including opening statements, but not including closing statements or jury selection. Any time a party takes seeking to present inadmissible material may be deducted from that party's presentation time. Similarly, if any party makes repeated, meritless objections, the court may deduct time from the objecting party's allotment.

## III.   JURY SELECTION AND VOIR DIRE

The court will question potential jurors and will take the parties' proposals for voir dire questions into account in determining which questions it will ask. The voir dire process the court

---

[2] The admissibility of these orders is addressed below.
[3] The court notes that Ms. Hiramanek did not attend the July 15, 2016 pretrial conference and thus did not discuss her own scheduling preferences at the time.

will use is as follows. The court will initially examine twenty prospective jurors and then allow counsel for each side up to ten minutes for follow-up questions. After the parties exercise any challenges for cause (to be done at sidebar outside the hearing of the prospective jurors), the courtroom deputy will hand the parties a list with the prospective jurors numbered one through the number of prospective jurors who remain after challenges for cause. The parties will then pass the list between themselves exercising up to three peremptory challenges (three per side maximum). A pass does not count as a challenge. After the parties exercise their peremptory challenges, the examined jurors will be asked to return to the public seats in the courtroom and the eight who will serve as the jury will be called back to the jury box by the courtroom deputy. The jurors will be the first eight unchallenged prospective jurors on the list provided to the parties.

## IV.   EXAMINATION AND PRESENTATION OF EVIDENCE

The court is aware that both plaintiffs are representing themselves and that Mr. Hiramanek has been assisting Ms. Hiramanek in preparation of this case. Plaintiffs must understand that Mr. Hiramanek cannot act as Ms. Hiramanek's attorney, but the court will allow some leeway to assist Ms. Hiramanek in presenting her case. The plaintiffs may call each other as witnesses. Alternatively, the court will allow the Hiramaneks to provide their direct testimony in a narrative fashion, assuming they limit their narratives to relevant testimony. If they fail to do so, they will be required to ask themselves questions or announce the intended subject matter of testimony to come so that the court can determine the testimony's relevance to issues remaining in the case. For example, testimony regarding alleged failure to accommodate a disability is irrelevant to issues remaining in the case.

## V.   WITNESS OBJECTIONS

The court finds that the witnesses who have been properly disclosed such that the parties would not be unfairly surprised by their testimony are Adil Hiramanek, Roda Hiramanek, and Beth Miller.

Defendant's motion to exclude the testimony of David Merritt, Ed Summerfield, and Shiv Paletti in plaintiffs' case in chief is GRANTED. Dkt. No. 671. Among other discovery abuses,

1  plaintiffs failed to supplement their responses to defendant's interrogatory number 16, which

2  requested that plaintiffs "IDENTIFY each individual other than YOU whom YOU contend has

3  knowledge of MILLER's alleged discriminatory bias." Dkt. No. 671-3 Ex. E at 10. The only name

4  Mr. Hiramanek identified in response was Caitlyn Burgess, *id.* at 11, and plaintiff's attempt to

5  incorporate a list of dozens of names by reference denied defendant adequate disclosure. This

6  failure to supplement with specific names violated Fed. R. Civ. P. 26(e).

7  Defendant's motion to exclude the testimony of Dr. Cipoletti is also GRANTED. Dkt. No.

8  685. Plaintiffs have failed to show how Dr. Cipoletti's testimony is relevant to plaintiffs' claims

9  against Miller.

10  The court's rulings do not preclude the parties from offering witnesses to testify solely for

11  impeachment purposes. The court warns, however, that impeachment is narrowly defined to

12  evidence attacking the credibility of a witness. A witness offered solely for impeachment will not

13  be allowed to provide testimony that has independent relevance to the merits of the case. *See*

14  *Kempf v. Barrett Business Services, Inc.,* 336 Fed.Appx. 658 (9th Cir. 2009) (nonprecedential)

15  (excluding testimony not offered "solely" for impeachment); *Clear-View Techs., Inc. v. Rasnick*,

16  No. 13-CV-02744-BLF, 2015 WL 3509384, at *6 (N.D. Cal. June 3, 2015) (same).

17  Plaintiffs' motions to exclude defendant Miller's testimony or exhibits, Dkt. Nos. 684 &

18  689, are DENIED. Plaintiffs have not shown why they should be granted leave to file additional

19  motions in limine. Moreover, plaintiffs' argument that Miller did not adequately disclose that she

20  might testify is frivolous. To the extent that Miller provides trial testimony that is inconsistent

21  with her deposition testimony, plaintiffs may use her deposition testimony to impeach her.

## VI. ADMISSIBILITY OF VEXATIOUS LITIGANT ORDERS

23  The court has reviewed defendant's offer of proof concerning the state court orders

24  declaring plaintiff a vexatious litigant, Dkt. No. 676. While this court agrees that the state court

25  orders may be relevant to plaintiffs' motive for pursuing litigation against Miller as well as Mr.

26  Hiramanek's credibility, the risk of waste of time likely outweighs the orders' probative value

27  under Rule 403. Accordingly, defendant will not be allowed to introduce the orders or Mr.

28

4

Hiramanek's status as a vexatious litigant unless Mr. Hiramanek opens the door to such evidence by discussing adverse actions that the state court took against him or his mother. If Mr. Hiramanek suggests at trial that the state courts have taken any action against him other than the alleged denial of the use of the restroom at issue here, the orders may become admissible.

### VII. DEFENDANT'S MOTION FOR TERMINATING SANCTIONS

Defendant requests that terminating sanctions, or, alternatively, preclusion of witnesses and exhibits, be imposed on plaintiffs due to plaintiffs' continued failure to provide adequate disclosures. Dkt. No. 677. The court is sympathetic to defendants' position. Hiding the small number of witnesses and exhibits that a party actually intends to rely on at trial among hundreds of irrelevant entries is an abuse of the discovery process. Nevertheless, it appears that in light of the court's rulings above, the court has already granted much of the relief defendant seeks, and the court is not currently prepared to take the step of imposing terminating sanctions. Accordingly, defendant's motion, Dkt. No. 677, as well as plaintiffs' request for another case management conference, Dkt. No. 678, are DENIED as moot.

**IT IS SO ORDERED.**

Dated: July 28, 2016

_____
Ronald M. Whyte
United States District Judge