UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADIL HIRAMANEK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>L. MICHAEL CLARK, et al.,<br><br>    Defendants. | Case No.  5:13-cv-00228-RMW<br><br>**ORDER DENYING MOTIONS TO SEAL**<br>Re: Dkt. No. 630, 660, 682 |

Before the court are three motions to file deposition materials under seal. First, plaintiffs move to file under seal a transcript of the deposition of defendant Beth Miller that plaintiff Adil Hiramanek, rather than a certified court reporter, created. Dkt. No. 630. Plaintiff also seeks to file under seal certain exhibits to the deposition. Because the court's Electronic Case Filing system does not allow pro se litigants to file documents electronically under seal, plaintiffs emailed the documents that plaintiffs seek to file under seal to the undersigned judge's courtroom deputy on June 19, 2016. Second, defendant Miller moves to seal the deposition transcripts of Adil Hiramanek, Roda Hiramanek, Beth Miller, Daryl McChristian, and Caitlin Burgess. Dkt. No. 660. Finally, defendant moves to seal the deposition transcript of Dr. Samuel Cipoletti. Dkt. No. 682.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

Plaintiffs assert that they are concerned that the transcript and exhibits they wish to seal may refer to (1) criminal charges against Mr. Hiramanek that were subsequently dismissed; (2) medical information; and (3) "other subjects, including Defendant Miller's private information." Courts have recognized confidentiality in patients' medical files. *See, e.g.*, *Kamakana*, 447 F.3d at 1186. On the other hand, a party's voluntary disclosure of otherwise confidential information can constitute grounds for denying a motion to seal. With these standards in mind, the courts rules on the instant motion as follows.

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 630 | Plaintiff's Unofficial Transcript of the Deposition of Beth Miller (Emailed to courtroom deputy) | DENIED | Request is not narrowly tailored to confidential information. Plaintiffs seek to seal every page of the transcript, *see* Dkt. No. 630-1 (redacted copy), even though they subsequently filed 55 pages of the transcript in the public docket without any confidentiality restrictions, Dkt. No. 635.<br><br>Plaintiffs do not indicate how, if at all, they complied with the Stipulated Protective Order's requirement to "identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony." *See* Dkt. No. 337 ¶ 5.2(b).<br><br>Miller does not assert that confidential information was discussed during her deposition. See Dkt. No. 660 at 2. |
| 630 | Exhibits 1-4 to the Deposition of Beth Miller (Emailed to courtroom deputy) | DENIED | Request is not narrowly tailored to confidential information. The operative, publicly filed complaint discusses the criminal charges against Adil Hiramanek that were subsequently dismissed. Dkt No. 94-1 ¶¶ 178-179. In light of that fact, the court is unable to discern how, if at all, the material plaintiffs wish to seal is confidential. |
| 660 | Transcript of Adil Hiramanek's Deposition Vol. 1 (660-1) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |
| 660 | Transcript of Adil Hiramanek's Deposition Vol. 2 (660-2) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |

3

| | | | |
|---|---|---|---|
| 660 | Transcript of Roda Hiramanek's Deposition (660-3) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |
| 660 | Transcript of Beth Miller's Deposition (660-4) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1).<br><br>Transcript discussed in open court on August 2, 2016. |
| 660 | Transcript of Daryl McChristian's Deposition (660-5) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |
| 660 | Transcript of Caitlin Burgess's Deposition (660-6) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |
| 682 | Transcript of Dr. Samuel Cipoletti's Deposition (682-1) | DENIED | No supporting declaration filed. Civ. L.R. 79-5(e)(1). |

The parties may refer to testimony from the transcripts above in open court, subject to any objections to the substance of material being discussed.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____
Ronald M. Whyte
United States District Judge