UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ADIL HIRAMANEK, et al.,

    Plaintiffs,

v.

L. MICHAEL CLARK, et al.,

    Defendants.

Case No. 5:13-cv-00228-RMW

**ORDER DENYING LEAVE TO FILE MOTIONS FOR RECONSIDERATION**

Re: Dkt. No. 581, 582, 583

Before the court are three motions for leave to file motions for reconsideration filed by pro se plaintiffs Roda and Adil Hiramanek:

1. Adil Hiramanek's "Motion for Leave of Court to Revise its Order #546, [FRCP 54(b), Civil L.R. 7-9] and FRCP Rule 46 Objections" Dkt. No. 581;
2. Roda Hiramanek's "Motion for Leave of Court to Revise its Order #546, [FRCP 54(b), Civil L.R. 7-9] and FRCP Rule 46 Objections" Dkt. No. 582;
3. Roda and Adil Hiramanek's "Motion for Leave of Court to Revise its Orders #570, [FRCP 54(b), Civil L.R. 7-9] and FRCP Rule 46 Objections" Dkt. No. 583.

Having reviewed the motions and the relevant standards for reconsideration under Civil Local Rule 7-9 and *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), the court DENIES plaintiffs' motions.

**I.      BACKGROUND**

On March 29, 2016, this court denied plaintiffs' unauthorized 50-page motion for reconsideration of the court's February 19, 2016 summary judgment order. Dkt. No. 571 (denying

the motion at Dkt. No. 559, among other motions). The court noted "plaintiffs' continued failure to comply with local rules regarding page limits." *Id.* at 2. The court also cited *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir.1996) for the proposition that "the incorporation of substantive material by reference is not sanctioned by the federal rules" as a mechanism for circumventing page limits. *Id.* at 3. Given plaintiffs' repeated failure to comply with the local rules and orders of this court, the court could have denied plaintiffs' motion for reconsideration with prejudice and refused to consider its merits.

Instead, on April 1, 2016, this court responded to plaintiffs' request for clarification by stating:

> Any party who wishes to seek reconsideration of this court's orders granting summary judgment in favor of the Superior Court may file a motion for leave pursuant to Civil Local Rule 7-9 by April 12, 2016. **Each motion for leave must not exceed five double-spaced pages and must not include any footnotes or attachments.**

Dkt. No. 575 at 2. Plaintiffs filed the instant motions on April 12, 2016. Dkt. Nos. 581-583.

## II.     DEFICIENCIES AFFECTING ALL THREE MOTIONS

Once again, plaintiffs have failed to comply with this court's orders regarding page limits. All three of the motions presently before the court violate this court's March 29, 2016 and April 1, 2016 orders on page limits by attempting to incorporate material from other papers by reference. *See, e.g.*, Dkt. No. 581 at 4 (containing 10 separate citations on a single page to Dkt. No. 559—the 50-page reconsideration motion that this court denied—or its attachments); Dkt. No. 582 at 5 (containing 18 citations on a single page to Dkt. No. 559 or its attachments); Dkt. No. 583 at 1 (containing 2 citations on a single page to Dkt. No. 559). As other courts have noted, "it is typically the shorter briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 1123529, at *1 (N.D. Cal. Apr. 3, 2012) (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)). "Overly long briefs, however, may actually hurt a party's case, making it far more likely that meritorious arguments will be lost amid the mass of detail." *Fleming v. County of Kane,*

*State of Ill.*, 855 F.2d 496 (7th Cir. 1988) (citation omitted). Plaintiffs would do well to heed these warnings. Because plaintiffs have again failed to comply with applicable page limits, the court need not consider the merits of plaintiffs' arguments.

Moreover, plaintiffs' motions fail to comply with Civil Local Rule 7-9(b), which states, in relevant part:

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion and one of the following:
> (1)     That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2)     The emergence of new material facts or a change of law occurring after the time of such order; or
> (3)     A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). It does not appear that plaintiffs have attempted to identify newly discovered evidence or legal authority and then explain why such evidence or legal authority could not have been presented earlier. Plaintiffs assert—often with little or no analysis—that the court's summary judgment orders err in various ways. *See, e.g.*, Dkt. No. 581 at 4 ("Order, 17:19-22 errs that wheelchair would suffice."). However, plaintiffs do not explain why these alleged errors constitute a manifest failure by the court to consider material facts or dispositive legal arguments that were previously presented to the court. Pursuant to Civil Local Rule 7-9(b), the court finds that plaintiffs have not provided sufficient justification for leave to file motions for reconsideration.[1]

While the court need not reach the merits of plaintiffs' motions for the reasons listed above, the court finds it appropriate to clarify certain points regarding its summary judgment orders.

---

[1] The court also notes that in some instances, plaintiffs have simply repeated arguments they made in earlier briefing, in violation of Civil Local Rule 7-9(c). For an example, *compare* Dkt. No. 582 at 3 ("100% hearings, are *pre* trial hearings only. Order errs in ruling otherwise.") *with* Dkt. No. 450 at 2 ("Pltf.s' ADA request sought telephone appearance for pre-trial, routine court hearings.").

### III. FEBRUARY 19, 2016 SUMMARY JUDGMENT ORDER (DKT. NO. 546)

#### A. Waiver

This court's February 19, 2016 summary judgment order noted that while the operative complaint describes twelve denials of requests for various accommodations under the Americans with Disabilities Act ("ADA"), plaintiffs clarified in their summary judgment papers and at the summary judgment hearing that they are only pursuing claims for two types of denials: requests for telephonic appearances and electronic filing. Dkt. No. 546 at 3. In their motions for leave, plaintiffs assert that their ADA requests were not limited to requests for telephonic appearances and electronic filing but also included requests such as language translation. *See* Dkt. No. 581 at 1; Dkt. No. 582 at 1. Plaintiffs assert that they did not waive the right to seek relief for the denial of other types of accommodations.

Plaintiffs' arguments are unpersuasive. While the court's summary judgment order noted that plaintiffs' own briefing limited the scope of their ADA claims to requests for telephonic accommodations and electronic filing, *see* Dkt. No. 436 at 16-17, the court did not have to rely on waiver to determine that summary judgment was appropriate. The Superior Court moved for summary judgment on all of the claims in Count II-A of plaintiffs' complaint. Dkt. No. 435 at 18. Plaintiffs had the burden to support their ADA claims with evidence and argument. With one exception, the only claims they chose to pursue in their opposition papers related to telephonic appearances and electronic filing.[2] *See* Dkt. No. 450. The court found that plaintiffs failed to meet their burden of proof, and plaintiffs have provided no reason for the court to depart from that ruling.

#### B. Grounds for Summary Judgment

Mr. Hiramanek asserts that this court erred by granting summary judgment in part on the

---

[2] Under the heading of telephonic appearances, plaintiffs' summary judgment opposition brief suggested that Mr. Hiramanek should have been allowed to interpret for Ms. Hiramanek. Dkt. No. 450 at 22. While this court's summary judgment order did not directly address that point, inability to understand the English language is not considered a disability under the ADA. *See* 28 C.F.R. Pt. 35, App. B ("Physical or mental impairment does not include . . . ***cultural***, economic, or other disadvantages, such as having a prison record, or being poor. Nor is age a disability.") (emphasis added).

basis that the Superior Court provided reasonable accommodations to plaintiffs for their requests. Plaintiff asserts that defendant did not raise this argument until the Superior Court filed its opposition to plaintiff's motion for summary judgment. *See* Dkt. No. 581 at 1; Dkt. No. 546 at 7; Dkt. No. 448 at 8-9. Plaintiff's argument for reconsideration is unpersuasive. This court's summary judgment order applied the legal standard articulated in *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633-34 (9th Cir. 1999) and *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1137 (9th Cir. 2001) (noting that it is plaintiff's initial burden to "show that the accommodations offered by the [defendant] were not reasonable"). ***Plaintiffs'*** motion for summary judgment—filed the same day as the Superior Court's motion for summary judgment—cited *Duvall* seven times, sometimes more than once on a page. *See* Dkt. No. 436 at 7, 14-16. Thus, plaintiffs have no basis to suggest that they lacked notice of their burden to show that the accommodations offered by the Superior Court were unreasonable.

The Ninth Circuit has held that "[e]ven when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)). In the instant case, plaintiffs had even more notice than that afforded to the *Gospel Missions* plaintiff. Plaintiffs were on notice of their burden of proof, as described in *Duvall*, when they filed their motion for summary judgment, and, to the extent that they disagreed with the Superior Court's arguments, they had the opportunity to respond in their reply brief and at the summary judgment hearing.

Even if this court were to find that plaintiffs were entitled to an additional opportunity to be heard before the court granted summary judgment, plaintiffs have failed to show how an additional hearing would have resulted in a different outcome. Plaintiffs' reconsideration motions fail to distinguish *Duvall* and *Memmer* from the instant case or present any contrary controlling authority. Accordingly, plaintiffs have presented no reason for this court to allow for additional briefing.

### IV. MARCH 29, 2016 SUMMARY JUDGMENT ORDER (DKT. NO. 570)

Plaintiffs claim that newly discovered evidence suggests that, contrary to this court's finding, Ms. Hiramanek did request a telephonic appearance as an ADA accommodation for the July 2, 2013 hearing discussed in this court's March 29, 2016 summary judgment order. *See* Dkt. No. 583 at 2; Dkt. No. 570 at 3. In support of their argument, plaintiffs rely on an unauthenticated ADA request form that Mr. Hiramanek claims he discovered in mid-December 2015. *See* Dkt. No. 576 at 2.

Plaintiffs have not presented a sufficient basis for this court to reconsider its prior ruling. Civil Local Rule 7-9(b)(2) requires a party seeking reconsideration to show that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Plaintiffs have not explained why they could not have located and submitted the ADA request form in question before their supplemental summary judgment brief was due on February 24, 2016. The court also notes that plaintiffs objected to summary judgment evidence that the Superior Court offered on the grounds that the Superior Court did not submit that evidence during discovery. *See* Dkt. No. 558. Even if the court were to consider the ADA request form, it would not change the court's ruling because, among other things, Ms. Hiramanek has submitted no evidence that she provided notice that she planned to contest the Superior Court's tentative ruling by 4:00 pm the day before the hearing as required by California Rule of Court 3.1308(a)(1).

### V. ORDER

For the foregoing reasons, the plaintiffs' motions for leave to file motions for reconsideration are DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____
Ronald M. Whyte
United States District Judge