UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADIL HIRAMANEK, et al.,

    Plaintiffs,

v.

L. MICHAEL CLARK, et al.,

    Defendants.

Case No. 5:13-cv-00228-RMW

**ORDER REGARDING PROCEDURES FOR HEARING ON MOTION FOR NEW TRIAL**

Re: Dkt. No. 714, 733

As indicated in this court's September 9, 2016 order, the court will hold a hearing on plaintiffs' motion for a new trial on October 7, 2016 at 9:00 am. The main goal of the hearing will be to investigate plaintiffs' allegations of bias and exposure to extraneous evidence by Juror No. 4 in plaintiffs' trial against defendant Beth Miller. The court finds the majority of the issues in plaintiffs' motion for a new trial suitable for decision without oral argument. Nevertheless, if time allows, the court may allow the parties to make limited arguments after the court is finished receiving testimony. The court warns that there are other cases on the morning calendar, so the parties should plan to focus on only their most important issues.

The following evidentiary standards will apply. With respect to Adil Hiramanek's claim that Juror No. 4 allegedly failed to disclose knowledge of plaintiff's status as a vexatious litigant during voir dire, to obtain a new trial plaintiff must "first demonstrate that [the] juror failed to

answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1163 (9th Cir. 2000) (quoting *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)). With respect to plaintiffs' claim that a dictionary definition of "vexatious litigation" unfairly prejudiced the verdict, a new trial may be warranted if "there is a reasonable possibility that the material could have affected the verdict." *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Service Co.*, 206 F.3d 900, 906 (9th Cir. 2000). "Where extraneous information is imparted . . . the burden is generally on the party opposing a new trial to demonstrate the absence of prejudice." *Id.* "A juror may testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; [or] (B) an outside influence was improperly brought to bear on any juror." Fed. R. Evid. 606(b)(2). However, "a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict . . . ." Fed. R. Evid. 606(b)(1). As the Ninth Circuit has summarized, "[j]urors may not testify as to how they or other jurors were affected by the extraneous prejudicial information or outside influence; they may only testify as to its existence." *Hard v. Burlington N. R. Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989).

With these standards in mind, Ed Summerfield and Juror No. 4 will be called to testify on October 7, 2016. The witnesses and any party (or their counsel) wishing to participate in the evidentiary hearing shall appear in person. The court will conduct the questioning of the witnesses, but the court may allow the parties to ask follow-up questions if appropriate. The court will ask Mr. Summerfield about the events described in his August 7, 2016 declaration, Dkt. No. 712-1 Ex. A. Specifically, the court will inquire as to who Mr. Summerfield allegedly heard talking about the word "vexatious" outside the courtroom, when this conversation took place, who was present, and what was said. The court will ask Juror No. 4 about the source of the definition of "vexatious litigation" that he found, what the definition was, when he first saw it, whether it was shared with anyone else on the jury, and, if so, when. The court will also ask Juror No. 4 if he had heard of either plaintiff before this trial began. Given the limited scope of testimony

permissible under FRE 606(b), it is not clear that additional questions would be appropriate. However, if the parties want the court to ask specific questions or if they have procedural concerns,[1] they may file brief submissions, not to exceed two double-spaced pages, by Thursday, October 6, 2016 at 2:00 pm. Mr. Hiramanek's request for a case management conference, Dkt. No. 733, is DENIED.

No other witnesses will be called to testify. "Where a losing party in a civil case seeks to impeach a jury verdict, it must be shown by a preponderance of the evidence that the outcome would have been different. Unless the affidavits on their face support this conclusion, no evidentiary hearing is required." *Hard*, 870 F.2d at 1461. The court questions whether the evidence plaintiffs have submitted is even sufficient to support a hearing involving Mr. Summerfield or Juror No. 4. In any event, the court finds that plaintiffs' evidence is insufficient to support calling David Merritt (who did not submit a declaration in support of plaintiffs' motion for a new trial), additional jurors, or anyone else as witnesses. *See TIG Ins. Co. v. Liberty Mut. Ins. Co.*, 250 F. Supp. 2d 1197, 1199 (D. Ariz. 2003) (concluding that party that lost at trial had not justified questioning jurors over alleged use of a dictionary during deliberations and explaining that parties "are not entitled to question the jury based on suspicion").

**IT IS SO ORDERED.**

Dated: October 5, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

---

[1] Plaintiffs have cited no authority in support of their argument that Juror No. 4 should not be represented by a lawyer during questioning. Moreover, plaintiffs' argument that retention of a lawyer suggests an attempt to conceal the truth lacks foundation.