1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADIL HIRAMANEK, et al.,

Plaintiffs,

v.

L. MICHAEL CLARK, et al.,

Defendants.

Case No.  5:13-cv-00228-RMW

**ORDER DENYING MOTION FOR RECONSIDERATION OF SEPTEMBER 1, 2016 SUMMARY JUDGMENT ORDER**

Re: Dkt. Nos. 735, 736

Plaintiff Adil Hiramanek requests leave to file a motion for reconsideration of this court's September 1, 2016 order, Dkt. No. 711, which granted partial summary judgment in favor of defendants Daryl McChristian, Bryan Plett, and Timothy Polumbus. Dkt. Nos. 735, 736. For the reasons set forth below, plaintiff's motion is DENIED.

## I.      PROCEDURAL DEFICIENCIES

Plaintiff has a long history of filing motions for reconsideration that are meritless or that fail to comply with the local rules of this district and the orders of this court. *See* Dkt. No. 571 at 3-4. In response to plaintiff's conduct, this court ordered that "[i]f any party wishes to request leave to file a motion for reconsideration, the party must file a motion for leave pursuant to Civil Local Rule 7-9, not exceeding five double-spaced pages and not including any footnotes or attachments." *Id.* at 4. Nevertheless, after plaintiff informed the court during a September 16, 2016 case management conference that he wanted the court to reconsider a large number of issues in his

1

5:13-cv-00228-RMW
ORDER DENYING MOT. FOR RECONSIDERATION OF SEPT. 1, 2016 SUMMARY JUDGMENT ORDER

1    upcoming motion, the court made a one-time exception to its 5-page limit and ruled that plaintiff

2    could file a 25-page motion for leave to file a reconsideration motion no later than September 30,

3    2016. Plaintiff subsequently requested an additional seven days to file his motion, and the court

4    denied plaintiff's request, noting that plaintiff had assured the court at the case management

5    conference that his motion would be on file on or before September 30. Dkt. No. 728.

6        With the instant motion, plaintiff has again failed to comply with the local rules of this

7    district and this court's orders. Plaintiff's initial motion for leave, filed on September 30, 2016,

8    was 34 pages long. Dkt. No. 735. Plaintiff was well aware that he had violated the page limits

9    imposed by this court's order and the Civil Local Rules. In a footnote on the cover page, plaintiff

10   requests: "To the extent size is an issue Pltf. makes a 7-11 Administrative Request to exceed page

11   limitations." *Id.* at i. To the extent that plaintiff wanted to request additional pages, he was

12   required to do so before the due date of his brief. Civ. L.R. 7-4(b). On October 2, 2016, plaintiff

13   filed an untimely, amended, 25-page motion for leave to file a motion for reconsideration. Dkt.

14   No. 736. Even in the revised brief, however, every single numbered page contains a large, single-

15   spaced block of text, a single-spaced footnote, or both. This court has warned plaintiff more than

16   once about using footnotes to overcome Civil Local Rule 3-4(c)(2)'s requirement for double-

17   spacing, Dkt. No. 571 at 3, and plaintiff's use of block quotations is no more appropriate. This

18   court also warned that "failure to comply with the orders of this court or the Civil Local Rules of

19   this District may result in sanctions." *Id.* at 4.

20       Because plaintiff has again failed to comply with this court's rules, despite repeated

21   warnings, plaintiff's original and revised motions for leave to file motions reconsideration are

22   denied.

23   **II.    REMAINING ISSUES**

24       Because plaintiff's original and revised motions are procedurally deficient, the court need

25   not address the substance of plaintiff's motions. The court nevertheless addresses two points for

26   clarity of the record.

27       First, even if this court were to consider plaintiff's arguments, plaintiff would not be

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    entitled to reconsideration. To obtain leave to file a motion for reconsideration:

2        The moving party must specifically show reasonable diligence in
         bringing the motion and one of the following:
3        (1) That at the time of the motion for leave, a material difference in
         fact or law exists from that which was presented to the Court before
4        entry of the interlocutory order for which reconsideration is sought.
         The party also must show that in the exercise of reasonable diligence
5        the party applying for reconsideration did not know such fact or law
         at the time of the interlocutory order; or
6        (2) The emergence of new material facts or a change of law
         occurring after the time of such order; or
7        (3) A manifest failure by the Court to consider material facts or
         dispositive legal arguments which were presented to the Court
8        before such interlocutory order.

9    Civ. L.R. 7-9(b). *See also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

10   1263 (9th Cir. 1993). Plaintiff has not even attempted to identify newly discovered evidence or

11   legal authority and then explain why such evidence or legal authority could not have been

12   presented earlier. Nor has plaintiff pointed to any manifest failure by the court to consider material

13   facts or dispositive legal arguments that were timely presented to the court.

14       Second, plaintiff's argument that the court should have relied on allegations in plaintiff's

15   complaint to defeat summary judgment, *see* Dkt. No. 736 at 1-2, is unpersuasive. "A verified

16   complaint may be used as an opposing affidavit" to oppose a summary judgment motion.

17   *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). However, a purportedly verified

18   complaint is only admissible if the complaint was "based on personal knowledge and set forth

19   specific facts admissible in evidence" and the plaintiff "stated under penalty of perjury that the

20   contents were true and correct." *Id.* at 460, 460 n.10. Plaintiff does not argue that the face of the

21   operative complaint, Dkt. No. 94-1, bears any indication of verification; plaintiff instead relies on

22   a later-filed declaration.

23       The court disagrees with plaintiff's argument that a single sentence in a declaration he filed

24   turns his complaint into a verified complaint. In a declaration attached to a reply in support of his

25   own motion for summary judgment, plaintiff states: "Every fact alleged in the operative

26   complaint, #94-1, as it relates to me, is incorporated herein as though within my personal

27   knowledge and attested by me, with full force and effect here." Dkt. No. 459-1 ¶ 2. Plaintiff does

28

3

5:13-cv-00228-RMW
ORDER DENYING MOT. FOR RECONSIDERATION OF SEPT. 1, 2016 SUMMARY JUDGMENT ORDER

not swear under penalty of perjury that the contents of the operative complaint are true. Nor does

plaintiff even clearly state that he has personal knowledge of the facts in the operative complaint;

instead, he makes the confusing statement that each fact "is incorporated herein *as though within*

*my personal knowledge*." *Id.* (emphasis added). It appears that what plaintiff was attempting to do

was to incorporate by reference his entire, 253-page Revised Second Amended Complaint, Dkt.

No. 94-1, into his reply declaration. Given the size and content of the operative complaint—most

of which has nothing to do with plaintiff's claims against the defendant deputies—it is impossible

to tell which facts plaintiff was trying to incorporate. It is also impossible to tell which facts, if

any, plaintiff was swearing under penalty of perjury to be true. Plaintiff has not identified the facts

he claims defeat summary judgment. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)

("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of

triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence

that precludes summary judgment."). On these facts, the court finds that plaintiff's complaint was

not verified and was thus not admissible on summary judgment.[1]

## III.   ORDER

For the foregoing reasons, plaintiff's original and revised motions for leave to file motions

reconsideration are DENIED. A case management conference will be held with the judge who

replaces the undersigned judge following reassignment to determine a trial schedule for plaintiff's

remaining claim against Deputy Plett.

**IT IS SO ORDERED.**

Dated: October 27, 2016

_____

Ronald M. Whyte
United States District Judge

---

[1] Plaintiff does not argue that the papers he submitted in opposition to defendants' motion for summary judgment even attempted to verify his complaint. *See* Dkt. No. 449-1. The declaration cited in plaintiff's motion for reconsideration was attached to plaintiff's *reply* in support of his own motion for summary judgment. Dkt. No. 736 at 1 (citing Dkt. No. 459-1 ¶ 2). Thus, even if plaintiff's declaration had verified his complaint, the verification would have been untimely. In any event, as explained in the court's September 1, 2016 order, consideration of the complaint would not have changed the court's conclusions. *See* Dkt. No. 711 at 13, 15, 17.

4

United States District Court
Northern District of California