UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIL HIRAMANEK, et al.,

    Plaintiffs,

v.

BETH MILLER, et al.,

    Defendants.

Case No. 3:13-cv-00228-JD

**ORDER RE BILL OF COSTS**

Re: Dkt. Nos. 781-82

Pro se plaintiffs Adil and Roda Hiramanek object to the costs taxed against them as the losing parties. Dkt. No. 782. This action has traveled a long and troubled course through more than 800 individual docket entries and the courtrooms of several district and magistrate judges. It involved a multiplicity of claims against California state courts and employees, all of which have now been stricken, dismissed or adjudicated against the Hiramaneks. As Judge Whyte, who previously oversaw this matter, found in a similar case brought by Adil Hiramanek, resolution of the claims alleged here required the court and defendants "to expend excessive resources," and the lawsuit as a whole was "harassing and largely frivolous." *Hiramanek v. California Judicial Council*, No. 15-cv-4377-RMW, 2016 WL 6427870, at *8 (N.D. Cal. Oct. 31, 2016). For this and other misconduct, the Hiramaneks have been declared vexatious litigants in this district and in California state court. *Id*. at *8-9; Dkt. No. 769.

Most of the prevailing defendants agreed to bear their own attorneys' fees and costs upon dismissal. *See, e.g.,* Dkt. No. 802. Defendants Beth Miller and the Santa Clara Superior Court did not, and they filed a bill of costs seeking to recover $14,058.01 from the Hiramaneks. Dkt. No. 761. The Clerk of the Court taxed costs in the amount of $9,130.99 after disallowing a portion of the claim for transcripts under Civil Local Rule 54-3(c). Dkt. No. 781. Virtually all of the taxed costs are for transcript fees save for $394.21 in subpoena fees. *Id.*

Despite the reduction in allowed costs, the Hiramaneks filed almost 100 pages of objections. Dkt. No. 782. In overwhelming part, these objections are vituperative attacks on

judges and court personnel that have nothing at all to do with the propriety of the taxed costs. The Court strikes all of the pejorative comments in the objections and attached declaration.

For what little remains on the merits, the Hiramaneks do not offer any facts or case law that disturb the clerk's cost award. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." *See also* Civil Local Rule 54-3. As this plain language indicates, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). Because of this presumption, the district court need not give any affirmative reason or explanation for awarding costs, and bears no burden to justify routine cost awards. *Id*. at 945-46.

That is enough to confirm the taxed costs, and the Hiramaneks have not provided any reason for the Court to depart from the award. Their suggestion that costs are improper because they cannot afford to pay them is unsupported. It is true that they were granted IFP status at the start of this litigation. But IFP plaintiffs are not automatically protected from the taxation of costs in favor of the prevailing party. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The Hiramaneks did not proffer with their objections meaningful evidence of an inability to pay, and cannot skirt costs on that ground. *See Thomasson v. GC Servs. Ltd. P'ship,* No. 05-cv-940-LAB, 2007 WL 3203037, at *4 (S.D. Cal. Oct. 29, 2007).

The suggestion that they should be spared costs under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), is also ill-taken. The Supreme Court has determined that a prevailing defendant in a Title VII case can obtain attorneys' fees only when the plaintiff's action "was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This limitation is intended to ensure that plaintiffs are not unduly chilled from pursuing legitimate if ultimately unsuccessful enforcement actions. *Id*. at 421-22. The Ninth Circuit has applied the same standard to the award of costs under the ADA. *Martin v. California Dept. of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009).

This is not a safe harbor for the Hiramaneks. As an initial matter, the ADA claims were just part of the overall constellation of claims they alleged. And while the ADA claims figured against the Santa Clara Superior Court, the claim against Miller was for alleged racial discrimination only. Dkt. No. 784 at 2-3. As defendants state, the bulk of the taxed costs are attributable to the trial at which the jury found in favor of Miller on that allegation. *Id.*; *see also* Dkt. No. 758. The Hiramaneks make no effort to account for these uncontested facts, but merely assert, without foundation, a blanket immunity from costs under the ADA for all purposes.

Even if, purely for discussion purposes, the Hiramaneks' proposition were taken at face value, the Court has no trouble finding that their ADA claims were frivolous and unreasonable. The summary judgment orders dismissing the ADA claims for telephonic court appearances and other accommodations amply establish that the Hiramaneks had no basis in fact or law for a disability discrimination cause of action. Dkt. Nos. 546, 570. In addition, Judge Whyte clearly deemed this case as a whole, including the ADA claims, to be frivolous in the order finding Adil Hiramanek to be a vexatious litigant. *Hiramanek*, 2016 WL 6427870, at *8.

Costs are imposed against the Hiramaneks in the amount taxed by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: June 13, 2017

JAMES DONATO
United States District Judge